IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SUNOCO PARTNERS MARKETING & TERMINALS L.P.<br><br>             Plaintiff,<br><br>v.<br><br>POWDER SPRINGS LOGISTICS, LLC and MAGELLAN MIDSTREAM PARTNERS, L.P.<br><br>             Defendants. | C.A. 17-1390-LPS-CJB |

## DEFENDANT MAGELLAN MIDSTREAM PARTNERS, L.P.'S ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Magellan Midstream Partners, L.P. ("Magellan" or "Defendant"), by and through its attorneys, hereby answers the numbered allegations set forth in the Second Amended Complaint for Patent Infringement ("Second Amended Complaint") of Plaintiff Sunoco Partners Marketing & Terminals L.P. ("Sunoco") (D.I. 149).  Except as expressly admitted below, Defendant denies each and every allegation in Sunoco's Second Amended Complaint.  Any factual allegation admitted below is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications, or speculations that arguably follow from the admitted facts. To the extent any heading or non-numbered statements in Sunoco's Second Amended Complaint contain an allegation, Defendant denies each and every allegation therein. Defendant denies that Sunoco is entitled to the relief requested or any other relief.  This Answer is further subject to Defendants Magellan Midstream Partners, L.P. and Powder Springs Logistics, LLC's Motions to Dismiss, currently pending before this Court.  (D.I. 27; D.I. 138; *see* D.I. 164).

Specifically, Defendant answers as follows:

## PARTIES

1.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1, and on that basis, denies the same.

2.      Admitted.

3.      Admitted.

## NATURE OF THIS ACTION

4.      The allegations in Paragraph 4 state a legal conclusion, to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 4.

## JURISDICTION AND VENUE

5.      Defendant admits that the Court has subject matter jurisdiction over this action.

6.      Defendant admits the Court has personal jurisdiction over Powder Springs Logistics LLC ("Powder Springs") for the purposes of this action.

7.      Defendant admits that the Court has personal jurisdiction over Magellan for the purposes of this action.

8.      Defendant admits that venue is proper in the District of Delaware for the purposes of this action.

9.      The allegations in Paragraph 9 state a legal conclusion, to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 9.

## FACTS COMMON TO EACH CLAIM FOR RELIEF

**Powder Springs System**

10.     Admitted.

11.     Defendant admits that Colonial provides transportation services with respect to products tendered for shipment on its pipeline.  The allegation in the second sentence of Paragraph 11 states a legal conclusion to which no response is required.  Defendant admits that

2

shippers have used the Colonial pipeline to inject petroleum products into the Colonial pipeline in Houston, Texas, and at certain points of entry along the pipeline, and to remove the product from the pipeline at various destination points along the pipeline (sometimes called "terminals" or "tank farms").  Defendant is without knowledge as to the remaining allegations of Paragraph 11, and on that basis, denies the same.

12.     Defendant admits that some customers who receive gasoline at a terminal or tank farm may transfer the gasoline to tanks for later distribution.  Defendant further admits that some terminals may distribute the gasoline from the storage tank to tanker trucks for delivery at retail gas stations, or may place the gasoline back into the pipeline for further distribution.  Defendant otherwise denies the allegations in Paragraph 12.

13.     Defendant is without sufficient knowledge as to the allegations of Paragraph 13, and on that basis, denies the same.

14.     Defendant is without sufficient knowledge as to the allegations of Paragraph 14, and on that basis, denies the same.

15.     Defendant admits that blending butane with gasoline can raise the gasoline's volatility, that it may be desirable to increase the volatility of gasoline in colder months, and that adding butane may increase the overall volume of the gasoline.  Defendant otherwise denies the allegations in Paragraph 15.

16.     Defendant admits that RVP is a common measure of gasoline volatility, that state agencies and the EPA regulate the maximum allowable RVP of gasoline that will be sold at retail gas stations, that these regulations vary by regions, state and locality throughout the year, and that in some areas conventional gasoline sold between May 1 and September 15 may not exceed

an RVP of 7.8 to 9.0 psi.  Defendant is without information as to the remaining allegations of Paragraph 16, and on that basis, denies the same.

17.     Defendant admits that refineries are capable of blending butane into gasoline before gasoline is transported to terminals.  Defendant admits that because gasoline pipelines may service multiple regions with variable RVP requirements, refineries may have to limit the RVP of the gasoline to below the lowest maximum RVP allowed for the regions served by the pipeline.  Defendant admits that refineries may also have to account for other limiting factors. Defendant admits that gasoline in a pipeline being transported from a refinery to a specific terminal may have a lower RVP than the maximum allowable RVP for the particular state or locality served by that terminal.  Defendant is without information as to the remaining allegations of Paragraph 17, and on that basis, denies the same.

18.     Defendant is without information as to the allegations of Paragraph 18 and on that basis, denies the same.

19.     Defendant admits that Powder Springs is a joint venture between affiliates of Colonial and Magellan, formed to construct and operate a butane blending system at the Atlanta Junction facility, and through which Magellan has invested millions of dollars.  Defendant otherwise denies the allegations in Paragraph 19.

20.     Defendant admits that a Magellan affiliate owns an interest in Powder Springs, which was formed to construct, operate, and develop a butane blending system near Atlanta, Georgia.  The Powder Springs LLC Agreement and related agreements constitute the best evidence of the ownership arrangement.  Defendant admits that Magellan served as the construction manager and serves as the operator of the Powder Springs facility.  Defendant

admits that Powder Springs became operational in 2017.  Defendant otherwise denies the allegations in Paragraph 20.

21.     Defendant admits that the Atlanta Junction facility enables the injection of butane into gasoline as the gasoline passes through the Atlanta Junction facility on the Colonial Pipeline.  Defendant otherwise denies the allegations in Paragraph 21.

22.     Defendant admits that the Powder Springs blending system at the Atlanta Junction facility is capable of injecting butane into various gasoline pipelines passing through the Atlanta Junction facility, including stub lines to Knoxville, Bainbridge, Nashville, and Doraville, among others.  Defendant also admits that the blending system, in some circumstances, injects butane into the main pipeline as it passes through the Atlanta Junction facility.  Defendant otherwise denies the allegations in Paragraph 22.

23.     Defendant admits that it participated in the development of the Powder Springs facility to blend butane into gasoline and to sell any gasoline created to customers, with any profits or loss resulting from such sales accruing to Powder Springs.  Defendant otherwise denies the allegation in Paragraph 23.

24.     Defendant admits that the Powder Springs butane blending system was constructed and is currently operational.

25.     Denied.

**Magellan's Blending Systems**

26.      Defendant admits that Magellan owns and operates butane blending systems at the specifically listed locations in Paragraph 26.  Defendant admits that Magellan owns or operates other blending systems.  However, the allegation concerning "reasonably similar butane blending systems" states a legal conclusion to which no response is required.  Defendant otherwise denies the allegations in Paragraph 26.

27.     Defendant admits that the documents cited in Paragraph 27 recite the text as quoted.  Defendant otherwise denies the allegations in Paragraph 27.

28.     Defendant admits that Magellan utilizes certain automated equipment with its butane blending systems.  Defendant otherwise denies the allegations in Paragraph 28.

29.     Defendant admits that Madeleine McLean stated in her declaration of November 21, 2017 the text as quoted in Paragraph 29.  Defendant otherwise denies the allegations in Paragraph 29.

30.     Defendant admits Magellan stores butane at certain of its facilities for blending into gasoline.  Defendant otherwise denies the allegations in Paragraph 30.

31.     Defendant admits that Magellan posted a job opening for an Automated Instrument Technician located in Tulsa, OK or Atlanta, GA, with job responsibilities, including as quoted in Paragraph 31.  Defendant otherwise denies the allegations in Paragraph 31.

32.     Defendant admits to producing documents in this litigation, with confidentiality restrictions in accordance with the Protective Order (D.I. 92).  Defendant also admits that some of the produced documents reference blending equipment, including flow controllers, PLCs, processors, injection pumps, flow control valves, and vapor pressure analyzers. Defendant otherwise denies the allegations in Paragraph 32.

33.     Denied.

## COUNT I
### INFRINGEMENT OF U.S. PATENT NO. 9,494,948
### (Defendants' Powder Springs System and Magellan's Blending Systems)

34.     Defendant repeats its responses to Paragraphs 1 through 33.

35.     Defendant admits that the U.S. Patent No. 9,494,948 ("the '948 patent"), issued on November 15, 2016, bears the title "Versatile Systems for Continuous In-Line Blending of

Butane and Petroleum" and identifies Larry D. Mattingly and Steven M. Vanderbur as the inventors.  Defendant also admits that a copy of the '948 patent was attached as Exhibit 4 to the Second Amended Complaint.   Defendant otherwise denies the allegations in Paragraph 35.

36.    Defendant is without knowledge as to the allegations of Paragraph 36, and on that basis, denies the same.

**Powder Springs System**

37.    Denied.

38.    Admitted.

39.    Defendant admits that Powder Springs has made, used, and/or is using systems at the Atlanta Junction facility to blend butane and gasoline.  Defendant also admits that gasoline and butane have vapor pressures.  To the extent Paragraph 39 of the Second Amended Complaint implicates a legal conclusion, no further response is required.  Defendant denies having infringed any valid claim of the '948 patent.

40.    Defendant admits that paragraph 3 on page 2 of Colonial's Answer and Affirmative Defenses in the litigation *George E. Warren Corporation v. Colonial Pipeline Company*, No. 2:17-cv-01205-KM-JBC (D.N.J. July 31, 2017), ECF No. 24 ("*GEW* litigation") stated the text as quoted in Paragraph 40.  Defendant otherwise denies the allegations in Paragraph 40.

41.    Defendant admits page 4 of the Special Land Use Permit application ("SLUP application") for the Powder Springs facility recites the text as quoted in Paragraph 41.  Defendant otherwise denies the allegations in Paragraph 41.  To the extent that Paragraph 41 implicates a legal conclusion, no further response is required.

42.    The allegation in Paragraph 42 states a legal conclusion to which no response is required.  Defendant denies having infringed any valid claim of the '948 patent.

43.    Admitted.

44.    Defendant admits that certain of Defendant's butane blending systems include butane tanks.  To the extent that Paragraph 44 implicates a legal conclusion, no further response is required.  Defendant denies having infringed any valid claim of the '948 patent.

45.    Defendant admits that page 12 of the SLUP application for the Powder Springs facility recites the language as quoted in Paragraph 45.  To the extent that Paragraph 45 implicates a legal conclusion, no further response is required.  Defendant otherwise denies the allegations in Paragraph 45.

46.    Defendant admits that page 2 of the RMP for the Powder Springs facility recites the text as quoted in Paragraph 46.  Defendant otherwise denies the allegations in Paragraph 46.

47.    Defendant admits that U.S. Patent No. 9,080,111 ("the '111 patent") is assigned to Magellan.  Defendant admits that Sunoco attached a copy of the '111 patent as Exhibit 7.  Defendant admits that the '111 patent at 8:25-31 recites the language as quoted in Paragraph 47.  Defendant otherwise denies the allegations in Paragraph 47.  To the extent that Paragraph 47 implicates a legal conclusion, no further response is required.

48.    Defendant denies that the images in Paragraph 48 are complete and accurate depictions of the Powder Springs facility as of the date of the depictions.  Defendant admits the Powder Springs facility contains structures used to store butane.  To the extent Paragraph 48 implicates a legal conclusion, no further response is required.  Defendant otherwise denies the allegations in Paragraph 48

49.    The allegation in Paragraph 49 states a legal conclusion, to which no response is required.  Defendant denies having infringed any valid claim of the '948 patent.

50.    Admitted.

51.     Defendant admits that its butane blending systems involve discharging butane into gasoline.   To the extent that Paragraph 51 implicates a legal conclusion, no further response is required.  Defendant denies having infringed any valid claim of the '948 patent.

52.     Defendant admits that paragraph 3 on page 2 of Colonial's Answer and Affirmative Defenses in the *GEW* litigation recites the text as quoted in Paragraph 52. Defendant otherwise denies the allegations in Paragraph 52.  To the extent that Paragraph 52 implicates a legal conclusion, no further response is required.

53.     Defendant admits that page 12 of the SLUP application for the Powder Springs facility recites the text as quoted in Paragraph 53.  Defendant otherwise denies the allegations in Paragraph 53.  To the extent that Paragraph 53 implicates a legal conclusion, no further response is required.

54.     Defendant admits that page 2 of the RMP from the Powder Springs facility recites the language quoted in paragraph 54.  Defendant otherwise denies the allegations in Paragraph 54. To the extent that Paragraph 54 implicates a legal conclusion, no further response is required.

55.     Defendant admits that the Magellan '111 patent, at 8:25-45, recites the text as quoted in Paragraph 55.  Defendant otherwise denies the allegations in Paragraph 55.  To the extent that Paragraph 55 implicates a legal conclusion, no further response is required.

56.     Defendant denies that the images in Paragraph 56 are complete and accurate depictions of the Powder Springs facility as of the dates of the depictions.  To the extent that Paragraph 56 implicates a legal conclusion, no further response is required.

57.     Defendant denies that the images in Paragraph 57 are complete and accurate depictions of the Powder Springs facility.  To the extent that Paragraph 57 implicates a legal conclusion, no response is required.

58.     The allegation in Paragraph 58 states a legal conclusion to which no response is required.  Defendant denies having infringed any valid claim of the '948 patent.

59.     Admitted.

60.     Defendant admits that certain of Defendant's butane blending systems include vapor pressure analyzers connected to a pipe.  Defendant admits that in certain of Defendant's butane blending systems, the vapor pressure analyzer connected to the pipe is configured to determine the vapor pressure of the blend of gasoline and butane.  To the extent Paragraph 60 implicates a legal conclusion, no further response is required.  Defendant denies having infringed any valid claim of the '948 patent.

61.     Defendant admits that Magellan's butane blending systems include vapor pressure analyzers.  Defendant admits that the vapor pressure analyzers are configured to transmit vapor pressure to a processor.  To the extent Paragraph 61 implicates a legal conclusion, no further response is required.  Defendant denies having infringed any valid claim of the '948 patent.

62.     Defendant admits that paragraph 25 on page 18 of Colonial's Answer and Affirmative Defenses in the *GEW* litigation recites the text as quoted in Paragraph 62. Defendant otherwise denies the allegations in Paragraph 62.  To the extent that Paragraph 62 implicates a legal conclusion, no further response is required.

63.     Defendant admits that paragraph 6 on pages 12-13 of Colonial's Answer and Affirmative Defenses in the *GEW* litigation recites the text as quoted in Paragraph 63. Defendant otherwise denies the allegations in Paragraph 63.  To the extent that Paragraph 63 implicates a legal conclusion, no further response is required.

64.     Defendant admits that paragraph 26 on page 6 of Colonial's Answer and Affirmative Defenses in the *GEW* litigation recites the text as quoted in Paragraph 64.

Defendant otherwise denies the allegations in Paragraph 64.  To the extent that Paragraph 64 implicates a legal conclusion, no further response is required.

65.     Defendant admits that page 4 of the SLUP application for the Powder Springs facility recites the text as quoted in Paragraph 65.  Defendant otherwise denies the allegations in Paragraph 65.  To the extent that Paragraph 65 implicates a legal conclusion, no further response is required.

66.     Defendant admits that the Magellan '111 patent, at 8:25-41, recites the text as quoted in Paragraph 66.  Defendant otherwise denies the allegations in Paragraph 66.  To the extent that Paragraph 66 implicates a legal conclusion, no further response is required.

67.     Defendant denies that the images in Paragraph 67 are complete and accurate depictions of the Powder Springs facility as of the date of the depictions.  To the extent that Paragraph 67 implicates a legal conclusion, no further response is required.

68.     The allegation in Paragraph 68 states a legal conclusion to which no response is required.  Defendant denies having infringed any valid claim of the '948 patent.

69.     Admitted.

70.     Defendant admits that certain of Defendant's butane blending systems include a programmable logic controller, and that the programmable logic controller controls the flow of butane into gasoline.  To the extent Paragraph 70 implicates a legal conclusion, no further response is required.  Defendant denies having infringed any valid claim of the '948 patent.

71.     Defendant admits that page 12 of the SLUP application for the Powder Springs facility recites the language as quoted in Paragraph 71.  Defendant otherwise denies the allegations in Paragraph 71. To the extent that Paragraph 71 implicates a legal conclusion, no further response is required.

72.     Defendant admits that page 2 of the RMP for the Powder Springs facility recites the text as quoted in Paragraph 72.  Defendant otherwise denies the allegations in Paragraph 72. To the extent that Paragraph 72 implicates a legal conclusion, no further response is required.

73.     Defendant admits that the Magellan '111 patent, at 8:25-45, recites the text as quoted in Paragraph 73.  Defendant otherwise denies the allegations in Paragraph 73.  To the extent that Paragraph 73 implicates a legal conclusion, no further response is required.

74.     The allegation in Paragraph 74 states a legal conclusion to which no response is required.   Defendant denies having infringed any valid claim of the '948 patent.

75.     Admitted.

76.     Defendant admits that certain of Defendant's butane blending systems include a processor and/or a programmable logic controller.  In certain of Defendant's butane blending systems, a processor is programmed to receive a vapor pressure from a vapor pressure analyzer and determine the amount of butane to inject based on a programmed volatility limit.  In certain of Defendant's butane blending systems, a processor sends a signal to a PLC to control the butane injection.  To the extent that Paragraph 76 implicates a legal conclusion, no further response is required.  Defendant denies having infringed any valid claim of the '948 patent.

77.     Defendant admits that certain of Defendant's butane blending systems include a programmable logic controller and/or a processor.  In certain of Defendant's butane blending systems, a PLC is configured to adjust the flow of butane into the gasoline based on a signal from a processor.  To the extent that Paragraph 77 implicates a legal conclusion, no response is required.

78.     Defendant admits that paragraph 25 on page 18 of Colonial's Answer and Affirmative Defenses in the *GEW* litigation recites the text as quoted in Paragraph 78.

Defendant otherwise denies the allegations in Paragraph 78. To the extent that Paragraph 78 implicates a legal conclusion, no further response is required.

79.     Defendant admits that paragraph 6 on pages 12-13 of Colonial's Answer and Affirmative Defenses in the *GEW* litigation recites the text as quoted in Paragraph 79. Defendant otherwise denies the allegations in Paragraph 79. To the extent that Paragraph 79 implicates a legal conclusion, no further response is required.

80.     Defendant admits that paragraph 26 on page 6 of Colonial's Answer and Affirmative Defenses in the *GEW* litigation recites the text as quoted in Paragraph 80. Defendant otherwise denies the allegations in Paragraph 80. To the extent that Paragraph 80 implicates a legal conclusion, no further response is required.

81.     Defendant admits that page 4 of the SLUP application for the Powder Springs facility recites the text as quoted in Paragraph 81. Defendant otherwise denies the allegations in Paragraph 81. To the extent that Paragraph 81 implicates a legal conclusion, no further response is required.

82.     Defendant admits that the Magellan '111 patent, at 8:25-45, recites the text as quoted in Paragraph 82. Defendant otherwise denies the allegations in Paragraph 82. To the extent that Paragraph 82 implicates a legal conclusion, no further response is required.

83.     The allegation in Paragraph 83 states a legal conclusion to which no response is required. Defendant denies having infringed any valid claim of the '948 patent.

84.     Denied.

85.     Defendant admits that Magellan has had commercial dealings with Sunoco. Defendant also admits that Magellan has had knowledge of the '302 patent since August 2007.

Except as specifically admitted, Defendant denies the remainder of the allegations in Paragraph 85.  To the extent Paragraph 85 implicates a legal conclusion, no further response is required.

86.     Defendant admits that the '302 patent, the '629 patent, the '671 patent, and U.S. Patent Publication No. 2010/0084047 A1 (now the '951 patent) are cited on the face of the Magellan '111 patent.  Defendant also admits that Magellan has had knowledge of the '302 patent since 2013.  Except as specifically admitted, Defendant denies the remainder of the allegations in Paragraph 86.  To the extent Paragraph 86 implicates a legal conclusion, no response is required.

87.     Defendant admits that in 2014 the Examiner rejected various claims of the Magellan '111 patent as anticipated and/or rendered obvious by the '671 patent (U.S. Patent Publication No. 2006/0278304 A1).  Except as specifically admitted, Defendant denies the remainder of the allegations in Paragraph 87.  To the extent Paragraph 87 implicates a legal conclusion, no response is required.

88.     Defendant admits that Magellan has had commercial dealings with Sunoco. Defendant also admits that Magellan has had knowledge of the '302 patent since May 2015. Except as specifically admitted, Defendant denies the remainder of the allegations in Paragraph 88.  To the extent Paragraph 88 implicates a legal conclusion, no response is required.

89.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 89, and they are therefore denied.

90.     Defendant admits that the '948 patent is part of the same patent family as the '302, '629, '671 and '951 patents.  Defendant otherwise denies the allegations in Paragraph 90.

91.     Defendant admits to having knowledge of the '948 patent since the date Defendant was served with the Complaint (October 6, 2017).  Except as specifically admitted,

Defendant denies the remaining allegations in Paragraph 91.  To the extent Paragraph 91 implicates a legal conclusion, no response is required.

92.    Defendant admits that Defendant produces, uses, sells, and/or offers to sell gasoline blended with butane, and/or produces or uses systems or methods for the blending of butane and gasoline.  Defendant admits that documents have been produced in this litigation, with confidentiality restrictions in accordance with the Protective Order (D.I. 92).  Except as specifically admitted, Defendant denies the remaining allegations in Paragraph 92.  To the extent Paragraph 92 implicates a legal conclusion, no response is required.

93.    Denied.

94.    Denied.

**Magellan's Blending System**

95.    Denied.

96.    Admitted.

97.    Defendant admits that Magellan has made, used, and/or is using systems to blend butane with gasoline.  Defendant also admits that gasoline and butane have vapor pressures.  To the extent Paragraph 97 of the Second Amendment Complaint implicates a legal conclusion, no further response is required.  Defendant denies having infringed any valid claim of the '948 patent.

98.    The allegation in Paragraph 98 states a legal conclusion to which no response is required.  Defendant denies having infringed any valid claim of the '948 patent.

99.    Admitted.

100.    Defendant admits that certain of Magellan's butane blending systems include butane tanks.  To the extent that Paragraph 100 implicates a legal conclusion, no further response is required.

101.    Defendant admits that the RMP for the East Houston Terminal recites the text as quoted in Paragraph 101.  Defendant otherwise denies the allegations in Paragraph 101.  To the extent that Paragraph 101 implicates a legal conclusion, no further response is required.

102.    Defendant admits that the Magellan '111 patent, at 8:25-31, recites the text as quoted in Paragraph 102.  Defendant otherwise denies the allegations in Paragraph 102.  To the extent that Paragraph 102 implicates a legal conclusion, no further response is required.

103.    Defendant denies that the images in Paragraph 103 are complete and accurate depictions of the East Houston facility.  Defendant admits that the East Houston facility contains structures used to store butane.  To the extent that Paragraph 103 implicates a legal conclusion, no further response is required.

104.    The allegation in Paragraph 104 states a legal conclusion to which no response is required.  Defendant denies having infringed any valid claim of the '948 patent.

105.    Admitted.

106.    Defendant admits that Magellan's butane blending systems discharge butane into gasoline.  To the extent Paragraph 106 implicates a legal conclusion, no further response is required.  Defendant denies having infringed any valid claim of the '948 patent.

107.    Defendant admits that the RMP for the East Houston Terminal recites the text as quoted in Paragraph 107.  Defendant otherwise denies the allegations in Paragraph 107.  To the extent that Paragraph 107 implicates a legal conclusion, no further response is required.

108.    Defendant admits that the Magellan '111 patent, at 8:25-31, recites the text as quoted in Paragraph 108.  Defendant otherwise denies the allegations in Paragraph 108.  To the extent that Paragraph 108 implicates a legal conclusion, no further response is required.

109.    Defendant denies that the images in Paragraph 109 are complete and accurate depictions of the East Houston facility.  To the extent Paragraph 109 implicates a legal conclusion, no further response is required.

110.    The allegation in Paragraph 110 is a legal conclusion to which no response is required.  Defendant denies having infringed any valid claim of the '948 patent.

111.    Admitted.

112.    Defendant admits that certain of Magellan's butane blending systems include vapor pressure analyzers connected to a pipe and processors.  Defendant admits that in certain of Magellan's butane blending systems, the vapor pressure analyzer connected to the pipe is configured to determine the vapor pressure of the blend of gasoline and butane, and is capable of transmitting that vapor pressure to a processor.  To the extent Paragraph 112 states a legal conclusion, no further response is required.  Defendant denies having infringed any valid claim of the '948 patent.

113.    Defendant admits that Magellan utilizes automated equipment with its butane blending systems, including vapor pressure analyzers and processors.  Defendant also admits to producing documents in this litigation, with confidentiality restrictions in accordance with the Protective Order (D.I. 92).   To the extent Paragraph 113 states a legal conclusion, no further response is required.

114.    Defendant admits that the Magellan '111 patent, at 8:25-41, recites the text as quoted in Paragraph 114.  Defendant otherwise denies the allegations in Paragraph 114.  To the extent Paragraph 114 states a legal conclusion, no further response is required.

115.    The allegation in Paragraph 115 states a legal conclusion to which no response is required.  Defendant denies having infringed any valid claim of the '948 patent.

116.     Admitted.

117.     Defendant admits that certain of Magellan's butane blending systems include a programmable logic controller, and that the programmable logic controller controls the flow of butane into gasoline.  To the extent Paragraph 117 states a legal conclusion, no further response is required.  Defendant denies having infringed any valid claim of the '948 patent.

118.     Defendant admits that certain of Magellan's butane blending systems include programmable logic controllers, and that programmable logic controllers control the flow of butane into gasoline.  Defendant admits that documents have been produced in this litigation, with confidentiality restrictions in accordance with the Protective Order (D.I. 92).  To the extent that Paragraph 118 states a legal conclusion, no further response is required.

119.     Defendant admits that the RMP for the East Houston Terminal recites the text as quoted in Paragraph 119.  Defendant otherwise denies the allegations in Paragraph 119.  To the extent that Paragraph 119 states a legal conclusion, no further response is required.

120.     Defendant admits that the Magellan '111 patent, at 8:25-45, recites the text as quoted in Paragraph 120.  Defendant otherwise denies the allegations in Paragraph 120.  To the extent that Paragraph 120 states a legal conclusion, no further response is required.

121.     The allegation of Paragraph 121 states a legal conclusion to which no response is required.  Defendant denies having infringed any valid claim of the '948 patent.

122.     Admitted.

123.     Defendant admits that certain of Magellan's butane blending systems include a processor and/or a programmable logic controller.  In certain of Magellan's butane blending systems, a processor is programmed to receive a vapor pressure from a vapor pressure analyzer and determine the amount of butane to inject based on a programmed volatility limit.  In certain

of Magellan's butane blending systems, a processor sends a signal to a PLC to control the butane

injection.  To the extent that Paragraph 123 states a legal conclusion, no further response is

required.  Defendant denies having infringed any valid claim of the '948 patent.

124.    Defendant admits that certain of Magellan's butane blending systems include

processors and programmable logic controllers.  Defendant admits that Magellan's butane

blending systems inject butane into gasoline.  In certain of Magellan's butane blending systems,

a PLC is configured to adjust the flow of butane into the gasoline based on a signal from a

processor.  Defendant also admits that documents have been produced in this litigation, with

confidentiality restrictions in accordance with the Protective Order (D.I. 92).  To the extent that

Paragraph 124 implicates a legal conclusion, no further response is required.

125.    Defendant admits that the Magellan '111 patent, at 8:25-45, recites the text as

quoted in Paragraph 125.  Defendant otherwise denies the allegations in Paragraph 125.  To the

extent that Paragraph 125 states a legal conclusion, no further response is required.

126.    The allegation of Paragraph 126 states a legal conclusion to which no response is

required.  Defendant denies having infringed any valid claim of the '948 patent.

127.    Denied.

128.    Defendant admits that Magellan has had commercial dealings with Sunoco.

Defendant also admits that Magellan has had knowledge of the '302 patent since August 2007.

Except as specifically admitted, Defendant denies the remainder of the allegations in Paragraph

128.  To the extent Paragraph 128 implicates a legal conclusion, no further response is required.

129.    Defendant admits that the '302, '629, '671, and U.S. Patent Publication No.

2010/0084047 A1 (now the '951 patent) are cited on the face of the Magellan '111 patent.

Defendant also admits that Magellan has had knowledge of the '302 patent since 2013.  Except

as specifically admitted, Defendant denies the remainder of the allegations in Paragraph 129.  To the extent Paragraph 129 states a legal conclusion, no further response is required.

130.    Defendant admits that in 2014, the Examiner rejected various claims of the Magellan '111 patent as anticipated and/or rendered obvious by the '671 patent (U.S. Patent Publication No. 2006/0278304 A1).  Except as specifically admitted, Defendant denies the remainder of the allegations of Paragraph 130.  To the extent Paragraph 130 states a legal conclusion, no further response is required.

131.    Defendant admits that Magellan had commercial dealings with Sunoco.  Defendant also admits that Magellan has had knowledge of the '302 patent since May 2015.  Except as specifically admitted, Defendant denies the remainder of the allegations of Paragraph 131.  To the extent Paragraph 131 states a legal conclusion, no further response is required.

132.    Defendant admits that the '948 patent is part of the same patent family as the '302, '629, '671, and '951 patents.  Defendant otherwise denies the allegations in Paragraph 132.

133.    Defendant admits to having knowledge of the '948 patent since the date Defendant was served with the Complaint (October 6, 2017).  Except as specifically admitted, Defendant denies the remaining allegations in Paragraph 133.  To the extent Paragraph 133 implicates a legal conclusion, no further response is required.

134.    Defendant admits that Defendant produces, uses, sells, and/or offers to sell gasoline blended with butane, and/or makes or uses systems or methods for blending butane and gasoline.  Defendant admits that documents have been produced in this litigation with confidentiality restrictions in accordance with the Protective Order (D.I. 92).  Except as specifically admitted, Defendant denies the remaining allegations in Paragraph 134.  To the extent Paragraph 124 implicates a legal conclusion, no further response is required.

135.    Denied.

136.    Denied.

## COUNT II
### INFRINGEMENT OF U.S. PATENT NO. 9,606,548
### (Defendants' Powder Springs System and Magellan's Blending Systems)

137.    Defendant repeats its responses to Paragraphs 1 through 136.

138.    Defendant admits that U.S. Patent No. 9,606,548 ("the '548 patent"), issued on

March 28, 2017, bears the title "Versatile Systems for Continuous In-Line Blending of Butane

and Petroleum" and identifies Larry D. Mattingly and Steven M. Vanderbur as the inventors.

Defendant also admits that a copy of the '548 patent was attached as Exhibit 9 to the Second

Amended Complaint.  Defendant otherwise denies the allegations in Paragraph 138.

139.    Defendant is without knowledge as to the allegations of Paragraph 139, and on

that basis, denies the same.

**Powder Springs System**

140.    Denied.

141.    Admitted.

142.    Defendant admits that Powder Springs blends butane with gasoline at Colonial's

Atlanta Junction facility.  Defendant admits that the gasoline stream has a gasoline flow rate.  To

the extent Paragraph 142 implicates a legal conclusion, no further response is required.

143.    Defendant admits that paragraph 3 on page 2 of Colonial's Answer and

Affirmative Defenses in the *GEW* litigation recites the text as quoted in Paragraph 143.

Defendant otherwise denies the allegations in Paragraph 143.  To the extent that Paragraph 143

states a legal conclusion, no further response is required.

144.     Defendant admits that page 4 of the SLUP application for the Powder Springs facility recites the text as quoted in Paragraph 144.  Defendant otherwise denies the allegations in Paragraph 144.  To the extent that Paragraph 144 states a legal conclusion, no further response is required.

145.     The allegation in Paragraph 145 states a legal conclusion to which no response is required.  Defendant denies having infringed any valid claim of the '548 patent.

146.     Admitted.

147.     Defendant admits that certain of Defendant's butane blending systems inject butane into a gasoline stream.  To the extent Paragraph 147 implicates a legal conclusion, no further response is required.

148.     Defendant admits that paragraph 3 on page 2 of Colonial's Answer and Affirmative Defenses in the *GEW* litigation recites the text as quoted in Paragraph 148.  Defendant otherwise denies the allegations in Paragraph 148.  To the extent that Paragraph 148 states a legal conclusion, no further response is required.

149.     Defendant admits that page 12 of the SLUP application for the Powder Springs facility recites the text as quoted in Paragraph 149.  Defendant otherwise denies the allegations in Paragraph 149.  To the extent that Paragraph 149 states a legal conclusion, no further response is required.

150.     Defendant admits that the RMP from the Powder Springs facility recites the text as quoted in Paragraph 150.  Defendant otherwise denies the allegations in Paragraph 150.  To the extent that Paragraph 150 states a legal conclusion, no further response is required.

151.    Defendant admits that the Magellan '111 patent, at 8:25-39, recites the text as quoted in Paragraph 151.  Defendant otherwise denies the allegations in Paragraph 151.  To the extent that Paragraph 143 states a legal conclusion, no further response is required.

152.    Defendant denies that the images in Paragraph 152 are complete and accurate depictions of the Powder Springs facility.  Defendant admits that the Powder Springs facility contains structures used to store butane.  To the extent that Paragraph 152 implicates a legal conclusion, no further response is required.

153.    Defendant denies that the images in Paragraph 153 are complete and accurate depictions of the Powder Springs facility.  To the extent that Paragraph 153 implicates a legal conclusion, no further response is required.

154.    The allegation of Paragraph 154 states a legal conclusion to which no response is required.  Defendant denies having infringed any valid claim of the '548 patent.

155.    Admitted.

156.    Defendant admits that certain of Defendant's butane blending systems include a volatility measurement device, and the volatility measurement device is in communication with a gasoline stream and is configured to output a volatility measurement.  To the extent that Paragraph 156 implicates a legal conclusion, no further response is required.

157.    Defendant admits that paragraph 25 on page 18 of Colonial's Answer and Affirmative Defenses in the *GEW* litigation recites the text as quoted in Paragraph 157.  Defendant otherwise denies the allegations in Paragraph 157.  To the extent that Paragraph 157 states a legal conclusion, no further response is required.

158.    Defendant admits that paragraph 6 on pages 12-13 of Colonial's Answer and Affirmative Defenses in the *GEW* litigation recites the text as quoted in Paragraph 158.

Defendant otherwise denies the allegations in Paragraph 158.  To the extent that Paragraph 158 states a legal conclusion, no further response is required.

159.    Defendant admits that paragraph 26 on page 6 of Colonial's Answer and Affirmative Defenses in the *GEW* litigation recites the text as quoted in Paragraph 159. Defendant otherwise denies the allegations in Paragraph 159.  To the extent that Paragraph 159 states a legal conclusion, no further response is required.

160.    Defendant admits that page 4 of the SLUP application for the Powder Springs facility recites the text as quoted in Paragraph 160.  Defendant otherwise denies the allegations in Paragraph 160.  To the extent that Paragraph 160 states a legal conclusion, no further response is required.

161.    Defendant admits that the Magellan '111 patent, at 8:25-41, recites the text as quoted in Paragraph 161.  Defendant otherwise denies the allegations in Paragraph 161.  To the extent that Paragraph 161 states a legal conclusion, no further response is required.

162.    Defendant denies that the images in Paragraph 162 are complete and accurate depictions of the Powder Springs facility.  To the extent Paragraph 162 implicates legal conclusions, no response is required.

163.    The allegation in Paragraph 163 states a legal conclusion to which no response is required.  Defendant denies having infringed any valid claim of the '548 patent.

164.    Admitted.

165.    Defendant admits that certain of Defendant's butane blending systems include processors and volatility measurement devices for controlling the injection of butane into gasoline.  To the extent Paragraph 165 implicates a legal conclusion, no response is required.

166.     Defendant admits that Defendant's butane blending systems include a processor to assist with control on the blending process.  Defendant admits that the processor is configured to receive a volatility measurement and adjust the amount of butane injected into the gasoline stream.  To the extent Paragraph 166 implicates a legal conclusion, no response is required.

167.     Defendant admits that paragraph 25 on page 18 of Colonial's Answer and Affirmative Defenses in the *GEW* litigation recites the text as quoted in Paragraph 167. Defendant otherwise denies the allegations in Paragraph 167.  To the extent that Paragraph 167 states a legal conclusion, no further response is required.

168.     Defendant admits that paragraph 6 on pages 12-13 of Colonial's Answer and Affirmative Defenses in the *GEW* litigation recites the text as quoted in Paragraph 168. Defendant otherwise denies the allegations in Paragraph 168.  To the extent that Paragraph 168 states a legal conclusion, no further response is required.

169.     Defendant admits that paragraph 26 on page 6 of Colonial's Answer and Affirmative Defenses in the *GEW* litigation recites the text as quoted in Paragraph 169. Defendant otherwise denies the allegations in Paragraph 169.  To the extent that Paragraph 169 states a legal conclusion, no further response is required.

170.     Defendant admits that page 4 of the SLUP application for the Powder Springs facility recites the text as quoted in Paragraph 170.  Defendant otherwise denies the allegations in Paragraph 170.  To the extent that Paragraph 170 states a legal conclusion, no further response is required.

171.     Defendant admits that the Magellan '111 patent, at 8:25-45, recites the text as quoted in Paragraph 171.  Defendant otherwise denies the allegations in Paragraph 171.  To the extent that Paragraph 171 states a legal conclusion, no further response is required.

172.    The allegation in Paragraph 172 states a legal conclusion to which no response is required.  Defendant denies having infringed any valid claim of the '548 patent.

173.    Admitted.

174.    Defendant admits that Magellan's butane blending systems blend butane with gasoline.  To the extent Paragraph 174 implicates legal conclusions, no further response is required.

175.    Defendant admits that paragraph 25 on page 18 of Colonial's Answer and Affirmative Defenses in the *GEW* litigation recites the text as quoted in Paragraph 175.  Defendant otherwise denies the allegations in Paragraph 175.  To the extent that Paragraph 175 states a legal conclusion, no further response is required.

176.    Defendant admits that paragraph 6 on pages 12-13 of Colonial's Answer and Affirmative Defenses in the *GEW* litigation recites the text as quoted in Paragraph 176.  Defendant otherwise denies the allegations in Paragraph 176.  To the extent that Paragraph 176 states a legal conclusion, no further response is required.

177.    Defendant admits that page 4 of the SLUP application for the Powder Springs facility recites the text as quoted in Paragraph 177.  Defendant otherwise denies the allegations in Paragraph 177.  To the extent that Paragraph 177 states a legal conclusion, no further response is required.

178.    The allegation in Paragraph 178 states a legal conclusion to which no response is required.  Defendant denies having infringed any valid claim of the '548 patent.

179.    Denied.

180.    Defendant admits that Magellan has had commercial dealings with Sunoco.  Defendant also admits that Magellan has had knowledge of the '302 patent since August 2007.

Except as specifically admitted, Defendant denies the remainder of the allegations in Paragraph 180. To the extent Paragraph 180 implicates a legal conclusion, no further response is required.

181.    Defendant admits that the '302 patent, the '629 patent, the '671 patent, and U.S. Patent Publication No. 2010/0084047 A1 (now the '951 patent) are cited on the face of the Magellan '111 patent. Defendant also admits that Magellan has had knowledge of the '302 patent since 2013. Except as specifically admitted, Defendant denies the remainder of the allegations in Paragraph 181. To the extent Paragraph 181 implicates a legal conclusion, no further response is required.

182.    Defendant admits that in 2014 the Examiner rejected various claims of the Magellan '111 patent as anticipated and/or rendered obvious by the '671 patent (U.S. Patent Publication No. 2006/0278304 A1). Except as specifically admitted, Defendant denies the remainder of the allegations in Paragraph 182. To the extent that Paragraph 182 implicates a legal conclusion, no further response is required.

183.    Defendant admits that Magellan has had commercial dealings with Sunoco. Defendant also admits that Magellan has had knowledge of the '302 patent since May 2015. Except as specifically admitted, Defendant denies the remainder of the allegations in Paragraph 183. To the extent Paragraph 183 implicates a legal conclusion, no further response is required.

184.    Defendant admits that Sunoco made various presentations to Colonial in 2013. Except as specifically admitted, Defendant denies the remainder of the allegations in Paragraph 184. To the extent Paragraph 184 implicates a legal conclusion, no further response is required.

185.    Defendant admits that the '548 patent is part of the same patent family as the '302, '629, '671 and '951 patents. Defendant otherwise denies the allegations in Paragraph 185.

186.     Defendant admits to having knowledge of the '548 patent since the date Defendant was served with the Complaint (October 6, 2017).  Except as specifically admitted, Defendant denies the remaining allegations in Paragraph 186.  To the extent Paragraph 186 implicates a legal conclusion, no further response is required.

187.     Defendant admits that Defendant produces, uses, sells, and/or offers to sell gasoline blended with butane and/or makes or uses systems or methods for the blending of butane and gasoline.  Defendant also admits that documents have been produced in this litigation with confidentiality restrictions in accordance with the Protective Order (D.I. 92).  Except as specifically admitted, Defendant denies the remaining allegations in Paragraph 187.  To the extent that Paragraph 187 implicates a legal conclusion, no further response is required.

188.     Denied.

189.     Denied.

**Magellan's Blending Systems**

190.      Denied.

191.      Admitted.

192.     Defendant admits that Magellan uses systems for blending butane with a gasoline stream.  Defendant admits that the gasoline stream has a gasoline flow rate.  To the extent that Paragraph 192 implicates a legal conclusion, no further response is required.

193.     The allegation of Paragraph 193 states a legal conclusion to which no response is required.  Defendant denies having infringed any valid claim of the '548 patent.

194.     Admitted.

195.     Defendant admits that certain of Magellan's butane blending systems inject butane into a gasoline stream.  To the extent Paragraph 195 implicates a legal conclusion, no further response is required.

196.   The allegation of Paragraph 196 states a legal conclusion to which no response is required.  Defendant denies having infringed any valid claim of the '548 patent.

197.   Admitted.

198.   Defendant admits that certain of Magellan's butane blending systems include a volatility measurement device, and the volatility measurement device is in communication with a gasoline stream and is configured to output a volatility measurement.  To the extent Paragraph 198 implicates a legal conclusion, no further response is required.

199.   The allegation of Paragraph 199 states a legal conclusion to which no response is required.  Defendant denies having infringed any valid claim of the '548 patent.

200.   Admitted.

201.   Defendant admits that certain of Magellan's butane blending systems include processors and volatility measurement devices and blend butane with gasoline based on volatility measurements.  Defendant admits that the processor is configured to receive a volatility measurement and adjust the amount of butane injected into the gasoline stream.  To the extent Paragraph 201 implicates a legal conclusion, no further response is required.

202.   The allegation of Paragraph 202 states a legal conclusion to which no response is required.  Defendant denies having infringed any valid claim of the '548 patent.

203.   Denied.

204.   Defendant admits Magellan has had commercial dealings with Sunoco. Defendant also admits that Magellan has had knowledge of the '302 patent since August 2007. Except as specifically admitted, Defendant denies the remainder of the allegations in Paragraph 204.  To the extent Paragraph 204 implicates a legal conclusion, no further response is required.

205.    Defendant admits that the '302 patent, the '629 patent, the '671 patent, and U.S. Patent Publication No. 2010/0084047 A1 (now the '951 patent) are cited on the face of the Magellan '111 patent.  Defendant also admits that Magellan has had knowledge of the '302 patent since 2013.  Except as specifically admitted, Defendant denies the remainder of the allegations in Paragraph 204.  To the extent Paragraph 204 implicates a legal conclusion, no further response is required.

206.    Defendant admits that in 2014 the Examiner rejected various claims of the Magellan '111 patent as anticipated and/or rendered obvious by the '671 patent (U.S. Patent Publication No. 2006/0278304 A1).  Except as specifically admitted, Defendant denies the remainder of the allegations in Paragraph 206.  To the extent Paragraph 206 implicates a legal conclusion, no further response is required.

207.    Defendant admits that Magellan has had commercial dealings with Sunoco. Defendant also admits that Magellan has had knowledge of the '302 patent since May 2015. Except as specifically admitted, Defendant denies the remainder of the allegations in Paragraph 207.  To the extent Paragraph 207 implicates a legal conclusion, no further response is required.

208.    Defendant admits that the '548 patent is part of the same patent family as the '302, '629, '671 and '951 patents.  Defendant otherwise denies the allegations in Paragraph 208.

209.    Defendant admits to having knowledge of the '548 patent since the date Defendant was served with the Complaint (October 6, 2017).  Except as specifically admitted, Defendant denies the remaining allegations in Paragraph 209.  To the extent Paragraph 209 implicates a legal conclusion, no further response is required.

210.    Defendant admits that Defendant produces, uses, sells, and/or offers to sell gasoline blended with butane and/or makes or uses systems or methods for the blending of

30

butane and gasoline.  Defendant also admits that documents have been produced in this litigation

with confidentiality restrictions in accordance with the Protective Order (D.I. 92).  Except as

specifically admitted, Defendant denies the remaining allegations in Paragraph 210.  To the

extent that Paragraph 210 implicates a legal conclusion, no further response is required.

211.   Denied.

212.   Denied.

## COUNT III
### INFRINGEMENT OF U.S. PATENT NO. 9,207,686
**(Defendants' Powder Springs System and Magellan's Blending Systems)**

213.   Defendant repeats its responses to Paragraphs 1 through 212.

214.   Defendant admits that U.S. Patent No. 9,207,686 ("the '686 patent") issued on

December 8, 2015, bears the title "Versatile Systems for Continuous In-Line Blending of Butane

and Petroleum," and identifies Larry D. Mattingly and Steven M. Vanderbur as the inventors.

Defendant also admits that a copy of the '686 patent was attached as Exhibit 15 to the Second

Amended Complaint.  Defendant otherwise denies the allegations in Paragraph 214.

215.   Defendant is without knowledge as to the allegations of Paragraph 215, and on

that basis, denies the same.

**Powder Springs System**

216.   Denied.

217.   Admitted.

218.   Defendant admits that Powder Springs has made, used, and/or is using systems at

the Atlanta Junction facility to blend butane and gasoline in-line.  To the extent Paragraph 218

implicates a legal conclusion, no further response is required.

219.    Defendant admits that paragraph 3 on page 2 of Colonial's Answer and Affirmative Defenses in the *GEW* litigation stated the text as quoted in Paragraph 219. Defendant otherwise denies the allegations in Paragraph 219. To the extent that Paragraph 219 states a legal conclusion, no further response is required.

220.    The allegation in Paragraph 220 states a legal conclusion to which no response is required. Defendant denies having infringed any valid claim of the '686 patent.

221.    Admitted.

222.    Defendant admits that certain of Magellan's butane blending methods involve use of a stream of petroleum. Defendant admits that the petroleum stream has a petroleum vapor pressure and flow rate. To the extent Paragraph 222 implicates a legal conclusion, no further response is required.

223.    Defendant admits that Magellan's employee Nicholas Huff stated in a declaration the sentences quoted in Paragraph 223. Defendant otherwise denies the allegations in Paragraph 223. To the extent that Paragraph 223 states a legal conclusion, no further response is required.

224.    Defendant admits that paragraphs 5-7 on pages 12-13 of Colonial's Answer and Affirmative Defenses in the *GEW* litigation stated the text as quoted in Paragraph 224. Defendant otherwise denies the allegations in Paragraph 224. To the extent that Paragraph 224 states a legal conclusion, no further response is required.

225.    The allegation in Paragraph 225 states a legal conclusion, to which no response is required. Defendant denies having infringed any valid claim of the '686 patent.

226.    Admitted.

227.    Defendant admits that certain of Defendant's butane blending methods involve use of a stream of butane. Defendant admits that the stream of butane has a butane vapor

pressure.  To the extent Paragraph 227 implicates a legal conclusion, no further response is required.

228.    Defendant admits that butane has a vapor pressure.  To the extent Paragraph 228 implicates a legal conclusion, no further response is required.

229.    The allegation in Paragraph 229 states a legal conclusion, to which no response is required.  Defendant denies having infringed any valid claim of the '686 patent.

230.    Admitted.

231.    Defendant admits that certain of Defendant's butane blending methods include providing a target vapor pressure.  To the extent Paragraph 231 implicates a legal conclusion, no further response is required.

232.    Defendant admits that Magellan's employee Nicholas Huff stated in a declaration the sentences quoted in Paragraph 232.  Defendant otherwise denies the allegations in Paragraph 232.  To the extent that Paragraph 232 states a legal conclusion, no further response is required.

233.    Defendant admits that in the Answering Brief in Opposition to Sunoco's Motion for a Preliminary Injunction, Defendants made the statement quoted in Paragraph 233.  Defendant otherwise denies the allegations in Paragraph 233.  To the extent that Paragraph 233 states a legal conclusion, no further response is required.

234.    Defendant admits that certain of Defendant's butane blending methods involve providing a target vapor pressure.  To the extent Paragraph 234 implicates a legal conclusion, no further response is required.

235.    The allegation in Paragraph 235 states a legal conclusion, to which no response is required.  Defendant denies having infringed any valid claim of the '686 patent.

236.    Admitted.

237.    Denied.

238.    Defendant admits that Magellan's employee Nicholas Huff stated in a declaration the sentences quoted in Paragraph 238.  Defendant otherwise denies the allegations in Paragraph 238.  To the extent that Paragraph 238 states a legal conclusion, no further response is required.

239.    Defendant admits that in the Answering Brief in Opposition to Sunoco's Motion for a Preliminary Injunction, Defendants made the statement quoted in Paragraph 239. Defendant otherwise denies the allegations in Paragraph 239.  To the extent that Paragraph 239 states a legal conclusion, no further response is required.

240.    Defendant admits that paragraph 6 on pages 12-13 of Colonial's Answer and Affirmative Defenses in the *GEW* litigation recites the text as quoted in Paragraph 240. Defendant otherwise denies the allegations in Paragraph 240.  To the extent that Paragraph 240 states a legal conclusion, no further response is required.

241.    Defendant admits that documents have been produced in this litigation, with confidentiality restrictions in accordance with the Protective Order (D.I. 92).  Defendant otherwise denies the allegations in Paragraph 241.  To the extent Paragraph 241 states a legal conclusion, no response is required.

242.    The allegation in Paragraph 242 states a legal conclusion, to which no response is required.  Defendant denies having infringed any valid claim of the '686 patent.

243.    Admitted.

244.    Admitted.

245.    Defendant admits that Magellan's employee Nicholas Huff stated in a declaration the sentences quoted in Paragraph 245.  Defendant otherwise denies the allegations in Paragraph 245.  To the extent that Paragraph 245 states a legal conclusion, no further response is required.

246.     Defendant admits that in the Answering Brief in Opposition to Sunoco's Motion for a Preliminary Injunction, Defendant made the statement quoted in Paragraph 246.  Defendant otherwise denies the allegations in Paragraph 246.  To the extent that Paragraph 246 states a legal conclusion, no further response is required.

247.     Defendant admits that paragraph 6 on pages 12-13 of Colonial's Answer and Affirmative Defenses in the *GEW* litigation recites the text as quoted in Paragraph 247. Defendant otherwise denies the allegations in Paragraph 247.  To the extent that Paragraph 247 states a legal conclusion, no further response is required.

248.     Admitted.

249.     The allegation in Paragraph 249 states a legal conclusion, to which no response is required.  Defendant denies having infringed any valid claim of the '686 patent.

250.     Denied.

251.     Defendant admits that Magellan has had commercial dealings with Sunoco. Defendant also admits that Magellan has had knowledge of the '302 patent since August 2007. Except as specifically admitted, Defendant denies the remainder of the allegations in Paragraph 251.  To the extent Paragraph 251 implicates a legal conclusion, no further response is required.

252.     Defendant admits that the '302 patent; the '629 patent; the '671 patent; and U.S. Patent Publication No. 2010/0084047 A1 (now the '951 patent) are cited on the face of the Magellan '111 patent.  Defendant also admits that Magellan has had knowledge of the '302 patent since 2013.  Except as specifically admitted, Defendant denies the remainder of the allegations in Paragraph 252.  To the extent Paragraph 252 implicates a legal conclusion, no response is required.

253.     Defendant admits that in 2014 the Examiner rejected various claims of the Magellan '111 patent as anticipated and/or rendered obvious by the '671 patent (U.S. Patent Publication No. 2006/0278304 A1).  Except as specifically admitted, Defendant denies the remainder of the allegations in Paragraph 253.  To the extent Paragraph 253 implicates a legal conclusion, no response is required.

254.     Defendant admits that Magellan has had commercial dealings with Sunoco. Defendant also admits that Magellan has had knowledge of the '302 patent since May 2015. Except as specifically admitted, Defendant denies the remainder of the allegations in Paragraph 254.  To the extent Paragraph 254 implicates a legal conclusion, no response is required.

255.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 255 and they are therefore denied.

256.     Defendant admits that the '686 patent is part of the same family as the '302, '629, '671, and '951 patents.  Defendant otherwise denies the allegations in Paragraph 256.

257.     Defendant admits to having knowledge of the '686 patent at least as of the date of the First Amended Complaint (August 2, 2018).  Except as specifically admitted, Defendant denies the remaining allegations in Paragraph 257.

258.     Denied.

259.     Denied.

260.     Denied.

**Magellan's Blending Systems**

261.     Denied.

262.     Defendant admits that the preamble of claim 16 recites "[a] method for in-line blending of gasoline and a volatility modifying agent.

263.    Defendant admits that Magellan has made, used, and/or is using systems to blend butane and gasoline in-line.  To the extent Paragraph 263 implicates a legal conclusion, no further response is required.

264.    The allegation in Paragraph 264 states a legal conclusion, to which no response is required.  Defendant denies having infringed any valid claim of the '686 patent.

265.    Admitted.

266.    Defendant admits that certain of Magellan's butane blending methods involve use of a stream of petroleum.  Defendant admits that the petroleum stream has a petroleum vapor pressure and flow rate.  To the extent Paragraph 266 implicates a legal conclusion, no further response is required.

267.    Defendant admits that the RMP for the East Houston terminal recites the text as quoted in Paragraph 267.  Defendant admits that the RMP for Chattanooga II Terminal and Greensboro II Terminal recites the text as quoted in Paragraph 267.  Defendant otherwise denies the allegations in Paragraph 267.  To the extent that Paragraph 267 states a legal conclusion, no further response is required.

268.    Defendant admits that the Magellan '111 patent, at 8:25-39, recites the text as quoted in Paragraph 268.  Defendant otherwise denies the allegations in Paragraph 268.  To the extent that Paragraph 268 implicates a legal conclusion, no further response is required.

269.    The allegation in Paragraph 269 states a legal conclusion, to which no response is required.  Defendant denies having infringed any valid claim of the '686 patent.

270.    Admitted.

271.    Defendant admits that certain of Magellan's butane blending methods involve use of a stream of butane.  Defendant admits that the stream of butane has a butane vapor pressure. To the extent Paragraph 271 implicates a legal conclusion, no response is required.

272.    The allegation in Paragraph 272 states a legal conclusion, to which no response is required.  Defendant denies having infringed any valid claim of the '686 patent.

273.    Admitted.

274.    Defendant admits that certain of Magellan's butane blending methods include providing a target vapor pressure.  To the extent Paragraph 274 implicates a legal conclusion, no further response is required.

275.    The allegation in Paragraph 275 states a legal conclusion, to which no response is required.  Defendant denies having infringed any valid claim of the '686 patent.

276.    Admitted.

277.    Denied.

278.    Defendant admits that certain of Magellan's systems include processors. Defendant admits that documents have been produced in this litigation, with confidentiality restrictions in accordance with the Protective Order (D.I. 92).  Defendant denies the remaining allegations in Paragraph 278.  To the extent Paragraph 278 states a legal conclusion, no response is required.

279.    Defendant admits that the Magellan '111 patent, at 8:25-45, recites the text as quoted in Paragraph 279.  Defendant otherwise denies the allegations in Paragraph 279.  To the extent that Paragraph 279 states a legal conclusion, no further response is required.

280.    The allegation in Paragraph 280 states a legal conclusion, to which no response is required.  Defendant denies having infringed any valid claim of the '686 patent.

281.    Admitted.

282.    Admitted.

283.    Defendant admits that certain of Magellan's systems include online analyzers. Defendant admits that in certain of Magellan's systems, online analyzers measure the vapor pressure of the blended gasoline stream and transmit the vapor pressure to a processor. Defendant admits that documents have been produced in this litigation, with confidentiality restrictions in accordance with the Protective Order (D.I. 92).  To the extent Paragraph 283 implicates a legal conclusion, no response is required.

284.    Defendant admits that the Magellan '111 patent, at 8:25-41, recites the text as quoted in Paragraph 284.  Defendant otherwise denies the allegations in Paragraph 284.  To the extent Paragraph 284 implicates a legal conclusion, no further response is required.

285.    The allegation in Paragraph 285 states a legal conclusion, to which no response is required.  Defendant denies having infringed any valid claim of the '686 patent.

286.    Denied.

287.    Defendant admits that Magellan has had commercial dealings with Sunoco. Defendant also admits that Magellan has had knowledge of the '302 patent since August 2007. Except as specifically admitted, Defendant denies the remainder of the allegations in Paragraph 287.  To the extent Paragraph 287 implicates a legal conclusion, no further response is required.

288.    Defendant admits that the '302 patent; the '629 patent; the '671 patent; and U.S. Patent Publication No. 2010/0084047 A1 (now the '951 patent) are cited on the face of the Magellan '111 patent.  Defendant also admits that Magellan has had knowledge of the '302 patent since 2013.  Except as specifically admitted, Defendant denies the remainder of the

allegations in Paragraph 288.  To the extent Paragraph 288 implicates a legal conclusion, no further response is required.

289.    Defendant admits that in 2014 the Examiner rejected various claims of the Magellan '111 patent as anticipated and/or rendered obvious by the '671 patent (U.S. Patent Publication No. 2006/0278304 A1).  Except as specifically admitted, Defendant denies the remainder of the allegations in Paragraph 289.  To the extent Paragraph 289 implicates a legal conclusion, no response is required.

290.    Defendant admits that Magellan has had commercial dealings with Sunoco. Defendant also admits that Magellan has had knowledge of the '302 patent since May 2015. Except as specifically admitted, Defendant denies the remainder of the allegations in Paragraph 290.  To the extent Paragraph 290 implicates a legal conclusion, no response is required.

291.    Defendant admits that the '686 patent is part of the same family as the '302, '629, '671, and '951 patents.  Defendant otherwise denies the allegations in Paragraph 291.

292.    Defendant admits to having knowledge of the '686 patent since the date of the First Amended Complaint (August 2, 2018).  Except as specifically admitted, Defendant denies the remaining allegations in Paragraph 292.

293.    Denied.

294.    Denied.

295.    Denied.

## COUNT IV
### INFRINGEMENT OF U.S. PATENT NO. 6,679,302
### (Magellan's Blending Systems)

296.    Defendant repeats its responses to Paragraphs 1 through 295.

297.    Defendant admits that U.S. Patent No. 6,679,302 ("the '302 patent") issued on January 20, 2004, bears the title "Method and System For Blending Gasoline and Butane At The Point Of Distribution," and identifies Larry D. Mattingly and Steven M. Vanderbur as the inventors.  Defendant also admits that a copy of the '302 patent was attached as Exhibit 16 to the Second Amended Complaint.  Defendant otherwise denies the allegations in Paragraph 297.

298.    Defendant is without knowledge as to the allegations of Paragraph 298, and on that basis, denies the same.

**Powder Springs System**

299.    Denied.

300.    Admitted.

301.    Defendant admits that Powder Springs has made, used, and/or is using systems and methods at the Atlanta Junction facility for blending butane and gasoline using a processor. To the extent Paragraph 301 implicates a legal conclusion, no further response is required.

302.    The allegation in Paragraph 302 states a legal conclusion, to which no response is required.  Defendant denies having infringed any valid claim of the '302 patent.

303.    Admitted.

304.    Defendant admits that certain of Defendant's butane blending methods include receiving a gasoline volatility measurement at a processor.  To the extent that Paragraph 304 implicates a legal conclusion, no further response is required.

305.    The allegation in Paragraph 305 states a legal conclusion, to which no response is required.  Defendant denies having infringed any valid claim of the '302 patent.

306.    Admitted.

307.    Denied.

308.     Defendant admits that Magellan's employee Nicholas Huff stated in a declaration the sentences quoted in Paragraph 308.  Defendant otherwise denies the allegations in Paragraph 308.  To the extent that Paragraph 308 states a legal conclusion, no further response is required.

309.     Defendant admits that in the Answering Brief in Opposition to Sunoco's Motion for a Preliminary Injunction, Defendant made the statement quoted in Paragraph 309.  Defendant otherwise denies the allegations in Paragraph 309.  To the extent that Paragraph 309 states a legal conclusion, no further response is required.

310.     Defendant admits that paragraph 6 on pages 12-13 of Colonial's Answer and Affirmative Defenses in the *GEW* litigation recites the text as quoted in Paragraph 310. Defendant otherwise denies the allegations in Paragraph 310.  To the extent that Paragraph 310 states a legal conclusion, no further response is required.

311.     Defendant admits that documents have been produced in this litigation, with confidentiality restrictions in accordance with the Protective Order (D.I. 92).  Defendant otherwise denies the allegations in Paragraph 311.  To the extent Paragraph 311 states a legal conclusion, no response is required.

312.     The allegation in Paragraph 312 states a legal conclusion, to which no response is required.  Defendant denies having infringed any valid claim of the '302 patent.

313.     Admitted.

314.     Defendant admits that certain of Defendant's butane blending methods include receiving a target gasoline volatility value at the processor.  To the extent Paragraph 314 implicates a legal conclusion, no further response is required.

315.     The allegation in Paragraph 315 states a legal conclusion, to which no response is required.  Defendant denies having infringed any valid claim of the '302 patent.

42

316.     Admitted.

317.     Denied.

318.     Defendant admits that certain of Defendant's butane blending methods include receiving a target gasoline volatility value at the processor.  To the extent Paragraph 318 implicates a legal conclusion, no further response is required.

319.     The allegation in Paragraph 319 states a legal conclusion, to which no response is required.  Defendant denies having infringed any valid claim of the '302 patent.

320.     Denied.

321.     Defendant admits that Magellan has had commercial dealings with Sunoco. Defendant also admits that Magellan has had knowledge of the '302 patent since August 2007. Except as specifically admitted, Defendant denies the remainder of the allegations in Paragraph 321.  To the extent Paragraph 321 implicates a legal conclusion, no further response is required.

322.     Defendant admits that the '302 patent; the '629 patent; the '671 patent; and U.S. Patent Publication No. 2010/0084047 A1 (now the '951 patent) are cited on the face of Magellan's '111 patent.  Defendant also admits to having knowledge of the '302 patent since 2013.  Except as specifically admitted, Defendant denies the remainder of the allegations in Paragraph 322.  To the extent Paragraph 322 implicates a legal conclusion, no response is required.

323.     Defendant admits that Magellan has had commercial dealings with Sunoco. Defendant also admits that Magellan has had knowledge of the '302 patent since May 2015. Except as specifically admitted, Defendant denies the remainder of the allegations in Paragraph 323.  To the extent Paragraph 323 implicates a legal conclusion, no response is required.

324.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 324 and they are therefore denied.

325.     Defendant admits to having knowledge of the '302 patent since the date of the First Amended Complaint (August 2, 2018).  Except as specifically admitted, Defendant denies the remaining allegations in Paragraph 325.

326.     Denied.

327.     Denied.

328.     Denied.

**Magellan's Blending Systems**

329.     Denied.

330.     Admitted.

331.     Defendant admits that Magellan has been and is still using systems for blending gasoline and butane at its terminals.

332.     The allegation in Paragraph 332 states a legal conclusion, to which no response is required.  Defendant denies having infringed any valid claim of the '302 patent.

333.     Admitted.

334.     Denied.

335.     Defendant denies that the images in Paragraph 335 are complete and accurate depictions of the East Houston Terminal.  To the extent the allegation in Paragraph 335 implicates a legal conclusion, no response is required.

336.     Defendant admits that the RMP for the East Houston terminal contains the statements quoted in Paragraph 336.  Defendant admits that the RMP for Chattanooga II Terminal and Greensboro II Terminal contain the statements quoted in Paragraph 336. Defendant

otherwise denies the allegations in Paragraph 336.  To the extent that Paragraph 336 states a legal conclusion, no further response is required.

337.    The allegation in Paragraph 337 states a legal conclusion, to which no response is required.  Defendant denies having infringed any valid claim of the '302 patent.

338.    Admitted.

339.    Defendant admits that certain of Magellan's butane blending systems include a tank of butane.   To the extent that Paragraph 339 states a legal conclusion, no further response is required.

340.    The allegation in Paragraph 340 states a legal conclusion, to which no response is required.  Defendant denies having infringed any valid claim of the '302 patent.

341.    Admitted.

342.    Defendant admits that certain of Magellan's butane blending systems include a blending unit that is located at a tank farm, and is downstream of and in fluid connection with a gasoline stream.  Defendant otherwise denies the allegations in Paragraph 342.

343.    Defendant admits that the RMP for the East Houston terminal contains the statements quoted in Paragraph 343.  Defendant otherwise denies the allegations in Paragraph 343.  To the extent that Paragraph 336 states a legal conclusion, no further response is required.

344.    Defendant admits that certain of Magellan's systems for blending butane into gasoline include automated equipment such as processors, PLCs, and control valves.  To the extent the allegation in Paragraph 344 implicates a legal conclusion, no response is required.

345.    Defendant admits that the Magellan '111 patent, at 8:25-45, recites the text as quoted in Paragraph 345.  Defendant otherwise denies the allegations in Paragraph 345.  To the extent Paragraph 345 implicates a legal conclusion, no further response is required.

346.   Defendant denies that the images in Paragraph 346 are complete and accurate depictions of the East Houston Terminal.  To the extent the allegation in Paragraph 346 implicates a legal conclusion, no response is required.

347.   The allegation in Paragraph 347 states a legal conclusion, to which no response is required.  Defendant denies having infringed any valid claim of the '302 patent.

348.   Admitted.

349.   Defendant admits that certain of Magellan's terminals include a truck rack.  To the extent Paragraph 349 implicates a legal conclusion, no further response is required.

350.   Defendant admits that the RMP for the East Houston terminal contains the statements quoted in Paragraph 350.  Defendant admits that the RMP for Chattanooga II Terminal and Greensboro II Terminal contain the statements quoted in Paragraph 350.  Defendant otherwise denies the allegations in Paragraph 350.  To the extent that Paragraph 350 states a legal conclusion, no further response is required.

351.   Defendant admits that documents have been produced in this litigation, with confidentiality restrictions in accordance with the Protective Order (D.I. 92).  The allegation in Paragraph 351 implicates a legal conclusion, to which no response is required.  Defendant denies having infringed any valid claim of the '302 patent.

352.   Defendant denies that the images in Paragraph 352 are a complete and accurate depiction of any of Magellan's facilities.  To the extent that Paragraph 352 states a legal conclusion, no further response is required.

353.   The allegation in Paragraph 353 states a legal conclusion, to which no response is required.  Defendant denies having infringed any valid claim of the '302 patent.

354.   Admitted.

355.     Defendant admits that certain of Magellan's butane blending systems include a processor.  To the extent Paragraph 355 implicates a legal conclusion, no further response is required.

356.     Defendant admits that certain of Magellan's butane blending systems include automated equipment such as processors and PLC's.  To the extent Paragraph 356 implicates a legal conclusion, no further response is required.

357.     Defendant admits that the Magellan '111 patent, at 8:25-45, recites the text as quoted in Paragraph 357.  Defendant otherwise denies the allegations in Paragraph 357.  To the extent Paragraph 357 implicates a legal conclusion, no further response is required.

358.     The allegation in Paragraph 358 states a legal conclusion, to which no response is required.  Defendant denies having infringed any valid claim of the '302 patent.

359.     Admitted.

360.     Defendant admits that certain of Magellan's butane blending systems include a processor.  Defendant admits that certain of Magellan's butane blending methods involve blending butane and gasoline to achieve a vapor pressure that complies with state and federal regulations.  To the extent Paragraph 360 implicates a legal conclusion, no further response is required.

361.     Defendant admits that certain of Magellan's butane blending systems include automated equipment such as processors and PLC's.  Defendant admits that certain of Magellan's butane blending methods involve blending butane and gasoline to achieve a vapor pressure that complies with state and federal regulations.  To the extent Paragraph 361 implicates a legal conclusion, no further response is required.

362.    Defendant admits that the Magellan '111 patent, at 8:25-45, recites the text as quoted in Paragraph 362.  Defendant otherwise denies the allegations in Paragraph 362.  To the extent Paragraph 362 implicates a legal conclusion, no further response is required.

363.    The allegation in Paragraph 363 states a legal conclusion, to which no response is required.  Defendant denies having infringed any valid claim of the '302 patent.

364.    Denied.

365.    Defendant admits that Magellan has had commercial dealings with Sunoco. Defendant also admits that Magellan has had knowledge of the '302 patent since August 2007. Except as specifically admitted, Defendant denies the remainder of the allegations in Paragraph 365.  To the extent Paragraph 365 implicates a legal conclusion, no further response is required.

366.    Defendant admits that the '302 patent is cited on the face of the Magellan '111 patent.  Defendant also admits that Magellan has had knowledge of the '302 patent since 2013. Except as specifically admitted, Defendant denies the remainder of the allegations in Paragraph 366.  To the extent Paragraph 366 implicates a legal conclusion, no further response is required.

367.    Defendant admits that Magellan has had commercial dealings with Sunoco. Defendant also admits that Magellan has had knowledge of the '302 patent since May 2015. Except as specifically admitted, Defendant denies the remainder of the allegations in Paragraph 367.  To the extent Paragraph 367 implicates a legal conclusion, no further response is required.

368.    Defendant admits to having knowledge of the '302 patent since the date of the First Amended Complaint (August 2, 2018).  Except as specifically admitted, Defendant denies the remaining allegations in Paragraph 368.

369.    Denied.

370.    Denied.

371.     Denied.

## COUNT V

### INFRINGEMENT OF U.S. PATENT NO. 7,032,629
### (Magellan's Blending Systems)

372.     Defendant repeats its responses to Paragraphs 1 through 371.

373.     Defendant admits that U.S. Patent No. 7,032,629 ("the '629 patent") issued on

April 25, 2006, bears the title "Method and System For Blending Gasoline And Butane At The

Point Of Distribution" and identifies Larry D. Mattingly and Steven M. Vanderbur as the

inventors.  Defendant also admits that a copy of the '629 patent was attached as Exhibit 17 to the

Second Amended Complaint.  Defendant otherwise denies the allegations in Paragraph 373.

374.     Defendant is without knowledge as to the allegations of Paragraph 374, and on

that basis, denies the same.

375.     Denied.

376.     Admitted.

377.     Defendant admits that Magellan has made and used systems to blend butane and

gasoline that include using a computer-implemented method.  To the extent Paragraph 377

implicates a legal conclusion, no further response is required.

378.     Defendant admits that certain of Magellan's systems for blending butane and

gasoline include automated equipment, such as processors and PLCs.  To the extent Paragraph

378 implicates a legal conclusion, no further response is required.

379.     The allegation in Paragraph 379 states a legal conclusion, to which no response is

required.  Defendant denies having infringed any valid claim of the '629 patent.

380.     Admitted.

381.     Denied.

382.   Denied.

383.   Defendant admits that the Magellan '111 patent, at 12:54-13:34, recites the text as quoted in Paragraph 383.  Defendant otherwise denies the allegations in Paragraph 383.  To the extent that Paragraph 383 implicates a legal conclusion, no further response is required.

384.   The allegation in Paragraph 384 states a legal conclusion, to which no response is required.  Defendant denies having infringed any valid claim of the '629 patent.

385.   Admitted.

386.   Defendant admits that in certain of Magellan's butane blending methods, a blend rate is determined and used to blend a butane stream and a gasoline stream.  To the extent Paragraph 386 implicates a legal conclusion, no further response is required.

387.   Defendant admits that certain of Magellan's systems for blending butane and gasoline include automated equipment, such as processors and PLCs.  Defendant further admits that in certain of Magellan's butane blending methods, a blend rate is determined and used to blend a butane stream and a gasoline stream.  To the extent Paragraph 387 implicates a legal conclusion, no further response is required.

388.   Defendant admits that the Magellan '111 patent, at 13:35-38, recites the text as quoted in Paragraph 388.  Defendant otherwise denies the allegations in Paragraph 388.  To the extent that Paragraph 388 implicates a legal conclusion, no further response is required.

389.   The allegation in Paragraph 389 states a legal conclusion, to which no response is required.  Defendant denies having infringed any valid claim of the '629 patent.

390.   Admitted.

391.   Defendant admits that certain of Magellan's systems include using a PLC for adjusting the butane stream to flow into a gasoline stream at a determined blend rate.  Defendant

further admits that certain of Magellan's terminals have a truck rack.  To the extent Paragraph 391 implicates a legal conclusion, no further response is required.

392.   Defendant admits that certain of Magellan's systems for blending butane and gasoline include automated equipment, such as processors and PLCs.  Defendant further admits that certain of Magellan's systems include using a PLC for adjusting the butane stream to a certain blend rate.  To the extent Paragraph 392 implicates a legal conclusion, no further response is required.

393.   Defendant admits that certain of Magellan's terminals have a truck rack.  To the extent Paragraph 393 implicates a legal conclusion, no further response is required.

394.   Defendant admits that the Magellan '111 patent, at 14:22-28, recites the text as quoted in Paragraph 394.  Defendant otherwise denies the allegations in Paragraph 394.  To the extent that Paragraph 394 implicates a legal conclusion, no further response is required.

395.   The allegation in Paragraph 395 states a legal conclusion, to which no response is required.  Defendant denies having infringed any valid claim of the '629 patent.

396.   Admitted.

397.   Defendant admits that certain of Magellan's systems include taking a measurement of the vapor pressure of the blended gasoline stream and butane stream.  To the extent Paragraph 397 implicates a legal conclusion, no further response is required.

398.   Defendant admits that certain of Magellan's systems for blending butane and gasoline include automated equipment, such as processors and PLCs.  Defendant further admits that certain of Magellan's systems include automated equipment which measures and/or receives the vapor pressure of the blended gasoline stream.  To the extent Paragraph 398 implicates a legal conclusion, no further response is required.

399.    Defendant admits that the Magellan '111 patent, at 14:22-28, recites the text as quoted in Paragraph 399.  Defendant otherwise denies the allegations in Paragraph 399.  To the extent that Paragraph 399 implicates a legal conclusion, no further response is required.

400.    The allegation in Paragraph 400 states a legal conclusion, to which no response is required.  Defendant denies having infringed any valid claim of the '629 patent.

401.    Denied.

402.    Defendant admits that Magellan has had commercial dealings with Sunoco. Defendant also admits that Magellan has had knowledge of the '302 patent since August 2007. Except as specifically admitted, Defendant denies the remainder of the allegations in Paragraph 402.  To the extent Paragraph 402 implicates a legal conclusion, no further response is required.

403.    Defendant admits that the '629 patent is cited on the face of the Magellan '111 patent.  Except as specifically admitted, Defendant denies the remainder of the allegations in Paragraph 403.  To the extent Paragraph 403 implicates a legal conclusion, no further response is required.

404.    Defendant admits that in 2014 the Examiner rejected various claims of the Magellan '111 patent as anticipated and/or rendered obvious by the '671 patent (U.S. Patent Publication No. 2006/0278304 A1).  Except as specifically admitted, Defendant denies the remainder of the allegations in Paragraph 403.  To the extent Paragraph 404 implicates a legal conclusion, no response is required.

405.    Defendant admits that Magellan has had commercial dealings with Sunoco. Defendant also admits that Magellan has had knowledge of the '302 patent since May 2015. Except as specifically admitted, Defendant denies the remainder of the allegations in Paragraph 405.  To the extent Paragraph 405 implicates a legal conclusion, no response is required.

406.    Defendant admits to having knowledge of the '629 patent since the date of the First Amended Complaint (August 2, 2018).  Except as specifically admitted, Defendant denies the remaining allegations in Paragraph 406.

407.    Denied.

408.    Denied.

409.    Denied.

## PRAYER FOR RELIEF

410.    Defendant denies that Sunoco is entitled to the relief requested in Paragraph 410.

## JURY DEMAND

In accordance with Fed. R. Civ. P. 38 and 39, Defendant asserts its rights under the Seventh Amendment to the United States Constitution and demands a trial by jury on all issues that may be so tried.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses.  Defendant expressly reserves the right to allege additional defenses as they become known through discovery or otherwise.

### First Affirmative Defense

Defendant has not infringed, and does not infringe, any of the claims of the '948, '548, '686, '302, and '629 patents, literally, under the doctrine of equivalents, directly, indirectly, or in any other manner.

### Second Affirmative Defense

All claims of the '948, '548, '686, '302, and '629 patents are invalid for failure to meet one or more of the conditions of patentability specified in 35 U.S.C § 101 et seq., including, without limitation, §§ 102, 103, and/or 112.

### Third Affirmative Defense

The claims of the '948 patent are invalid as obvious under the judicially created doctrine of obviousness type double patenting over the claims of the '302, '629, '686, and/or '548 patents.

### Fourth Affirmative Defense

To the extent Plaintiff relies on the doctrine of equivalents to allege infringement, Plaintiff's claims are barred because the asserted scope of the equivalency encompasses or ensnares the prior art.  *See Wilson Sporting Goods Co. v. David Geoffrey & Assocs.*, 904 F.2d 677, 684 (Fed. Cir. 1990).  By way of example, to the extent Plaintiff asserts or construes any claim of the '302 and '629 patents to cover feedback methods, those methods are described in at least the following prior art patents: U.S. Patent No. 3,530,867 ("Hass"), U.S. Patent No. 3,484,590 ("Stanton"), U.S. Patent No. 3,999,959 ("Bajek"), U.S. Patent No. 3,276,460 ("Feld I"), U.S. Patent No. 3,385,680 ("Feld II") and U.S. Patent No. 4,543,819 ("Chin").

### Fifth Affirmative Defense

Plaintiff is equitably estopped from asserting the '302 and '629 patents against Magellan. In 2006, Magellan began plans to expand its butane blending operations into the southeastern United States.  Around that time, Texon approached Magellan about buying Texon's "turn key" butane blending system which was "patent proven".  (Ex. A, MAG_SUN_00022318, Texon LP: Butane Blending Presentation to Magellan).  Texon submitted an estimate of what it would cost to install one of Texon's rack butane blending systems at Magellan's Chattanooga facility.  (Ex. B, MAG_SUN_00003330).  Magellan made repeated requests for quality control data to substantiate Texon's claims that the Texon technology blended according to given specifications. (Ex. C, MAG_SUN_00000508; MAG_SUN_00022329). Texon never provided the requested data.  (Ex. D, MAG_SUN_00022151).

In mid-late 2007, Magellan rejected Texon's proposal to install a rack butane blending system at Magellan's Chattanooga facility.  Magellan instead installed one of Magellan's own in-line butane blending systems.  At that time, upon hearing that Magellan declined to install Texon's rack butane blending system, Texon said nothing about Magellan's in-line butane blending systems infringing the '302 and '629 patents for butane blending at the rack.

Over the next ten years, Magellan installed in-line butane blending systems at other southeastern terminals including Chattanooga, Greensboro, and PSL.  During that time, Magellan purchased butane from Texon and Sunoco for blending at its terminals in the southeast.

Neither Texon nor Sunoco said anything to Magellan to suggest that Magellan's in-line butane blending systems infringed the '302 and '629 patents until Sunoco filed this patent lawsuit after losing the bid to partner with Colonial to build a blending system at PSL.

Magellan relied on Texon and Sunoco's silence and subsequent butane sales to Magellan to expand its butane blending systems into Greensboro and Chattanooga and ultimately to build PSL.  If Sunoco were allowed to proceed with its charge of infringement, Magellan would be economically prejudiced by its inability to recoup its substantial capital investment in building the new systems and facilities and loss of increased sales.

### Sixth Affirmative Defense

Plaintiff is not entitled to injunctive relief because any injury to it is not irreparable and can be adequately compensated by monetary damages, and it has an adequate remedy at law for any claims it can prove.

### Seventh Affirmative Defense

Plaintiff cannot satisfy the requirements applicable to its request to be awarded damages pursuant to 35 U.S.C. § 284.

### Eighth Affirmative Defense

Plaintiff cannot satisfy the requirements applicable to its request to be awarded reasonable attorneys' fees and costs pursuant to 35 U.S.C. § 285.

### Ninth Affirmative Defense

Plaintiff's claims are barred in whole or in part by 35 U.S.C. § 286.

### Tenth Affirmative Defense

Plaintiff's claims for relief are limited by failure to comply with the marking and notice requirements of 35 U.S.C. § 287.

## COUNTERCLAIMS

Counterclaim-Plaintiff Magellan Midstream Partners, L.P. ("Magellan" or "Defendant") alleges as follows for its counterclaims against Counterclaim-Defendant Sunoco Partners Marketing & Terminals L.P. ("Sunoco"):

## PARTIES

1.      Defendant Magellan is a limited partnership organized under the laws of the State of Delaware, with a principal place of business located in Tulsa, Oklahoma.

2.      On information and belief, Sunoco is a limited partnership organized under the law of the State of Texas, with its principal place of business in the United States at 3807 W. Chester Pike, Newton Square, Pennsylvania 19073.

## JURISDICTION AND VENUE

3.      These counterclaims arise under the patent laws of the United States, 35 U.S.C. § 101 et seq. and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 2201, 2202, 1331, and 1338.

4.       Sunoco is subject to the personal jurisdiction of this Court because Sunoco is the named plaintiff and consented to the jurisdiction of this Court by filing is Second Amended Complaint for patent infringement here, in response to which these counterclaims are asserted.

5.       Venue is proper under 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

### FIRST COUNTERCLAIM FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 9,494,948

6.       Defendant realleges and incorporates by reference Paragraphs 1-6 of these Counterclaims.

7.       By virtue of the Second Amended Complaint (D.I. 149), an actual and justiciable controversy exists between Sunoco and Defendant relating to the '948 patent.

8.       Defendant has not and does not directly or indirectly infringe any valid claim of the '948 patent.

9.       Accordingly, Defendant requests that the Court declare that Defendant does not infringe any claims of the '948 patent, either directly, indirectly, or under the doctrine of equivalents.

### SECOND COUNTERCLAIM FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 9,606,548

10.      Defendant realleges and incorporates by reference Paragraphs 1-10 of these Counterclaims.

11.      By virtue of the Second Amended Complaint (D.I. 149), an actual and justiciable controversy exists between Sunoco and Defendant relating to the '548 patent.

12.      Defendant has not and does not directly or indirectly infringe any valid claim of the '548 patent.

13.     Accordingly, Defendant requests that the Court declare that Defendant does not infringe any claims of the '548 patent, either directly, indirectly, or under the doctrine of equivalents.

### THIRD COUNTERCLAIM FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 9,207,686

14.     Defendant realleges and incorporates by reference Paragraphs 1-14 of these Counterclaims.

15.     By virtue of the Second Amended Complaint (D.I. 149), an actual and justiciable controversy exists between Sunoco and Defendant relating to the '686 patent.

16.     Defendant has not and does not directly or indirectly infringe any valid claim of the '686 patent.

17.     Accordingly, Defendant requests that the Court declare that Defendant does not infringe any claims of the '686 patent, either directly, indirectly, or under the doctrine of equivalents.

### FOURTH COUNTERCLAIM FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 6,679,302

18.     Defendant realleges and incorporates by reference Paragraphs 1-18 of these Counterclaims.

19.     By virtue of the Second Amended Complaint (D.I. 149), an actual and justiciable controversy exists between Sunoco and Defendant relating to the '302 patent.

20.     Defendant has not and does not directly or indirectly infringe any valid claim of the '302 patent.

21.     Accordingly, Defendant requests that the Court declare that Defendant does not infringe any claims of the '302 patent, either directly, indirectly, or under the doctrine of equivalents.

## FIFTH COUNTERCLAIM FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 7,032,629

22.     Defendant realleges and incorporates by reference Paragraphs 1-22 of these Counterclaims.

23.     By virtue of the Second Amended Complaint (D.I. 149), an actual and justiciable controversy exists between Sunoco and Defendant relating to the '629 patent.

24.     Defendant has not and does not directly or indirectly infringe any valid claim of the '629 patent.

25.     Accordingly, Defendant requests that the Court declare that Defendant does not infringe any claims of the '629 patent, either directly, indirectly, or under the doctrine of equivalents.

## SIXTH COUNTERCLAIM FOR DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 9,494,948

26.     Defendant realleges and incorporates by reference Paragraphs 1-26 of these Counterclaims.

27.     By virtue of the Second Amended Complaint (D.I. 149), an actual and justiciable controversy exists between Sunoco and Defendant relating to the validity of the '948 patent.

28.     The claims of the '948 patent are invalid for failure to meet one or more conditions of patentability specified in Title 35 of the United States Code, including, without limitation, sections 101, 102 and/or 103.

29.     The claims of the '948 patent are invalid under 35 U.S.C. § 101 as directed to unpatentable subject matter.

30.     The claims of the '948 patent are invalid under 35 U.S.C. §§ 102 and/or 103 as anticipated or obvious over the prior art, including but not limited to, U.S. Patent No. 3,530,867 ("Hass"), U.S. Patent No. 3,484,590 ("Stanton"), U.S. Patent No. 3,999,959 ("Bajek"), U.S.

59

Patent No. 3,276,460 ("Feld I"), U.S. Patent No. 3,385,680 ("Feld II") and U.S. Patent No. 4,543,819 ("Chin").

31.     The claims of the '948 patent are further invalid under 35 U.S.C. §§ 102 and/or 103 in view of Magellan's prior use blending operations at facilities in Oklahoma City-Reno, Oklahoma; Carthage, Missouri; Des Moines, Iowa; Allen, Oklahoma; and Kansas City, Kansas.

32.     The claims of the '948 patent are also invalid under 35 U.S.C. §§ 102 and/or 103 in view of MCE Blending, LCC's sale/offer to sell a system and method for blending gasoline and butane at a tank farm to Equilon Enterprise LLC ("Equilon") and the Kerr-McGee system.

33.     The claims of the '948 patent are further invalid as obvious under the judicially created doctrine of obviousness type double patenting over the claims of the '302, '629, '686, and/or '548 patents.

34.     Accordingly, Defendant requests that the Court declare that the claims of the '948 patent are invalid.

## SEVENTH COUNTERCLAIM FOR DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 9,606,548

35.     Defendant realleges and incorporates by reference Paragraphs 1-34 of these Counterclaims.

36.     By virtue of the Second Amended Complaint (D.I. 149), an actual and justiciable controversy exists between Sunoco and Defendant relating to the validity of the '548 patent.

37.     The claims of the '548 patent are invalid for failure to meet one or more conditions of patentability specified in Title 35 of the United States Code, including, without limitation, sections 101, 102 and/or 103.

38.     The claims of the '548 patent are invalid under 35 U.S.C. § 101 as directed to unpatentable subject matter.

39.     The claims of the '548 patent are invalid under 35 U.S.C. §§ 102 and/or 103 as anticipated or obvious over the prior art, including but not limited to, U.S. Patent No. 3,530,867 ("Hass"), U.S. Patent No. 3,484,590 ("Stanton"), U.S. Patent No. 3,999,959 ("Bajek"), U.S. Patent No. 3,276,460 ("Feld I"), U.S. Patent No. 3,385,680 ("Feld II") and U.S. Patent No. 4,543,819 ("Chin").

40.     The claims of the '548 patent are further invalid under 35 U.S.C. §§ 102 and/or 103 in view of Magellan's prior use blending operations at facilities in Oklahoma City-Reno, Oklahoma; Carthage, Missouri; Des Moines, Iowa; Allen, Oklahoma; and Kansas City, Kansas.

41.     The claims of the '548 patent are also invalid under 35 U.S.C. §§ 102 and/or 103 in view of MCE Blending, LCC's sale/offer to sell a system and method for blending gasoline and butane at a tank farm to Equilon Enterprise LLC and in view of the Kerr-McGee system.

42.     Accordingly, Defendant requests that the Court declare that the claims of the '548 patent are invalid.

## EIGHTH COUNTERCLAIM FOR DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 9,207,686

43.     Defendant realleges and incorporates by reference Paragraphs 1-42 of these Counterclaims.

44.     By virtue of the Second Amended Complaint (D.I. 149), an actual and justiciable controversy exists between Sunoco and Defendant relating to the validity of the '686 patent.

45.     The claims of the '686 patent are invalid for failure to meet one or more conditions of patentability specified in Title 35 of the United States Code, including, without limitation, sections 101, 102 and/or 103.

46.     The claims of the '686 patent are invalid under 35 U.S.C. § 101 as directed to unpatentable subject matter.

47.    The claims of the '686 patent are invalid under 35 U.S.C. §§ 102 and/or 103 as anticipated or obvious over the prior art, including but not limited to, U.S. Patent No. 3,530,867 ("Hass"), U.S. Patent No. 3,484,590 ("Stanton"), U.S. Patent No. 3,999,959 ("Bajek"), U.S. Patent No. 3,276,460 ("Feld I"), U.S. Patent No. 3,385,680 ("Feld II") and U.S. Patent No. 4,543,819 ("Chin").

48.    The claims of the '686 patent are further invalid under 35 U.S.C. §§ 102 and/or 103 in view of Magellan's prior use blending operations at facilities in Oklahoma City-Reno, Oklahoma; Carthage, Missouri; Des Moines, Iowa; Allen, Oklahoma; and Kansas City, Kansas.

49.    The claims of the '686 patent are also invalid under 35 U.S.C. §§ 102 and/or 103 in view of MCE Blending, LCC's sale/offer to sell a system and method for blending gasoline and butane at a tank farm to Equilon Enterprise LLC and the Kerr-McGee system.

50.    Accordingly, Defendant requests that the Court declare that the claims of the '686 patent are invalid.

## NINTH COUNTERCLAIM FOR DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 6,679,302

51.    Defendant realleges and incorporates by reference Paragraphs 1-50 of these Counterclaims.

52.    By virtue of the Second Amended Complaint (D.I. 149), an actual and justiciable controversy exists between Sunoco and Defendant relating to the validity of the '302 patent.

53.    The claims of the '302 patent are invalid for failure to meet one or more conditions of patentability specified in Title 35 of the United States Code, including, without limitation, sections 101, 102, 103, and/or 112.

54.    The claims of the '302 patent are invalid under 35 U.S.C. § 101 as directed to unpatentable subject matter.

55.     The claims of the '302 patent are invalid under 35 U.S.C. §§ 102 and/or 103 as anticipated or obvious over the prior art, including but not limited to, U.S. Patent No. 3,530,867 ("Hass"), U.S. Patent No. 3,484,590 ("Stanton"), U.S. Patent No. 3,999,959 ("Bajek"), U.S. Patent No. 3,276,460 ("Feld I"), U.S. Patent No. 3,385,680 ("Feld II") and U.S. Patent No. 4,543,819 ("Chin").

56.     The claims of the '302 patent are further invalid under 35 U.S.C. §§ 102 and/or 103 in view of Magellan's prior use blending operations at facilities in Oklahoma City-Reno, Oklahoma; Carthage, Missouri; Des Moines, Iowa; Allen, Oklahoma; and Kansas City, Kansas.

57.     The claims of the '302 patent are also invalid under 35 U.S.C. §§ 102 and/or 103 in view of MCE Blending, LCC's sale/offer to sell a system and method for blending gasoline and butane at a tank farm to Equilon Enterprise LLC and the Kerr-McGee system.

58.     Claims 18 and 23 of the '302 patent are invalid under 35 U.S.C. § 112 as indefinite because they fail to inform those skilled in the art of the scope of the invention with reasonable certainty.

59.     To the extent the claims of the '302 patent cover automated in line butane blending in a transportation pipeline, they are further invalid under 35 U.S.C. § 112 for lack of written description and enablement.

60.     Accordingly, Defendant requests that the Court declare that the claims of the '302 patent are invalid.

## TENTH COUNTERCLAIM FOR DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 7,032,629

61.     Defendant realleges and incorporates by reference Paragraphs 1-60 of these Counterclaims.

62.     By virtue of the Second Amended Complaint (D.I. 149), an actual and justiciable controversy exists between Sunoco and Defendant relating to the validity of the '629 patent.

63.     The claims of the '629 patent are invalid for failure to meet one or more conditions of patentability specified in Title 35 of the United States Code, including, without limitation, sections 101, 102, 103, and/or 112.

64.     The claims of the '629 patent are invalid under 35 U.S.C. § 101 as directed to unpatentable subject matter.

65.     The claims of the '629 patent are invalid under 35 U.S.C. §§ 102 and/or 103 as anticipated or obvious over the prior art, including but not limited to, U.S. Patent No. 3,530,867 ("Hass"), U.S. Patent No. 3,484,590 ("Stanton"), U.S. Patent No. 3,999,959 ("Bajek"), U.S. Patent No. 3,276,460 ("Feld I"), U.S. Patent No. 3,385,680 ("Feld II") and U.S. Patent No. 4,543,819 ("Chin").

66.     The claims of the '629 patent are further invalid under 35 U.S.C. §§ 102 and/or 103 in view of Magellan's prior use blending operations at facilities in Oklahoma City-Reno, Oklahoma; Carthage, Missouri; Des Moines, Iowa; Allen, Oklahoma; and Kansas City, Kansas.

67.     The claims of the '629 patent are also invalid under 35 U.S.C. §§ 102 and/or 103 in view of MCE Blending, LCC's sale/offer to sell a system and method for blending gasoline and butane at a tank farm to Equilon Enterprise LLC and the Kerr-McGee system.

68.     To the extent the claims of the '629 patent cover automated in line butane blending in a transportation pipeline, they are invalid under 35 U.S.C. § 112 for lack of written description and enablement.

69.     Accordingly, Defendant requests that the Court declare that the claims of the '629 patent are invalid.

## DEMAND FOR JURY TRIAL

Defendant demands a jury trial for all issues triable to a jury.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment and seek the following relief:

A.      A declaratory judgment that Defendant does not infringe and has not infringed, directly or indirectly, any claim of the patents-in-suit, either literally or under the doctrine of equivalents;

B.      A declaratory judgment that all claims of the patents-in-suit are invalid;

C.      A declaratory judgment that all claims of the patents-in-suit are unenforceable;

D.      That Sunoco's Second Amended Complaint be dismissed with prejudice, with Sunoco taking nothing by its Second Amended Complaint;

E.      A judgment in Defendant's favor that Sunoco is not entitled to any relief with respect to its allegations against Defendant;

F.      That the Court find this case exceptional under 35 U.S.C. § 285 and award Defendant its reasonable attorneys' fees and costs of suit; and

G.      That the Court award Defendant such other and further relief as the Court may deem just and proper.

Dated:  April 1, 2019              FISH & RICHARDSON P.C.

By:  */s/ Nitika Gupta Fiorella*
    Douglas E. McCann (#3852)
    Martina Tyreus Hufnal (#4771)
    Nitika Gupta Fiorella (#5898)
    222 Delaware Avenue, 17th Floor
    Wilmington, DE 19801
    (302) 652-5070
    dmcann@fr.com; hufnal@fr.com

    Joseph A. Herriges
    FISH & RICHARDSON P.C.
    3200 RBC Plaza
    60 South Sixth Street
    Minneapolis, MN 55402
    Telephone:  (612) 337-2579
    herriges@fr.com

**ATTORNEYS FOR DEFENDANT**
**MAGELLAN MIDSTREAM PARTNERS, L.P.**