IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SUNOCO PARTNERS MARKETING & TERMINALS L.P., <br><br> Plaintiff, <br><br> v. <br><br> POWDER SPRINGS LOGISTICS, LLC, and MAGELLAN MIDSTREAM PARTNERS, L.P. <br><br> Defendants. | Civil Action No. 17-1390-LPS-CJB |

## REPORT AND RECOMMENDATION

Pending before the Court in this patent infringement case is Defendants Powder Springs Logistics, LLC ("Powder Springs") and Magellan Midstream Partners, L.P.'s ("Magellan," and collectively with Powder Springs, "Defendants") motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (the "Motion"). (D.I. 138) Defendants argue that the patents asserted by Plaintiff Sunoco Partners Marketing & Terminals L.P. ("Sunoco" or "Plaintiff") are directed to patent-ineligible subject matter pursuant to 35 U.S.C. § 101 and that Plaintiff's allegations of willful infringement fail to meet the *Twombly/Iqbal* pleading standard. This Report and Recommendation will address the Motion as it relates to Plaintiff's allegations of willful infringement only.[1]  For the reasons that follow, the Court recommends that the Motion be DENIED.

I.  **BACKGROUND**

   A.  **Factual Background**

---

[1] The Court will address the remaining portions of the Motion in a subsequent Report and Recommendation.

This is a patent case arising from Plaintiff's allegations that Defendants infringe five of Plaintiff's patents. Those patents are United States Patent Nos. 9,494,948 (the "'948 patent"), 9,606,548 (the "'548 patent"), 9,207,686 (the "'686 patent"), 6,679,302 (the "'302 patent"), 7,032,629 (the "'629 patent") (collectively, "the asserted patents" or "the patents-in-suit"). The patents-in-suit relate to the blending of butane and gasoline. The Court hereby incorporates the summary of the technology at issue and of the patents-in-suit that is set out in its January 8, 2018 Report and Recommendation. (D.I. 68 at 1-8)

**B.     Procedural Background**

On October 4, 2017, Plaintiff filed the original Complaint asserting direct infringement and willful infringement of the '948 and '548 patents (the "original patents-in-suit"). (D.I. 1)[2] Two days later, Plaintiff filed a motion for a preliminary injunction, (D.I. 6), which was later denied, (D.I. 68; D.I. 141).

Defendants filed a first motion to dismiss ("first motion to dismiss") on November 15, 2017, arguing that the original patents-in-suit claim patent-ineligible subject matter. (D.I. 27) At that time, Defendants did not argue that the Complaint's allegations of willful infringement (regarding infringement of the original patents-in-suit) were deficient. (*Id.*) The parties fully briefed that first motion to dismiss, (D.I. 29; D.I. 45; D.I. 56), and on December 8, 2017, the Court held oral argument on the first motion to dismiss and on Plaintiff's motion for a preliminary injunction.

On August 2, 2018, before the Court had decided Defendants' first motion to dismiss, the parties stipulated to Plaintiff's filing of a First Amended Complaint ("FAC"). (D.I. 128; D.I.

---

[2]     Chief Judge Leonard P. Stark has referred this case to the Court to hear and resolve all pretrial matters, up to and including case-dispositive motions. (D.I. 15)

132) The FAC added allegations of direct infringement and willful infringement of the '686, '302, and '629 patents (the "new patents-in-suit"). (D.I. 132)

On September 17, 2018, Defendants filed the instant Motion (also referred to herein as the "second motion to dismiss"). (D.I. 138) Four days after Plaintiff filed its answering brief regarding the second motion to dismiss, (D.I. 145), the parties stipulated to the filing of a Second Amended Complaint ("SAC"), (D.I. 148). The parties also stipulated that "the briefing filed in connection with such Motions[] shall apply to Plaintiff's Second Amended Complaint[.]" (*Id.* at 1) The SAC (which is largely similar to the FAC, but includes, *inter alia*, some new allegations regarding direct and willful infringement) was filed thereafter on October 9, 2018 and is now Plaintiff's operative pleading. (D.I. 149)

Briefing on the instant Motion was completed on October 15, 2018. (D.I. 153) The Court heard oral argument on the Motion on November 30, 2018. (D.I. 197 (hereinafter, "Tr."))

## II.   STANDARD OF REVIEW

### A.   Motion to Dismiss Under Rule 12(b)(6)

When presented with a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the court separates the factual and legal elements of a claim, accepting "all of the complaint's well-pleaded facts as true, but [disregarding] any legal conclusions." *Id.* at 210-11. Second, the court determines "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

A plausible claim does more than merely allege entitlement to relief; it must also demonstrate the basis for that "entitlement with its facts." *Id.* Thus, a claimant's "obligation to

3

provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In assessing the plausibility of a claim, the court must "construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler*, 578 F.3d at 210 (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)).

### B. Pleading Willful Infringement After *Halo*

In *Välinge Innovation AB v. Halstead New England Corp.*, Civil Action No. 16-1082-LPS-CJB, 2018 WL 2411218 (D. Del. May 29, 2018), the Court considered what a plaintiff must plead as to a claim of willful infringement in order to survive a motion to dismiss. *Välinge*, 2018 WL 2411218, at *2-13. As explained in *Välinge*, the Supreme Court of the United States significantly altered how district courts assess willful infringement claims with its decision in *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 136 S. Ct. 1923 (2016). *Id.* at *3. In *Välinge*, the Court concluded that, based on *Halo*, a plaintiff need not plead facts demonstrating "egregious" patent infringement in order to sufficiently state a claim for willful infringement. *Id.* at *6. Rather, "in order to sufficiently plead willful infringement, a plaintiff must allege facts plausibly showing that as of the time of the claim's filing, the accused infringer: (1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent." *Id.* at *13.

### III. DISCUSSION

Below, the Court will first address whether Defendants have waived their argument that certain of Plaintiff's willfulness allegations may be deemed insufficient pursuant to this Rule

12(b)(6) motion. Thereafter, the Court will assess the merits of Defendants' Motion as to Plaintiff's pre-complaint and post-complaint willful infringement allegations.

### A.  Waiver

Plaintiff argues, citing Federal Rule of Civil Procedure 12(g)(2), that "Defendants' Motion is barred" with respect to the original patents-in-suit (i.e., the '948 and '548 patents). (D.I. 145 at 16 (emphasis omitted)) Rule 12(g)(2) states that: "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). According to Plaintiff, because Defendants' first motion to dismiss failed to argue that Plaintiff's willful infringement allegations regarding the original patents-in-suit were insufficiently pleaded—even though that defense was then available to Defendants—Rule 12(g)(2) requires denial of the Motion as to those willful infringement claims that were later again contained in the FAC (and now, again in the SAC). (D.I. 145 at 16-17)

Plaintiff is correct. When Defendants filed the first motion to dismiss, they had every opportunity to argue that Plaintiff's willful infringement allegations in the Complaint were wanting. But, for whatever reason, they did not. And with the filing of the FAC and the SAC, Plaintiff made those same willful infringement allegations again as to the two patents-at-issue. Thus, pursuant to Rule 12(g)(2), Defendants should not be allowed to raise this previously-available argument in a subsequent Rule 12(b)(6) motion. Contrary to Defendants' assertions, Plaintiff's subsequent filing of the FAC and the SAC does not grant Defendants a fresh opportunity to revive arguments that were previously available to them, but that Defendants failed to press. *See Leyse v. Bank of Am. Nat'l Ass'n*, 804 F.3d 316, 320-22 & n.5 (3d Cir. 2015) (finding that when defendant filed a second Rule 12(b)(6) motion to dismiss asserting that the

plaintiff lacked statutory standing, but where defendant could have and did not raise such a defense in its prior Rule 12(b)(6) motion, the district court committed "error" in nevertheless considering that statutory standing argument); *Chan v. Cty. of Lancaster*, Civil Action No. 10-cv-03424, 2012 WL 4510776, at *13 (E.D. Pa. Sept. 28, 2012) (finding a motion to dismiss waived as to certain claims because each of the original complaint, amended complaint, and second amended complaint contained those claims, but defendant did not seek to dismiss the claims until after the filing of the second amended complaint); *GCL, LLC v. Schwab*, Civil Action No. 11-04593, 2012 WL 4321972, at *3-4 (E.D. Pa. Sept. 21, 2012); *see also* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1388 (3d ed. 2019) ("The filing of an amended complaint will not revive the right to present by motion defenses that were available but were not asserted in timely fashion prior to the amendment of pleading[.]").

The Court recognizes that, as Defendants argue, (D.I. 153 at 10), Rule 12(g)(2) (by way of its citation to Rule 12(h)(2)) would have still permitted Defendants to challenge the claims-at-issue "in any pleading allowed or ordered under Rule 7(a)[,]" "by a motion under Rule 12(c)[,]" or "at trial[,]" Fed. R. Civ. P. 12(h)(2). And the Court acknowledges, as Defendants note, (D.I. 153 at 10), that some other courts in this same position have, for efficiency's sake, nevertheless gone on to consider the plausibility of claims that (under a strict reading of Rule 12(g)(2)) should live on to fight another day. *See Wright v. Providence Care Ctr., LLC*, CIVIL ACTION NO. 17-747, 2018 WL 1759464, at *4-5 (W.D. Pa. Apr. 12, 2018); *In re Westinghouse Secs. Litig.*, No. Civ. A. 91-354, 1998 WL 119554, at *6 (W.D. Pa. Mar. 12, 1998) ("[G]iven the lack of waiver and the fact that the defendant's defenses will still require adjudication in any event, many courts permit the defense of failure to state a claim upon which relief can be granted to be asserted in a subsequent motion as a means of preventing unnecessary delay in the proceedings.") (citing

cases). However, the instant Motion is not one filed pursuant to Rule 7(a) or Rule 12(c), nor was it made "at trial[.]" And the United States Court of Appeals for the Third Circuit has pretty clearly stated that in such circumstances, the Court should "enforce Rule 12(g)(2)" and decline to commit error by analyzing the claims under *Twombly/Iqbal*, even if the Court's "failure to do so is [harmless and thus] not a ground for reversal[.]" *Leyse*, 804 F.3d at 322 n.5 (explaining that taking this path, "over the long term, . . . may motivate defendants to consolidate their arguments in a single pre-answer motion"). The Court does not want to commit error, nor does it want to disregard the Third Circuit's guidance, even for the sake of expediency.

However, because the FAC and SAC added allegations of willful infringement regarding the new patents-in-suit, the current Motion was the first opportunity for Defendants to raise Rule 12(b)(6)-type defenses against *those* allegations. Accordingly, Defendants' motion is not barred as to the new patents-in-suit. 5C Wright and Miller § 1388 ("A significant qualification on the application of Federal Rule 12(g) is that a party is only required to consolidate Rule 12 defenses and objections that were 'available to the party but omitted from its earlier motion.'"); (D.I. 145 at 16 (Plaintiff limiting its waiver argument to "the '948 and '548 patents")) The Court will thus go on to analyze the plausibility of the willful infringement claims relating to those patents.

B. **Pre-Suit Willful Infringement Allegations Regarding the New Patents-In-Suit**

The Court first assesses Defendants' challenge to Plaintiff's allegations of willful infringement as to the '686 patent, the '302 patent and the '629 patent with regard to pre-filing conduct—i.e., conduct occurring before the FAC and the SAC were filed. Here, Defendants do not contest that in the SAC,[3] Plaintiff sufficiently pleaded that Defendants knew of the new

---

[3] As the SAC is now Plaintiff's operative pleading, the Court will look to its allegations in resolving this part of the Motion.

patents-in-suit prior to this litigation or that Defendants were then infringing those patents. Instead, Defendants challenge the sufficiency of the allegations only as to the third willfulness element: i.e., they argue that Plaintiff did not plausibly allege that, prior to the filing of the FAC and the SAC, Defendants knew, or should have known, that their conduct amounted to infringement of the three patents. (D.I. 139 at 16-18; D.I. 153 at 11-13; Tr. at 104)

The Court disagrees. Again, it is not disputed that prior to the start of this litigation, Defendants knew of the three new patents-in-suit. Beyond that, though, the following can also be understood or readily inferred from the allegations at issue:

> (1) Defendants were well familiar with these patents for quite a long time prior to the FAC's 2018 filing, in that: (a) the '302 patent, the '629 patent and the parent patent of the '686 patent were all cited by a Magellan patent as of 2013; (b) a patent Examiner referenced the parent patent of the '686 patent in rejecting claims of a Magellan patent in 2014; (c) the '302 patent and its patent family was discussed in "commercial dealings between Sunoco and Magellan" since "at least 2006 or 2007" and again in or around "May 2015"; (d) Sunoco's patented blending systems and its butane blending patents were referenced or discussed in presentations Sunoco gave to Powder Springs' joint venture partner Colonial in 2013 regarding licensing of Sunoco's patented blending systems; and (e) the '686 patent, which issued in 2015, is part of the same patent family as the '302 patent and the '629 patent, and shares an identical specification with its parent patent referenced above.
>
> (2) Defendants were very familiar with their competitor Sunoco and its business for years prior to the filing of the FAC, having directly (or via their joint venture partners), *inter alia*, engaged in licensing negotiations with Sunoco, considered and participated in other commercial dealings with Sunoco and its predecessor, and evaluated Sunoco's butane blending capabilities.
>
> (3) Despite this familiarity with the patents, with their competitor Sunoco's business, and with butane blending operations generally, it is alleged that Defendants continued to make, use,

>sell and/or offer to sell gasoline blended with butane and/or systems or methods for the blending of butane and gasoline and that they thus infringed the new patents-in-suit "willful[ly] and deliberate[ly]."

(*See, e.g.*, D.I. 149 at ¶¶ 10-33, 85-89, 92, 128-31, 134, 180-84, 187, 204-07, 210, 251-58, 293, 321-26, 365-69, 402-07; Plaintiff's Hearing Presentation, Slides 83-85, 92-93; D.I. 145 at 17-18)[4] Now, it would have been helpful had Plaintiff included more details in the SAC about the nature of the "commercial dealings" or "presentations" that are referenced above. Its failure to do so turned what might well have been an easy call into a close question. But taking the above-referenced facts in the light most favorable to Plaintiff, the Court concludes it is plausible that, at the time of the SAC's filing, Defendants (for years prior) well knew and understood: (1) the substance of their competitor's new patents-in-suit; (2) how their own accused methods and systems worked (as alleged in the SAC); and (3) why it is that those methods and systems were actually infringing the claims of these patents.

The Court acknowledges that the SAC does *not* allege that, prior to this litigation, Plaintiff sent Defendants a letter asserting that Defendants' now-accused methods and systems

---

[4] In its briefing, Plaintiff attempted to further support its allegations with additional facts/documents that were not found in the FAC or the SAC (i.e., regarding allegations that Magellan had engaged in "years of licensing negotiations" from 2003 to 2008 with Texon, Sunoco's predecessor, for use of the patented system, or that Magellan "acquired a terminal from a prior licensee" and subsequently became a Sunoco licensee as to activity at that terminal). (D.I. 145 at 19-20) Because these specific facts are not clearly referenced in the FAC or the SAC, or in attachments thereto, the Court cannot consider them here in resolving this Rule 12(b)(6) Motion. *See In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (noting that when reviewing a Rule 12(b)(6) motion, district courts must generally consider only material in a complaint or material integral to or explicitly relied upon in the complaint); *M2M Sols. LLC v. Telit Commc'ns PLC*, Civil Action No. 14-1103-RGA, 2015 WL 4640400, at *3 (D. Del. Aug. 5, 2015) ("'[i]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss'") (quoting *Com. of Pa. ex rel. Zimmerman v. PepsiCo. Inc.*, 836 F.2d 173, 181 (3d Cir.1988)); (D.I. 153 at 12).

were infringing, or spelling out exactly why it is that Plaintiff thought that this was occurring. But in the Court's view, that type of explicit pre-suit allegation (while certainly very helpful to a patentee when pleading willful infringement) is not absolutely required in order to demonstrate that an accused infringer "knew or should have known that what it was doing (and what it continued to do) amounted to infringement of that patent." *Välinge*, 2018 WL 2411218, at *13 (noting that an analysis as to this showing necessarily requires an assessment of "the totality of the patentee's allegations" and that successful allegations could "come in many different forms"); *see also* (Tr. at 115-16). Here, based on what is alleged, it is plausible that Defendants—sophisticated competitors of Plaintiff who had long-standing, significant insight into the patents-at-issue and the technology articulated therein—consciously and deliberately infringed those patents thereafter in the relevant time frame.[5]

---

[5] *See Univ. of Mass. Med. Sch. v. L'Oreal S.A.*, Civil Action No. 17-868-CFC-SRF, 2018 WL 5919745, at *8-9 (D. Del. Nov. 13, 2018) (finding that plaintiff had sufficiently pleaded willful infringement where it alleged that defendant had referenced one patent-in-suit as well as the application that issued as the other patent-in-suit in a provisional patent application years before, and that defendant's agent had contacted a co-inventor years before to discuss the patents-in-suit and to discuss licensing of the patented technology), *report and recommendation adopted*, 2019 WL 2151701 (D. Del. May 17, 2019); (Tr. at 110-11 (the Court suggesting that there "could . . . be something about the nature of the industry that these . . . parties are in, the nature of the relative experience of the parties and their employees when it comes to [understanding why what they are doing may amount to infringement]" that may demonstrate evidence of knowledge of infringement in this context); *see also id.* at 122-24); *cf. Elm 3DS Innovations, LLC v. Samsung Elecs. Co.*, Civil Action No. 14-1430-LPS-CJB, 2015 WL 5725768, at *4 (D. Del. Sept. 29, 2015) (finding that plaintiff had sufficiently pleaded that defendants had knowledge of their customers' infringement, for purposes of setting out induced infringement claims, where the facts plausibly established that defendants knew of the patent-in-suit, had reviewed the content of the patent's specification and claims, had "'deep expertise'" in the subject matter of the patent, "'possessed the technical expertise required'" to understand the patent's scope, and knew that their accused product was incorporated into their customers' finished products).

### C. Post-Suit Willful Infringement Allegations Regarding the New Patents-In-Suit

Finally, the Court addresses Plaintiff's allegations of post-suit willful infringement regarding the new patents-in-suit. As set out above, the Court has concluded that in the SAC, Plaintiff sufficiently alleged that Defendants, well prior to this litigation, were committing willful infringement. The SAC, as noted above, also alleged that Defendants would continue to engage in that same (allegedly infringing) conduct thereafter. And indeed, Defendants do not dispute that they did not stop that allegedly infringing conduct after receiving the FAC or the SAC. (Tr. at 109 ("THE COURT: And the Defendant didn't stop [engaging in the allegedly infringing conduct after the filing of the FAC or the SAC]? [Defendant's counsel:] Yes. Otherwise our choice would be we must self-enjoin or we are going to go to trial as alleged willful infringers.")) Thus, the allegations are also sufficient to assert post-suit willful infringement of the new patents-in-suit. *See Align Tech., Inc. v. 3Shape A/S*, 339 F. Supp. 3d 435, 447-49 (D. Del. 2018) (noting that the plaintiff had "plausibly alleged a claim for willful infringement" where "the Court found that [plaintiff] sufficiently alleged pre-suit knowledge of the asserted patents[,]" where plaintiff had, *inter alia*, alleged that plaintiff and defendant were direct competitors in a small market, and, additionally, where plaintiff alleged "that [defendant] continued to sell 'knockoff products' that infringed the asserted patents" thereafter, since, "[a]t this stage of the case, no further allegations are required").

### IV. CONCLUSION

For the foregoing reasons, the Court recommends that Defendants' Motion be DENIED.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation.

Fed. R. Civ. P. 72(b)(2). The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the district court. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006).

The parties are directed to the Court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the District Court's website, located at http://www.ded.uscourts.gov.

Because this Report and Recommendation may contain confidential information, it has been released under seal, pending review by the parties to allow them to submit a single, jointly proposed, redacted version (if necessary) of the Report and Recommendation. Any such redacted version shall be submitted no later than **August 12, 2019**, for review by the Court, along with a motion for redaction that includes a clear, factually detailed explanation as to why disclosure of any proposed redacted material would "work a clearly defined and serious injury to the party seeking closure." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994) (internal quotation marks and citation omitted). The Court will subsequently issue a publicly-available version of its Report and Recommendation.

Dated: August 7, 2019

Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE