# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SUNOCO PARTNERS MARKETING & TERMINALS L.P., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 17-1390-LPS-CJB |
| | : | |
| POWDER SPRINGS LOGISTICS, LLC, and MAGELLAN MIDSTREAM PARTNERS, L.P., | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM ORDER

WHEREAS, Magistrate Judge Burke issued a Report and Recommendation on August 7, 2019 ("August Report") (D.I. 322) recommending that the Court deny Defendants Powder Stream Logistics, LLC ("Powder Stream") and Magellan Midstream Partners, L.P.'s ("Magellan") (collectively, "Defendants") motion to dismiss ("MTD") (D.I. 138) as it related to Plaintiff Sunoco Partners Marketing & Terminals L.P.'s ("Sunoco" or "Plaintiff") willful infringement claims;

WHEREAS, any objection to the August 7 Report was to be filed by August 21, 2019;

WHEREAS, neither party filed an objection to the August 7 Report;

WHEREAS, Judge Burke issued a Report and Recommendation on September 18, 2019 ("September Report") (D.I. 354) recommending that the Court deny the MTD as it related to Defendants' argument that certain claims of the patents-in-suit directed to nonpatentable subject matter under 35 USC § 101;

WHEREAS, on October 2, 2019, Defendants filed objections to the September

1

Report (D.I. 368) ("September Objections" or "Sept. Objs."), specifically objecting that Judge Burke erred in finding that claims 23, 24, 27, and 30 of U.S. Patent No. 6,679,302 ("'032 patent") were not directed to an abstract idea and in not conducting the *Alice* step 2 analysis;

WHEREAS, on October 16, 2019, Sunoco filed a response to Defendants' objections (D.I. 386) ("September Response" or "Sept. Resp.");

WHEREAS, Judge Burke issued a Report and Recommendation on January 22, 2020 ("January Report") (D.I. 453) recommending that the Court grant the portion of Defendants' motion for summary judgment ("MSJ") that relates to Section 101 and, specifically, recommending that the Court find that claims 23, 24, and 30 of the '302 patent are ineligible;

WHEREAS, on January 30, 2020, Sunoco filed objections to the January Report (D.I. 463) ("January Objections" or "Jan. Objs."), specifically objecting that the challenged patent claims are not directed to an abstract idea and that there is at least a genuine dispute of material fact as to whether they contain an inventive concept;

WHEREAS, on February 7, 2020, Defendants filed a response to Sunoco's objections (D.I. 483) ("January Response" or "Jan. Resp.");

WHEREAS, the Court reviews a Magistrate Judge's recommendation with respect to a case-dispositive matter, such as a motion to dismiss or a motion for summary judgment, *de novo*, *see* 28 U.S.C. § 636(b)(1)(C); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011);

NOW, THEREFORE, IT IS HEREBY ORDERED that the August Report is ADOPTED, the September Report is ADOPTED, and the January Report is ADOPTED;

2

Defendants' motion to dismiss (D.I. 138) is DENIED; and Defendants' motion for summary judgment (D.I. 381) is GRANTED with respect to the patent eligibility of claims 23, 24, and 30 of the '032 patent and REMAINS PENDING in all other respects.[1]

1. In their September Objections, Defendants explained that they "continue to believe all challenged claims [of all of the patents-in-suit] are unpatentable as abstract ideas and preserve all objections on those claims," but they specifically objected only to Judge Burke's recommendation regarding the patent-eligibility of claims 23, 24, 27, and 30 of the '302 patent.[2] (D.I. 368 at 2) Thus, the Court has no occasion to address the eligibility of the representative claims of United States Patent Nos. 9,494,948 (the "'948 patent"), 9,606,548 (the "'548 patent"), 9,207,686 (the "'686 patent"), and 7,032,629 (the "'629 patent").

2. In the September Report, Judge Burke recommended denying the MTD relating to the eligibility of the above-listed claims of the '032 patent because Defendants had failed to fairly articulate an abstract idea to which those claims were directed to. (*See* September Report at 22-23) Concluding that Defendants had not met their burden at *Alice* step 1, the September Report did not address step 2. The Court agrees with the September Report that the MTD should be denied due to Defendants' failing at step 1. As Judge Burke correctly found, the claims relate to blending butane and gasoline, so any fair articulation of what the claims are directed to must

---

[1] The Court adopts the September Report's thorough statement of Section 101 law. (*See* September Report at 11, 17-20)

[2] While Sunoco no longer asserts claim 27 of the '302 patent against Defendants, Sunoco still asserts claim 30 of the '302 patent – which depends from claim 27 – so the Court, like Judge Burke, will need to consider the patent eligibility of claim 27. (*See* D.I. 440 at 1) Defendants' motion to dismiss Sunoco's claim that they infringe claim 18 of the '302 patent, which Judge Burke addressed (*see* September Report at 12), is moot, as Sunoco no longer asserts this claim against Defendants (*see* D.I. 440 at 1).

3

account for that fact. That is, "the claims' focus has to at least include reference to the process or mechanics of ***blending butane with gasoline***." (September Report at 10; *see also id.* at 11 ("[I]t just seems fundamentally wrong to conclude that the purportedly-representative claims are directed to nothing more than 'data gathering and processing.'")) The abstract idea Defendants proposed at the MTD stage – "data gathering and processing" – did not. (*See id.* at 10) Thus, the MTD is properly denied. (*See id.* at 22) ("Because Defendants brought this [MTD], it is their burden to show at step one that the claims they chose to challenge are directed to an abstract idea; they have not sufficiently done that here.")

3. Nonetheless, in his September Report, Judge Burke observed "there are indicators that at least some of the challenged claims might be patent ineligible," calling out specifically claim 27 of the '032 patent. (*Id.* at 11, 21) Unsurprisingly, then, Defendants pursued their Section 101 defense again at the summary judgment stage. This time, Defendants characterized the abstract idea to which claims 23 and 24 are directed as "gathering and monitoring blending data and using it to generate reports with a computer" and the abstract idea to which the claim 30 is directed as "receiving data and calculating a butane blend rate." (January Report at 4, 11, 15) Judge Burke agreed and also found clear and convincing evidence that none of the three challenged claims contains an inventive concept sufficient to make them patent eligible. (*See id.* at 8, 11, 15-16)

4. Having reviewed Sunoco's Objections to the January Report *de novo*, the Court has reached the same conclusion as Judge Burke. Claims 23, 24, and 30 of the '032 patent are directed to nonpatentable subject matter and are invalid.

5. With respect to claims 23 and 24, Defendants' articulation of the abstract idea to which the claims are directed, "gathering and monitoring blending data and using it to generate

4

reports with a computer," is, in fact, an abstract idea, and is fair to the claims. As Judge Burke correctly states, while the claimed method "*relates* to blending butane and gasoline . . . the words of the claims suggest that their *focus* is on the aspect of report generation based on monitored and gathered data." (January Report at 5) The Court also agrees with Judge Burke's comparisons to the claims found to be abstract in *Electric Power Group, LLC v. Alstom S.A.*, 830 F.3d 1350, 1353 (Fed. Cir. 2016), and *TDE Petroleum Data Solutions, Inc. v. AKM Enterprises, Inc.*, 657 Fed. App'x 991, 993 (Fed. Cir. 2016). The focus of claim 23, as its preamble states, is "a method for simplifying record keeping requirements for butane use at a petroleum products tank farm." '302 patent at 15:31-33. This method consists of assembling information about gasoline and butane streams, transmitting this data to a generic "information processing unit," and generating a report summarizing the data – in other words, "gathering and analyzing information of a specified content, then displaying the results." '302 patent at 15:39-47. Defendants have also met their burden at step 2, as the claims "surely are written using expansive, functional language" and the specification "admits that blending butane with gasoline was commonplace" before the patent issued. (January Report at 9; *see also* '302 patent at 4:8-12, 8:7-21, 9:28-46, 11:23-27, Fig. 2) Judge Burke properly considered the claims as a whole, including the combination of individual elements. (*See* Jan. Resp. at 9-10)

6.  With respect to claim 30, the Court agrees with Judge Burke that the claim is directed to the abstract idea of "receiving data and calculating a butane blend rate," which is both abstract and fair to the claim, for the reasons stated by Judge Burke. (*See* January Report at 11-15) Judge Burke properly considered the character of the claim as a whole, including as a purportedly inventive ordered combination of elements. (*See* Jan. Resp. at 2-3, 8-9) Nor did he ignore any claim limitations, including the "injector," for reasons well explained by Defendants.

(*See id.* at 4-5) At step 2, the Court agrees with Judge Burke that Defendants have pointed to clear and convincing evidence "showing that the claimed steps of receiving volatility measurements, calculating a blend rate, and blending butane with gasoline were all conventional processes that were previously conducted manually." (*Id.* at 15) (citing evidence) Even assuming (without deciding) that claim 30 is not invalid as anticipated, it does not follow that Defendants have necessarily failed to meet their burden of clear and convincing evidence at step 2 of *Alice*, which presents a different question than anticipation.

7. That the claims contain limitations relating to tangible, physical elements, and are limited to the particular technological environment of blending butane and gasoline, do not save the eligibility of the claims, again for reasons persuasively stated in the January Report. *See Bilski v. Kappos*, 561 U.S. 593, 612 (2010) ("[L]imiting an abstract idea to one field of use or adding token postsolution components [does] not make the concept patentable."); *Elec. Power*, 830 F.3d at 1354-55.

March 31, 2020  
Wilmington, Delaware

HONORABLE LEONARD P. STARK  
UNITED STATES DISTRICT JUDGE