IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SUNOCO PARTNERS MARKETING & TERMINALS L.P., : : : Plaintiff, : : v. : : POWDER SPRINGS LOGISTICS, LLC, and : MAGELLAN MIDSTREAM PARTNERS, L.P., : : Defendants. : | C.A. No. 17-1390-LPS-CJB |

## MEMORANDUM ORDER

After several continuances, a jury trial in this patent infringement dispute between competitors – involving potentially hundreds of millions of dollars of damages – is scheduled to begin on August 3, 2020. The case has been pending for nearly three years. A vast amount of judicial resources (from myself and Magistrate Judge Burke) and party resources have been expended to this point.[1] Last week, in a ruling from the bench, I denied Plaintiff's request for reconsideration of my order striking its patent damages expert and, alternatively, to certify my *Daubert* ruling for an interlocutory appeal to the Federal Circuit, and at the same time denied Defendants' motion for summary judgment of no damages and to strike Plaintiff's jury demand. (*See* D.I. 574)

So in ordinary times this case would be, without question, ready for trial. But, of course,

---

[1] For example, in the past two months, I have heard several hours of oral argument and issued 25 pages of memorandum orders resolving six motions and twelve sets of objections to Judge Burke's Reports and Recommendations. (*See* D.I. 539, 547)

1

these are not ordinary times. Due to the ongoing impact of the coronavirus pandemic, there is a great deal of uncertainty as to whether it will be possible to conduct a jury trial safely in this District in approximately five weeks – and, if so, what that trial will look like.

In my capacity as Chief Judge, I have spent countless hours in meetings and consultations with numerous judges, lawyers, Court personnel, and others, throughout the Circuit and across the country, trying to determine when and how it will be safe to return to the courtroom for jury trials. While we have made District-level decisions to cancel all jury trials since March 18 through (at least) July 31, we are undertaking extensive efforts to be ready to resume jury trials in August, if it is possible to do so safely.

In this particular case, I recently asked the parties to provide input in response to three specific coronavirus-related questions:

(1) whether there are any members of the trial team or any party who cannot or should not travel to Delaware and be in our courtroom in August due to their own health situation or the health situation of those with whom they reside;

(2) whether there are any will-call witnesses who cannot or should not travel to Delaware and be in our courtroom in August for the same reasons; and

(3) if both sides are not confident that all members of the trial team and all will-call witnesses can safely be here for trial in August, "whether the Court should consider an order that permits only a limited number of lawyers, probably two or three per side, and a corporate representative, to be in the courtroom for trial, and requires all other lawyers to appear remotely by video and requires all witnesses to testify remotely by video."

(D.I. 580 at 4) (quoting Tr. 100-01)

I have received and reviewed a joint status report, dated June 26, setting out the parties'

responses.

Plaintiff reports that the members of its trial team do not have health situations but all live in Houston, Texas, which is "experiencing record-level surges in coronavirus cases." (D.I. 580 at 4) Plaintiff observes that certain northeastern states are now requiring individuals traveling from Texas to self-quarantine for 14 days and speculates that such an order could be adopted by Delaware. Plaintiff also has "at least one will-call witness that is unwilling to travel to Delaware for trial" and another will-call witness who is considered under CDC guidelines to be at increased risk of severe illness from coronavirus. (*See id.* at 5) Still, Plaintiff "does not believe that any particular limits on the number of attorneys in the courtroom will be required." (*Id.*)

Defendants "are not currently aware of any attorney or witness who cannot or should not travel to Delaware to be in the courtroom in August with the exception of one 'may call' rebuttal witness." (D.I. 580 at 5) Defendants also assert: "As a general matter, Defendants do not believe they can receive a fair trial if all the witness examinations must be handled remotely." (*Id.*)

Having given due consideration to the parties' input and preferences, as well as the physical and staff limitations of the courtroom and courthouse, and mindful of its utmost duty to take all reasonable precautions to protect the health and safety of the citizens who will be called as jurors, the Court has decided to impose the type of restrictions on in-court participation it was contemplating in its questions to the parties. Accordingly, the August jury trial will be conducted consistent with the following orders:

    (1)    *No witnesses will testify in the courtroom.* It is clear that not all of the witnesses can safely travel to Delaware and testify in person. The Court is concerned that unless all witnesses can do so, there is a risk of unfair prejudice to the side which has more witnesses who end up being unable to come to the courtroom. While today there

3

are only a few witnesses who already know they cannot make it to Delaware in August, on any given day that number could increase, and the increase could disproportionately affect one side or the other.

The Court is also concerned that if it is left to the discretion of each party to determine which witnesses will testify in the courtroom, witnesses may feel pressure to conceal symptoms and/or coronavirus-related concerns and come to Court when it would be best if they did not.

The Court is confident that all parties will receive a fair trial even with all witness examinations taking place remotely. While admittedly far from ideal, I believe that skilled trial counsel – using advanced video-conferencing technology – can conduct effective examinations even without being in the same room as the witness, opposing counsel, the jury, and the judge. I expect that the jury will be given what it needs to make necessary factual findings, including credibility assessments.

By excluding all witnesses from testifying in court, the Court will not confront the issue of whether to permit or require witnesses to testify with face coverings (or alternatively to prohibit witnesses from doing so).

Not having witnesses in the courtroom will also make it much easier to maintain social distancing in the courtroom and protect the health of those in the courtroom.[2]

(2) *Plaintiff will be limited to four representatives in the courtroom and each defendant will be limited to three (for a total of six). While not every representative needs to be in court each day of trial, these numbers are the maximum number of unique individuals who may come to the courtroom for each side over the course of the trial (i.e., there can be no "swapping out" of one representative for another).* At least one slot per party must be used by Delaware counsel. The other slots may be used for out-of-state counsel, staff assistants, jury consultants, and/or corporate

---

[2]Given that all witnesses will be testifying remotely, I expect that the parties will be able to work out the scheduling conflict they identified with respect to Dr. Harri Kytomaa. (*See* D.I. 580 at 5-6) If the parties are unable to resolve this issue, they may brief their dispute in connection with the pretrial order.

        representatives.[3]

(3) *The parties will need to work with the Court's staff to make all necessary arrangements to allow this trial to take place partially-remotely, consistent with this Order.* Counsel shall contact chambers, and the Court's IT staff, as soon as possible, to determine which equipment the Court can supply, which equipment the parties will have to supply, and to take all necessary steps to eliminate paper exhibits (i.e., absent compelling reasons, all exhibits shall be displayed to witnesses and the jury electronically).

(4) *The Court will simulcast a video feed of the trial into another room in the courthouse, in which the Court's policies for social distancing and face covering will be enforced.* Interested members of the public or the media, as well as other members of the parties' trial teams who are not using one of the courtroom slots, may be present in that room.

I am working with a District-wide committee to develop protocols for jury selection and for allowing the jury, Court staff, and counsel to interact safely in the courtroom. I will provide a further opportunity for input from the parties and will have further guidance in the coming weeks as to how the forthcoming trial will differ from the pre-pandemic trials we are all used to (e.g., how voir dire will be conducted, where the jury will be seated, where the jury will go during breaks and for deliberations, where counsel tables will be placed, how to ensure that exhibits needed for cross-examination are kept secure until needed, whether counsel will be permitted to be present in the same room with witnesses who are being examined remotely, face covering and

---

[3]The Court trusts that trial counsel will take all necessary and reasonable precautions in the weeks leading up to, and during, trial to maintain a safe environment. Out-of-state counsel may consider, for example, arriving in Delaware more than 14 days prior to the start of trial, self-quarantining, and developing strict internal procedures to maintain trial-team bubbles. Trial counsel (and their assistants) will also be required to keep track of and adhere to courthouse protocols related to screening, social distancing, and face covering.

any other PPE requirements for those of us in the courtroom, etc.).

I want to end with two final thoughts.

First, you should understand that I am doing what I think is best for the particular circumstances in which your trial arises. I am focused on doing what I think is right for your case in early August. This is something of an experiment. I expect I will follow different procedures in other cases and at different times and I strongly suspect my colleagues (in the District of Delaware and elsewhere) will do things differently than I plan to do at this trial. I am entering this order as the presiding judge in this specific case, not as Chief Judge of the District.

Second, I am, of course, closely monitoring the health situation in and around Delaware. If necessary, I will continue trial again beyond August 3.[4]

I look forward to working with counsel to ensure a safe and fair trial for all involved.

IT IS SO ORDERED.

July 2, 2020  
Wilmington, Delaware

HONORABLE LEONARD P. STARK  
UNITED STATES DISTRICT JUDGE

---

[4] Under the *District of Delaware Re-Opening Guidelines*, jury trials are not permitted until Phase Two. *See* https://www.ded.uscourts.gov/sites/ded/files/news/Reopening%20Guidelines%20District%20of%20Delaware.pdf. As of today, our District is in Phase One. The criteria for moving to Phase II include a "[s]ustained downward trend of COVID-19 case counts in Delaware over a 14-day period." *Id.* at 1; *see also id.* at 6 ("The local area should continue to show decreased incidences of new COVID-19 cases and a continued relaxation of local or state restrictive movement or shelter-in-place orders."). Unfortunately, as of today this requirement is not met.