**PHILLIPS, MCLAUGHLIN & HALL, P.A.**

JOHN C. PHILLIPS, JR.
LISA C. McLAUGHLIN+
JAMES P. HALL
DAVID A. BILSON***
MEGAN C. HANEY
TODD L. GOODMAN
PAUL S. SEWARD***

ALSO MEMBER OF
*PENNSYLVANIA BAR
**NEW JERSEY BAR
+MARYLAND BAR

ATTORNEYS AT LAW
PENNSYLVANIA AVE. AND BROOM ST.
1200 N. BROOM STREET
WILMINGTON, DELAWARE 19806

(302) 655-4200
(302) 655-4210 (F)
pgmhlaw.com

July 10, 2020

The Honorable Leonard P. Stark
United States District Court
 For the District of Delaware
844 King Street
Wilmington, Delaware 19801

>   Re:   *Sunoco Partners Marketing & Terminals L.P. v. Powder Springs Logistics, LLC, and Magellan Midstream Partners, L.P.*, Civil Action No. 17-cv-1390-LPS-CJB

Dear Judge Stark:

We write to express strong concerns regarding the ability to conduct a fair jury trial starting August 3, 2020, under the current plans and conditions. Although the Court has attempted to fashion measures that would enable trial to proceed in spite of the COVID-19 pandemic, Sunoco respectfully requests the Court continue the trial dates until an in-person jury trail can proceed. We have discussed these concerns with lead counsel for Defendant Magellan, who stated he also has strong concerns about the ability to conduct a fair jury trial under these conditions. We hope these concerns can be discussed at the hearing this Monday, July 13, 2020, and write today to provide you with notice. Specifically, Sunoco would ask the Court to consider the following points:

1. The current Guidelines explain that to proceed to Phase Two, where "[j]ury trials may be restarted," include a "[s]ustained downward trend of COVID-19 case counts in Delaware over a 14-day period" and "[t]he local area should continue to show decreased incidences of new COVID-19 cases and a continued relaxation of local or state restrictive movement or shelter-in-place orders." Unfortunately, over the last two weeks, Delaware cases have been on average increasing. IN addition, this week the Governor extended the state of emergency order until August 6th, three days after the trial start date.

   If a sustained downward trend started this weekend (unlikely as July 4th holiday and open beaches will likely cause increase over next few weeks) we would not know until July 25th that there has been the necessary two week downward trend.

2. The Court recently recognized that the parties have invested nearly three years litigating this high-stakes case, "involving potentially hundreds of millions of dollars of damages," and Sunoco appreciates the hard work the Court has put in to keep this case moving forward. But the Court's recent Order described this trial as "something of an experiment." However, proceeding with trial in the proposed experimental form would

jeopardize norms favoring in-person testimony and Seventh Amendment norms regarding juror selection, leading to potentially unfair results. "The importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling. The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition." Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment. Thus, Federal Rule of Civil Procedure 43(a) provides the general rule, "[a]t trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise." *See also* Fed. R. Civ. P. 77(b) ("Every trial on the merits must be conducted in open court and, so far as convenient, in a regular courtroom.")

At least one federal court has determined that, despite the exigencies of the COVID-19 pandemic, "[v]ideo and audio conferencing, used for hearings, are not available for trials." *United States v. Shaw*, 2020 WL 3216494, at *2 (D. Utah June 15, 2020). Even courts that have gone forward with video bench trials have recognized that the setup would create more serious concerns for a jury trial. *In re RFC & ResCap Liquidating Tr. Action*, 2020 WL 1280931, at *4 (D. Minn. Mar. 13, 2020) ("If this were a jury trial, the Court's concerns about clarity would perhaps be heightened.").

A trial with a physically present jury in the midst of a pandemic may jeopardize Seventh Amendment norms regarding juror selection. Courts in states with a similar infection rate to Delaware have recognized that the pandemic results in "reduced ability to obtain an adequate spectrum of prospective jurors." *See, e.g.*, *In Re: Court Operations Under the Exigent Circumstances Created by COVID-19* (D. Conn. May 19, 2020); *see also* General Order No. 20-9 (E.D. La. June 26, 2020) (suspending jury trials due in part to "the Court's reduced ability to obtain an adequate spectrum of jurors"). Even in Utah, where the infection rate is considerably lower than in Delaware, the mandates of the Speedy Trial Act have been tolled due to "a significantly reduced ability to obtain an adequate spectrum of jurors." *Shaw*, 2020 WL 3216494, at *2. And among other groups, COVID-19 has disproportionately impacted minority communities, undermining the representative nature of the jury pool. The elderly are also at disproportionate risk of contracting COVID-19 or, having contracted it, of failing to recover, and therefore may be unwilling to participate. The COVID-19 concern is particularly acute with regard to Sussex County jurors who should not be excluded en mass.

3. The procedures ordered by the Court impose disproportionate burdens and harms on Sunoco. Sunoco's core legal team is located outside Delaware, in Houston Texas; Defendants' lead and core counsel are from Delaware. Sunoco's counsel take seriously the Court's request that they self-quarantine in Delaware for "more than 14 days prior to the start of trial." That, however, would entail substantial economic and personal costs to Sunoco's counsel not shared by the Defendants and their counsel, because Houston counsel would have to come and enter self-quarantine before knowing whether or not the health situation in Delaware would actually permit the Court to enter Phase Two and allow trial to take place, and would not be able to interact and move around in the way Delaware counsel are able to.

The Honorable Leonard P. Stark                                                                    Page 3
July 10, 2020

      Sunoco's out-of-state counsel are already seeing unequal effect by not being allowed to have lead counsel attend in person the Court's July 13, 2020 meeting on trial procedures.

4. In addition, the recognition by other states of the rising COVID-19 cases in Delaware causes particular harm to Sunoco, not shared by defendants, given that Sunoco's corporate headquarters is located in Philadelphia, and many of Sunoco's witnesses live in or around Philadelphia. Just two days ago, Philadelphia restricted travel to and from Delaware because of the increased number of Delaware COVID-19 cases. That restriction includes a requirement that persons traveling from Delaware to Philadelphia must self-quarantine for two weeks. With these restrictions, Sunoco's Philadelphia-based witnesses cannot travel to Delaware for trial prep *even after* this Court's suggested self-quarantine of Texas counsel ends, and Sunoco's counsel are now unable to go from Delaware to Philadelphia to hold in-person meetings with its witnesses, which are crucial for preparing for trial. United States v. Shaw, 2020 WL 3216494, at *2 (D. Utah June 15, 2020) (continuing trial in part because "[c]ounsel's ability to adequately prepare for trial, including locating and consulting with witnesses, and defense counsel's ability to confer with Defendant, under these circumstances is also greatly reduced").

Sunoco respectfully asks that the Court give due consideration to the impact of these current conditions on this particular case, with these particular counsel and witness locations, and grant the request to postpone this trial.

                                                        Respectfully submitted,

                                                        */s/ John C. Phillips, Jr.*

                                                        John C. Phillips, Jr. (No. 110)

cc:    All Counsel of Record (via CM/ECF and email)
        Clerk of Court