IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SUNOCO PARTNERS MARKETING & TERMINALS L.P., <br><br> Plaintiff, <br><br> v. <br><br> POWDER SPRINGS LOGISTICS, LLC and MAGELLAN MIDSTREAM PARTNERS, L.P., <br><br> Defendants. | C.A. No. 17-1390-LPS |

## **MEMORANDUM ORDER**

The Court agreed with the parties that certain pretrial disputes could be briefed and resolved in advance of the upcoming pretrial conference. (*See, e.g.*, D.I. 622, 624) The ordered briefing is now complete (*see generally* D.I. 625, 626, 627, 628, 629, 630, 633, 634, 635), and the Court turns to the parties' issues.

Pretrial Disclosures. Plaintiff's request that Defendants be ordered to narrow their pretrial disclosures, and particularly to reduce their list of "may call" trial witnesses and deposition designations (D.I. 629), is denied. By Defendants' count, Plaintiff "has asserted fifteen claims across five patents against sixteen accused blending systems located at ten different facilities." (D.I. 633 at 1) This case also involves allegations of damages, willful infringement, and invalidity. In these circumstances, the Court is not persuaded that Defendants have been unreasonable in their designations to this point or that Plaintiff is unfairly prejudiced in its trial preparations. Moreover, the trial will be timed; each side will be allocated no more than 17 hours for its entire trial presentation, which will necessarily reduce the witnesses who

1

will be called, either live or by deposition. As trial approaches, both sides will be expected to narrow their cases and to keep one another reasonably informed of such reductions. Any party may seek further relief in this regard during the pretrial conference.

<u>Willfulness</u>. Defendants' motion to phase willfulness with damages at the forthcoming phased jury trial (D.I. 627) is denied. As previously held, trial will consist of two phases: the first concerning liability and the second, if necessary, concerning damages. (*See* D.I. 601 ¶ 12) Defendants ask the Court to exercise its discretion to defer all evidence that is solely about willful infringement to the second phase. (*See* D.I. 627; D.I. 628 at 1; *see also* Fed. R. Civ. P. 42(b); *Gardco Mfg., Inc. v. Herst Lighting Co.*, 820 F.2d 1209, 1212 (Fed. Cir. 1987)) The Court's interest in conservation of resources disfavors Defendants' request, as the parties will present evidence regarding their 20-year history, third-party licenses, and Defendant Magellan's patent, all during the liability phase. Some, or maybe even much, of this evidence also relates to willfulness and might, therefore, have to be presented again during the second phase. (*See* D.I. 634 at 5-6; *see also* D.I. 622 at 2 (Defendants acknowledging in status report that liability phase will include "examining . . . interactions between the parties (or their predecessors) about the Accused Systems, over a twenty-year period")) In the circumstances presented here – including where the parties are (at least arguably) competitors and have a lengthy history with one another and/or their predecessors – it would be unfairly prejudicial to preclude Plaintiff from presenting its willfulness case in the first phase. So much evidence would have to be excluded from the first phase that juror comprehension might be undermined. (*See* D.I. 634 at 6-7) Any risk that Plaintiff will make too much of allegations that Defendants characterize as "thin yet inflammatory" (D.I. 628 at 1) can be addressed through appropriate objections during trial.

2

Plaintiff identifies further "significant evidentiary overlap[s]," which provide additional support for the Court's decision. (D.I. 634 at 5-6)

Dr. Ugone. Plaintiff's motion to permit Dr. Ugone to testify on two discrete issues – the absence of noninfringing alternatives ("NIAs") and Defendants' accused blend volumes (D.I. 630) – is denied. The Court has already ruled that Dr. Ugone's damages opinions are inadmissible. (*See* D.I. 547 at 11-14 & n.3) While Dr. Ugone's opinions on NIAs were not expressly challenged in Defendants' earlier motions, the Court "did not make any exceptions when it struck Dr. Ugone's damages opinions and reports." (D.I. 635 at 1) Additionally, Dr. Ugone's opinions on accused blend volumes do not appear to be any more appropriately apportioned than the other aspects of his opinions that have been excluded. (*See id.* at 4-5) Although the Court stated that "some other witness" may be able to testify about documents cited in Dr. Ugone's stricken reports (D.I. 603 at 64), this possibility does not open the door to Dr. Ugone's testimony.

**IT IS FURTHER ORDERED** that the jury trial will be held at some or all of the following times, subject to the parties' time limits (which, consistent with the prior discussion, will not exceed 17 hours per side (*see* D.I. 624 at 10, 14-15)):

| | |
|---|---|
| Thursday, June 10, 2021: | 8:30 a.m. to 4:00 p.m. |
| Friday, June 11, 2021: | 8:30 a.m. to 4:00 p.m. |
| Monday, June 14, 2021: | 8:30 a.m. to 5:00 p.m. |
| Tuesday, June 15, 2021: | 8:30 a.m. to 3:30 p.m. |
| Wednesday, June 16, 2021: | No trial |
| Thursday, June 17, 2021: | 8:30 a.m. to 5:00 p.m. |

3

Friday, June 18, 2021:      8:30 a.m. to 4:00 p.m.

Monday, June 21, 2021:      8:30 a.m. to 3:00 p.m.

Tuesday, June 22, 2021:     8:30 a.m. to 5:00 p.m.

May 17, 2021
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE

4