# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SUNOCO PARTNERS MARKETING & TERMINALS L.P., <br><br> Plaintiff, <br><br> v. <br><br> POWDER SPRINGS LOGISTICS, LLC and MAGELLAN MIDSTREAM PARTNERS, L.P., <br><br> Defendants. | C.A. No. 17-1390-LPS |

## MEMORANDUM ORDER

Having reviewed the proposed joint pretrial order (D.I. 709) (hereinafter, "PTO") submitted by Plaintiff Sunoco Partners Marketing & Terminals L.P. ("Plaintiff" or "Sunoco") and Defendants Powder Springs Logistics, LLC ("Powder Springs") and Magellan Midstream Partners, L.P. ("Magellan," and together with Powder Springs, "Defendants") regarding the jury trial scheduled to begin on November 23, 2021, **IT IS HEREBY ORDERED** that:

1.  For any objections to designated testimony that the parties raise with the Court (*see* PTO ¶ 20), the party calling the witness by deposition shall provide the Court with ***two (2) copies*** of the entire deposition testimony of the witness at issue (with highlighting) and the cover letter identifying the objections.

2.  Defendants' proposal to require any videotape deposition excerpts be disclosed in video clip form by 7:00 p.m. one calendar day before the witness is to be called at trial (*see id.*) is **ADOPTED**. Such disclosed clips shall include (on the video display) any transcription the producing party intends to play in front of the jury. The Court believes, in the context of this

case, this additional precaution will reduce the risk of any prejudicial error, and avoid any last-minute disputes, in connection with playing deposition excerpts for the jury.

3. When a witness is called to testify by deposition at trial (*see id.* ¶ 22), the party calling the witness shall provide the Court with ***three (3) copies*** of the transcript of the designations and counter-designations that will be read or played.

4. Defendants' proposal regarding exhibit lists, clarifying that including a document on a party's exhibit list is not an admission that it is relevant or admissible when offered by the opposing party (*see id.* ¶ 35), is **ADOPTED**.

5. The parties shall be prepared to discuss at the pretrial conference ("PTC") their request for a jury consisting of nine jurors (*see id.* ¶ 46) and their position on the number of peremptory strikes to be afforded to each party.

6. The parties' joint request that each side be given 17 hours to present its respective case (*see id.* ¶ 51) is **REJECTED**. The parties previously requested 17 hours per side for trial when there were two additional patents in this case. (D.I. 651 ¶ 51; *see also* D.I. 624 at 10) Now that the issues for trial have been reduced, and giving full consideration to the issues to be tried (which include infringement by two different defendants of up to eight claims of three patents, by (arguably) three types of accused products, as well as damages, willfulness, and invalidity), the Court finds that each side may be fully and fairly heard with less time than previously contemplated. Accordingly, each side will be given no more than ***14 hours*** to present its respective case.

7. In the proposed preliminary jury instructions, the parties shall include (if they have not done so already) instructions consistent with their agreements with respect to jury notes,

jury notebooks, and the playing of the Federal Judicial Center patent video. (*See* PTO ¶¶ 55, 61)

8. The parties shall be prepared to discuss at the PTC Defendants' objection to Plaintiff's plan to call Dr. Maness, Defendants' damages expert, to testify as part of Plaintiff's case-in-chief. (*See id.* ¶¶ 62-63)

9. The parties shall be prepared to discuss at the PTC Sunoco's motion *in limine* number 1 (PTO Ex. 13(A)), by which Sunoco seeks to preclude Defendants from offering any argument, testimony, or evidence regarding the IPRs for the '948 and '548 patents. It is the Court's understanding that these patents are no longer asserted and that the Federal Circuit has affirmed the PTAB's final written decisions holding the relevant claims unpatentable. **THE PARTIES SHALL MEET AND CONFER AND, NO LATER THAN NOVEMBER 12, 2021 AT 10:00 A.M., SUBMIT A JOINT LETTER ADVISING THE COURT AS TO WHETHER THIS MOTION IS MOOT AND, IF NOT, EXPLAINING WHY IT IS NOT**.

10. Sunoco's motion *in limine* number 2 (PTO Ex. 14(A)), which seeks to exclude any argument or evidence relating to the Court's prior rulings or orders (other than the Court's final claim constructions), is **GRANTED**.[1] Even assuming there would be some probative value in informing the jury of the Court's prior rulings, that value would be substantially outweighed by the countervailing concerns of Federal Rule of Evidence 403, including confusing the jury, wasting time, and unfairly prejudicing Sunoco. *See, e.g., Integra LifeSciences Corp. v.*

---

[1] The instant ruling encompasses the Court's prior order granting summary judgment of invalidity under 35 U.S.C. § 101 for certain claims of the '302 patent (*see* D.I. 523 at 4-6), which Defendants have not addressed. (*See generally* PTO Ex. 14(B); *see also* PTO Ex. 14(C) at 1 n.1)

*HyperBranch Med. Tech., Inc.*, 2018 WL 2186677 (D. Del. May 11, 2018); *see also Nipper v. Snipes*, 7 F.3d 415, 418 (4th Cir. 1993) (warning that jury might give undue weight to judicial findings of fact); *Vaporstream, Inc. v. Snap Inc.*, 2020 WL 978731, at *10 (C.D. Cal. Feb. 28, 2020) ("There is too much of a risk that the jury will give the Court's prior *Daubert* order undue weight given that it is an order by the same Court that will preside over the trial."). The Court's decision does not preclude the parties from explaining that Sunoco has chosen to offer testimony from one of Defendants' witnesses (Dr. Maness) to support Sunoco's damages case, but they may not tell the jury (expressly or implicitly) that the reason for this choice is that the Court has stricken the damages opinions of Plaintiff's expert (Dr. Ugone). Defendants may also elicit Dr. Manness' opinion (assuming it has been properly and timely disclosed) that he only provides an upper bound on possible damages owed to Sunoco and does not actually believe any damages are owed.

11. Sunoco's motion *in limine* number 3 (PTO Ex. 15(A)), which seeks to exclude any argument related to derivation under 35 U.S.C. § 102(f), is **GRANTED**. Defendants did not disclose – in their invalidity contentions, expert reports, or elsewhere – any potential derivation defense under § 102(f). (*See* D.I. 271 at 53-64; D.I. 280 at 54-65) Nor will Defendants be permitted to argue that Mattingly "got the idea" for the claimed inventions from Defendants, as (again) no such defense was timely disclosed and the unfairly prejudicial impact of the ungrounded suggestion substantially outweighs whatever minimal probative value it may have. The Court's ruling does not preclude the parties from eliciting admissible testimony that Mattingly heard about Williams having a Grabner machine (*see, e.g.*, PTO Ex. 15(B) Resp. Ex. B at 430) ("[W]e heard that there was new product on the market, and Williams had one and they

were trying to make it work."), and that a contractor, Wheatland, viewed the Grabner machine at Williams (*see id.* Resp. Ex. C at 138) The Court views this motion as being as narrow as Plaintiff portrays it in its reply (*see id.* Ex. 15(C) at 1), and that is what it is granting; the Court understands that almost the entirety of what Defendant complains about in its answering brief is not implicated by this motion.

12. Defendants' motion *in limine* number 1 (PTO Ex. 16(A)), to the extent it seeks to preclude "inadmissible hearsay" about "what Sunoco's licensees or potential licensees believe about the strength or value of the patents-in-suit" (*id.* at 1), is **GRANTED**. To the extent Defendants are seeking something more by this motion (and it is unclear if they are), it is denied. The Court will preclude inadmissible hearsay, though some of the determination as to what constitutes inadmissible hearsay will likely need to await trial.

13. Defendants' motion *in limine* number 2 (PTO Ex. 17(A)), which seeks to preclude Sunoco from presenting evidence or argument of Sunoco's or Defendants' profits from blending butane, is **DENIED**. The Court has already rejected this request from Defendants and sees no basis to alter its prior conclusion. (*See, e.g.*, D.I. 603 at 44-45, 48, 50) As the Court previously stated:

> ***I do think there is potential prejudice to the defendants about the large dollar figures coming in***, and to the extent I'll say there is a little bit of a concern that the jury might be otherwise mis[led] into thinking that they could face a damages verdict on the full value of the BSAs when we know that I have excluded that as a proper theory of damages, ***but that risk of prejudice is all going to be cured*** because I will instruct the jury, as the plaintiff has suggested I should, that the Court has already determined that they are not permitted to attribute all the value of the BSAs to the patent or the patented features of the patent in suit. And so we'll work together on instruction to that effect.
>
> And, finally, I do think the decision I had previously made in

> phasing, separating liability from damages further reduces any risk
> of unfair prejudice to the defendant; but bottom line, I am
> persuaded that the BSAs are admissible and they will be admitted
> at trial.

(*Id.* at 68-69) (emphasis added) The Court continues to adhere to this view and is unpersuaded by Defendants' effort to show that the challenged evidence should be excluded under Rule 403.

      14.    Defendants' motion *in limine* number 3 (PTO Ex. 18(A)), which seeks to preclude Sunoco from presenting evidence or relying on a theory of willful infringement involving Defendants' licensing, is **DENIED**. There is no basis for the concern that Plaintiff will attempt to use evidence that Defendants "cop[ied] Sunoco's unpatented and generic licensing model" as proof of willful *patent* infringement (*id.* at 1) (emphasis omitted), as Sunoco has committed that it "does not (and would never) assert that 'copying' a licensing model is willful infringement" (PTO Ex. 18(B) at 2 (emphasis omitted); *see also id.* at 1) ("Sunoco has never alleged that Defendants willfully infringe by 'copying' its licensing model."). What Plaintiff evidently intends to do, and the Court will permit, is ask the jury to consider Defendants' knowledge of and alleged copying of Plaintiff's licensing model as evidence that the parties are competitors and as part of the totality of evidence the jury may consider in evaluating Defendants' subjective intent (which is relevant to, at least, willfulness). (*See id.* at 3) ("Magellan's third-party offers – similar to how Sunoco offered to license Sunoco's patents – made with full knowledge that it was competing with Sunoco go to the 'totality of the circumstances' concerning willfulness . . . .")[2]

---

[2] Defendants' motion must be denied for at least the additional reason that Defendants are entirely unclear as to the relief they are seeking. In their opening brief, they ask the Court to "preclude Sunoco from confusing and misleading the jury with its untimely theory that Magellan's alleged 'copying' of an unpatented business model shows willfulness." (PTO Ex.

15. Magellan will be permitted to pursue its noninfringement defense under 35 U.S.C. § 273. In its answer to the amended complaint, Magellan pled a broad noninfringement defense. (*See* D.I. 271 at 53) Magellan admits that it did not explicitly cite § 273 as a basis for its noninfringement defense until it served interrogatory responses on April 30, 2019. (*See* PTO Ex. 19(B) at 1-2) As the parties were litigating this case, however, Sunoco apparently understood that Magellan was raising the § 273 issue.[3] Sunoco's forfeiture argument is itself untimely.

**IT IS FURTHER ORDERED** that Defendants' motion to preclude certain of Sunoco's damages theories and to require Sunoco to disclose the total damages amount it intends to seek at trial (D.I. 640) is **DENIED**. As an initial matter, it does not appear that Defendants raised the issue of precluding Sunoco's damages theory when the parties agreed to brief the motion; yet, in the briefing, that is the relief Defendants seek. (*See* D.I. 620 at 2; D.I. 636) In any event, Sunoco acknowledged in the pretrial order that it is obligated to comply with the Court's prior rulings on the Buckeye License, which the Court has deemed admissible. (PTO Ex. 12 at 4 n.4; D.I. 603 at 30) Nothing in the briefing suggests to the Court that Sunoco will be violating prior orders. Moreover, the Court understands that Sunoco's damages disclosure does not include any erroneous double or triple counting. (*See* D.I. 650 at 7-8) Accordingly, the Court

---

18(A) at 3). In reply, they broaden their motion and ask the Court to preclude Sunoco "from alleging or offering *any willfulness evidence* at trial." (*Id.* Ex. 18(C) at 1) (emphasis added)

[3] For example, one of Defendants' experts, Dr. Nikolau, offered his opinion that Magellan's OKC-Reno facility was a prior commercial use. (PTO Ex. 19(B) at Ex. 7 ¶ 255) Sunoco did not object to Dr. Nikolau's opinion. Moreover, at the summary judgment phase of this case, Magellan argued that the Court should not grant summary judgment in Sunoco's favor because Magellan's § 273 defense implicated fact disputes. (D.I. 400 at 10-11) Once again, Sunoco did not object to the defense, and it instead responded on the merits. (*See* D.I. 411 at 6-7)

concludes that Sunoco's damages disclosure meets the requirements imposed by Federal Rule of Civil Procedure 26.

Finally, **IT IS FURTHER ORDERED** that the parties shall meet and confer and, **in the same joint letter (ordered by paragraph 9 above) to be filed no later than November 12, 2021 at 10:00 a.m.,** advise the Court as to whether they do or do not unanimously consent to a magistrate judge presiding over jury selection. The joint letter shall neither state nor imply in any way if just one party consents; all the Court wishes to know is whether the parties do or do not *unanimously* consent.

November 10, 2021
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE