IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SUNOCO PARTNERS MARKETING & TERMINALS L.P.<br><br>                      Plaintiff,<br><br>      v.<br><br>POWDER SPRINGS LOGISTICS, LLC and MAGELLAN MIDSTREAM PARTNERS, L.P.<br><br>                    Defendants. | C.A. No. 17-1390 (LPS-CJB)<br><br>████████████████████ |

### **PROPOSED JOINT PRETRIAL ORDER**

This matter comes before the Court at a final pretrial conference held pursuant to Rule 16 of the Federal Rules of Civil Procedure.

**Counsel for Plaintiff Sunoco Partners Marketing & Terminals L.P.**:

John C. Phillips, Jr. (No. 110)
Megan C. Haney (No. 5016)
PHILLIPS, MCLAUGHLIN & HALL, P.A.
1200 North Broom Street
Wilmington, Delaware 19806
(302) 655-4200
jcp@pmhdelaw.com
mch@pmhdelaw.com

John Keville
Michelle Replogle
Richard McCarty
Michael Krill
WINSTON & STRAWN LLP
800 Capitol St., Suite 2400
Houston, Texas 77002
(713) 651-2600
jkeville@winston.com;
mreplogle@winston.com;
rmccarty@winston.com;
mkrill@winston.com

**Counsel for Defendant Magellan Midstream Partners, L.P.**:

Douglas E. McCann (#3852)
Martina Tyreus Hufnal (#4771)
Nitika Gupta Fiorella (#5898)
FISH & RICHARDSON P.C.
222 Delaware Ave., 17th Floor
Wilmington, DE 19899
(302) 652-5070

Joseph A. Herriges
FISH & RICHARDSON P.C.
3200 RBC Plaza, 60 South Sixth Street
Minneapolis, MN 55402
(612) 337-2579
herriges@fr.com

1

dmccann@fr.com; hufnal@fr.com;
fiorella@fr.com

**Counsel for Defendant Powder Springs Logistics, LLC**:

Rodger D. Smith II (#3778)
MORRIS, NICHOLS, ARSHT &
TUNNELL LLP
1201 North Market Street
Wilmington, DE 19801
(302) 658-351-9205
rsmith@mnat.com

David S. Moreland
John W. Harbin
MEUNIER CARLIN & CURFMAN LLC
999 Peachtree St., N.E., Suite 1300
Atlanta, GA 30309
(404) 645-7700
dmoreland@mcciplaw.com;
jharbin@mcciplaw.com

## I.     NATURE OF THE CASE

1.     This is an action for patent infringement.  The plaintiff in this case is Sunoco Partners Marketing & Terminals L.P. ("Sunoco").  Sunoco has asserted three patents in this case against the defendants.  Those patents will collectively be referred to as "the Asserted Patents" and include: U.S. Patent No. 6,679,302 ("the '302 patent"), U.S. Patent No. 7,032,629 ("the '629 patent"), and U.S. Patent No. 9,207,686 ("the '686 patent").

2.     The defendants in this case are Magellan Midstream Partners, L.P. ("Magellan") and Powder Springs Logistics, LLC ("Powder Springs"), collectively referred to as "Defendants." Defendant Magellan owns and operates systems for blending butane into gasoline at various locations throughout the United States.  Defendant Powder Springs is a joint venture between affiliates of Magellan and the Colonial Pipeline Company that was formed for the purpose of constructing and operating a facility near Atlanta, Georgia, that blends butane into gasoline flowing through the Colonial pipeline, which is an interstate pipeline from Houston, Texas, to Linden, New Jersey.

3. Sunoco alleges that Defendants' butane blending systems and methods identified below (collectively, "Accused Systems") infringe the following claims of the Asserted Patents (collectively, "the Asserted Claims"), as follows:

| Patent | Defendant Magellan | | Defendant Powder Springs | |
|---|---|---|---|---|
| '302 Patent | Claims 3, 16, 17 | Rack[1] | – | |
| '629 Patent | Claims 18, 22, 31, 32 | Inbound Pipeline, Rack | – | |
| '686 Patent | Claim 3 | Inbound Pipeline; Pipeline to Pipeline | Claim 3 | Pipeline to Pipeline |

4. Defendants deny Sunoco's allegations and object to Sunoco's characterization of the blending systems as "rack", "inbound pipeline," or "pipeline to pipeline" systems. Sunoco's characterization suggests that Magellan has and designs different types of blending systems, when it does not. Magellan designs one type of feedback blending system that it uses at different locations. Defendants also assert various affirmative defenses, including that Defendants do not infringe the Asserted Patents and that the Asserted Patents are invalid. Defendants also seek declaratory judgments that the Asserted Patents are not infringed by Defendants and are invalid. Additionally, Defendants contend that Sunoco is equitably estopped from asserting the '302 and '629 patents against Defendants.

## II. JURISDICTION

5. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 100, *et seq*.

6. Jurisdiction and venue are not disputed. The subject-matter jurisdiction of the Court is proper under 28 U.S.C. §§ 1331 and 1338(a). The personal jurisdiction of the Court is

---

[1] Nikolaou Rebuttal Report, ¶¶ 38-39 ("I do not have substantive disagreement with Dr. Kytomaa's short hand characterizations of the facilities as 'inbound,' 'outbound,' and 'pipeline to pipeline' blending systems. . . . I disagree with Dr. Kytomaa's claim that any of the accused facilities are 'rack' blending systems.").

3

proper because Defendants are limited partnerships and/or limited liability companies organized under the laws of the State of Delaware.  Venue is proper in this District under 28 U.S.C. §§ 1391 and/or 1400(b) because Defendants are limited partnerships and/or limited liability companies organized under the laws of the State of Delaware.

### III. FACTS

#### A. Uncontested Facts

7. A joint statement of uncontested facts is set forth in **Exhibit 1**.  These proposed uncontested facts require no proof at trial and will become part of the evidentiary record in this case.  Any party, with prior notice to all other parties, may read any or all of the uncontested facts to the jury or Court, and will be charged for the time used to do so.

#### B. Contested Facts

8. Sunoco's Statement of Contested Issues of Fact is attached as **Exhibit 2**.

9. Defendants' Statement of Contested Issues of Fact is attached as **Exhibit 3**.

### IV. ISSUES OF LAW

10. Sunoco's Statement of Contested Issues of Law is attached as **Exhibit 4**.

11. Defendants' Statement of Contested Issues of Law is attached as **Exhibit 5**.

### V. WITNESSES

12. The witnesses each party expects to call at trial are identified below.  Any witness not listed will be precluded from testifying, absent good cause shown.   Also, unless the parties reach an alternative agreement, the order of the presentation of evidence will follow the burden of proof, which shall be:

**Liability Phase**

| | |
|---|---|
| Phase I: | Sunoco's case-in-chief on infringement |
| Phase II: | Defendants' response on infringement, and case-in-chief on invalidity and other defenses |

4

|  | Phase III: | Sunoco's rebuttal on infringement, and response on invalidity and other defenses |
|---|---|---|
|  | Phase IV: | Defendants' rebuttal on invalidity and other defenses |

**Damages Phase**

|  | Phase I: | Sunoco's case-in-chief on damages |
|---|---|---|
|  | Phase II: | Defendants' response on damages |
|  | Phase III: | Sunoco's rebuttal on damages |

13. The parties will provide notice two calendar days in advance of when the party anticipates resting its case-in-chief during the liability phase of this case. For example, if Sunoco expects to rest its case-in-chief on infringement on Wednesday, notice should be given to Defendants' counsel on Monday by 7:00 p.m.

14. The parties will identify by email to the other side the witnesses they intend to call live in the order in which they will be called by 9:00 p.m. two calendar days before such witness will be called to testify. For example, if the party expects to conduct the examination on Thursday, notice should be given to the opposing party by 9:00 p.m. on Tuesday. The other parties shall identify any objections to such witness(es) by 7:30 p.m. the following day, and the parties shall meet and confer to resolve any objections by 10:00 p.m. that same evening. If good faith efforts to resolve the objections are unsuccessful, the party objecting to the witness shall bring its objections to the Court's attention at the beginning of the day. Each party shall update its list of expected witnesses by 8:00 p.m. at the end of each trial day.

    **A.**    **List of Witnesses the Plaintiff Expects to Call**

15. Sunoco's list of fact and expert witnesses is attached as **Exhibit 6**.

    **B.**    **List of Witnesses Defendants Expect to Call**

16. Defendants' list of fact and expert witnesses is attached as **Exhibit 7**.

## C. Testimony by Deposition

17. Sunoco's list of designations, Defendants' counter-designations, Sunoco's counter-counter designations of prior testimony, and any objections to the admission of such deposition testimony is attached hereto as **Exhibit 8**.

18. Defendants' list of designations, Sunoco's counter-designations, Defendants' counter-counter designations of prior testimony, and any objections to the admission of such deposition testimony is attached hereto as **Exhibit 9**.

19. This pretrial order contains the maximum universe of deposition designations, counter-designations, and objections to admission of deposition testimony, except as necessary to establish foundation or authenticity of an exhibit. None of the foregoing shall be supplemented without approval of all parties or leave of the Court, on good cause shown, although the parties anticipate making further cuts, if necessary, during their rolling disclosures for trial and specifically reserve the right to rely on each other's designations during the process of those exchanges.

20. The party calling the witness by deposition shall disclose the final designations to be played at trial by 7:00 p.m. three (3) calendar days before the witness is to be called at trial. The other side must identify any objections to the designated testimony and any counter designations no later than 7:00 p.m. two (2) calendar days before the witness is to be called at trial to permit the designating party to provide any counter-counters. The designating party shall provide its counter-counters by 9:00 p.m. two (2) calendar days before the witness is to be called at trial. The parties shall meet and confer as to any objections no later than 10:00 p.m. two (2) calendar days before the witness is to be called at trial. If there are objections that remain to be resolved, the party calling the witness by deposition shall, no later than 8:30 a.m. one (1) calendar day before the witness is to be called at trial, submit, on behalf of all parties: (i) a copy of the entire

deposition testimony of the witness at issue, clearly highlighting the designations, counter-designations, and pending objections; and (ii) a cover letter clearly identifying the pending objections as well as a brief indication (i.e., no more than one sentence per objection) of the basis for the objection and the offering party's response to it. Failure to comply with these procedures, absent an agreement by the parties and approval by the Court, will result in waiver of the use of the deposition testimony or waiver of objection to the use of the deposition testimony.

[**DEFENDANTS PROPOSE TO ADD**: Any videotape deposition excerpts that the party calling the witness by deposition intends to use in Court shall also be disclosed by 7:00 p.m. one (1) calendar day before the witness is to be called at trial. Providing the clips as they will be played is important to confirm that the video editor did not mistakenly include, or exclude, material identified in the transcript.]

[**SUNOCO'S RESPONSE**: Both parties have the videotaped depositions in their possession and can review the respective portions of the designations on their own. Thus, Sunoco views this as an unnecessary step and an inefficient use of resources in the midst of trial. Sunoco agrees to provide the final page and line numbers by 7:00 p.m. one (1) calendar day before the witness is to be called at trial.]

21. All irrelevant and redundant material, including colloquy between counsel and objections, will be eliminated when the deposition is read or viewed at trial.

22. When the witness is called to testify by deposition at trial, the party calling the witness shall provide the Court with two copies of the transcript of the designations and counter-designations that will be read or played. The parties will be charged for all time that elapses from the time the witness is called until the next witness is called, according to the proportions to be provided by the parties.

### D.  Objections to Expert Testimony

23.  The parties agree that the Court should rule at trial on objections to expert testimony as beyond the scope of expert disclosures, taking time from the parties' trial presentation to argue and decide such objections.  The time taken from trial presentation shall be charged to the party that loses the objection.  For example, if Sunoco objects to Defendants' expert's trial testimony as beyond the scope of expert disclosures, and that objection is overruled, the time to address that objection shall be charged to Sunoco.

## VI.  EXHIBITS

### A.  Exhibits

24.  Sunoco's list of exhibits, and Defendants' objections to those exhibits, is attached as **Exhibit 10**.  Plaintiff will provide a list of pre-marked exhibits to be offered at trial identified by numbers prefixed with PTX.

25.  Defendants' list of exhibits, and Plaintiff's objections to those exhibits, is attached as **Exhibit 11**.  Defendants will provide a list of pre-marked exhibits to be offered at trial identified by numbers prefixed with DTX.

26.  According to Federal Rule of Evidence 1006, the parties reserve the right to use a summary, chart, or calculation to prove the content of voluminous documents, such as Defendants' QMS data, blending volumes, and financial data generally in their trial presentations and examinations.  The summaries must be identified on the respective party's list of exhibits and produced to the other side no later than one week before the start of trial.  The parties agree to confer in good faith in an effort to resolve any objection to such summary exhibits.

27.  This pretrial order contains the maximum universe of exhibits to be used by any party, as well as all objections to the admission of such objections.  Nonetheless, the parties have agreed that the deadline to supplement the exhibit list to include additional exhibits is one week

8

before the start of trial, after which the exhibit list shall not be supplemented without approval of all parties or leave of the Court, on good cause shown.  Exhibits not listed will not be admitted unless good cause is shown.

28.   Any documents or prior sworn testimony or portion thereof, not specifically identified herein or offered into evidence, may still be used at trial for purposes of impeachment, if otherwise competent for such purposes, absent any order to the contrary (e.g. materials the Court has struck from the case).  Impeachment material (e.g., a document or prior sworn testimony) may be shown to the jury at the time of impeachment.

29.   No exhibit will be admitted unless offered into evidence through a witness, who must at least be shown the exhibit.  At some point before the completion of the witness' testimony, any party that has used an exhibit with the witness and wishes that exhibit to be admitted into evidence must formally move the exhibit into evidence, by exhibit number.  Exhibits may not be published, displayed, or otherwise shown to the jury until after they have been admitted into evidence.  Once admitted, counsel may publish exhibits to the jury without requesting to do so.

30.   A party will provide exhibits to be used in connection with direct examination and indicate which witness each exhibit will be used with, by 9:00 p.m. two days before their intended use, and objections will be provided no later than 7:30 p.m. the night before their intended use. However, a party may supplement this list by 7:00 p.m. the night before their intended use, on good cause shown. The parties will confer regarding any such objections no later than 10:00 p.m. the night before.  If good faith efforts to resolve the objections fail, the party objecting to the exhibits shall bring its objections to the Court's attention prior to the witness being called to the witness stand.  Failure to comply with these procedures, absent an agreement by the parties and

approval by the Court, will result in waiver of the use of an exhibit or waiver of objection to the exhibit.

31. Exhibits not objected to will be received into evidence by the operation of the Final Pretrial Order without the need for additional foundation testimony, provided they are shown to a witness.

32. On or before the first day of trial, counsel will deliver to the Courtroom Deputy a completed AO Form 187 exhibit list for each party.

33. The parties agree that any description of a document on an exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding the listed document or any other listed document.

34. A party may replace poor print or digital quality copies of exhibits with improved or higher print or digital quality copies. The parties will undertake good-faith efforts to provide all replacement copies to the other party no later than the deadline to supplement the exhibit list (provided above), and may provide any newly identified replacement copy the day prior to use.

35. Any party may use an exhibit that is listed on the other party's exhibit list, to the same effect as though it were on its own exhibit list, subject to all evidentiary objections. Any exhibit, once admitted at trial, may be used equally by either party for any proper purpose in accordance with the Federal Rules or Evidence.

[**DEFENDANTS PROPOSE TO ADD**: The listing of a document on a party's exhibit list is not an admission that such document is relevant or admissible when offered by the opposing party for the purpose that the opposing party wishes to enter the document into evidence. Nor does a party's objections to the opposing party's use of an exhibit bar the party from itself using the exhibit in accordance with the Federal Rules of Evidence.]

[**SUNOCO'S RESPONSE**: Defendants' proposed addition is unnecessary. The Federal Rules of Evidence already apply to all exhibits (whether listed on a party's own exhibit list, the opposing party's exhibit list, or both), including as to relevancy and admissibility, and in this pretrial order, the parties have already agreed that "[n]o exhibit will be admitted unless offered into evidence through a witness, who must at least be shown the exhibit." This provision, together with the Federal Rules of Evidence, should address Defendants' concern.]

[**DEFENDANTS' RESPONSE**: The Federal Rules of Civil Procedure require disclosure of any exhibits any party may use at trial, but the Federal Rules of Evidence do not identify listing an exhibit on an exhibit list as grounds for admissibility. Indeed, many factors impact the admissibility of an exhibit, including who the exhibit is offered into evidence by and for what purpose. Defendants thus disagree that the mere listing of an exhibit on its own exhibit list means the exhibit may be admitted by the other party under the Federal Rules of Evidence.]

### B.   Demonstrative Exhibits

36.   The parties agree that the demonstrative exhibits the parties intend to use at trial do not need to be included on their respective lists of trial exhibits. Sunoco's demonstratives will be identified with PDX numbers. Defendants' demonstratives will be identified with DDX numbers.

37.   The parties will exchange demonstratives to be used in opening statements by 7:30 a.m. the morning of opening statements. The parties will meet and confer thereafter and raise any remaining issues with the Court before opening statements. The parties will not exchange demonstratives to be used in closing arguments.

38.   A party will provide demonstrative exhibits to be used in connection with direct examination by 7:00 p.m. the night before their intended use, and objections will be provided no later than 8:30 p.m. the night before their intended use. The parties will confer regarding any such objections no later than 10:00 p.m. the night before their intended use. If any of the demonstratives

change after the deadline, the party intending to use the demonstrative will promptly notify the opposing party of the change(s).

39. The party seeking to use a demonstrative will provide a color representation of the demonstrative to the other side in PDF form. However, for video or animations, the party seeking to use the demonstrative will provide it to the other side on a DVD/CD, or by email/FTP. For irregularly sized physical exhibits, the party seeking to use the demonstrative will provide a color representation as a PDF of 8.5 x 11 copies of the exhibits.

40. This provision does not apply to demonstratives created during testimony or demonstratives to be used for cross-examination, neither of which need to be provided to the other side in advance of their use. In addition, blow-ups or highlights of exhibits or parts of exhibits or testimony are not required to be provided to the other side in advance of their use.

41. If good faith efforts to resolve objections to demonstrative exhibits fail, the objecting party shall bring its objections to the Court's attention prior to the opening statements or prior to the applicable witness being called to the witness stand. Failure to comply with these procedures, absent an agreement by the parties and approval by the Court, will result in waiver of the use of an exhibit or waiver of objection to the exhibit.

## VII.    DAMAGES

42. Sunoco's itemized statement of all damages, including special damages, is attached as **Exhibit 12**. Sunoco reserves the right to supplement its statement of damages to incorporate Defendants' accused blend volumes from March 2020 to current. Sunoco further reserves the right to amend and/or supplement its statement of damages in response to any rulings from the Court on Defendants' "Motion to Preclude Certain of Sunoco's Damages Theories and to Require Sunoco to Disclose the Total Damages Amount it Intends to Seek at Trial." D.I. 641.

[**DEFENDANTS' RESPONSE:** Defendants reserve the right to object to any attempt by Sunoco to change and/or supplement Sunoco's damages disclosure.]

## VIII. BIFURCATED TRIAL

43. The parties do not request a bifurcated trial, other than for nonjury issues as identified in Section XII.

## IX. MOTIONS IN LIMINE

44. The parties' motions *in limine* ("MIL") are attached hereto as follows:

**Exhibit 13(A)–(C)**:   Sunoco's MIL No. 1, Defendants' opposition, Sunoco's Reply

**Exhibit 14(A)–(C)**:   Sunoco's MIL No. 2, Defendants' opposition, Sunoco's Reply

**Exhibit 15(A)–(C)**:   Sunoco's MIL No. 3, Defendants' opposition, Sunoco's Reply

**Exhibit 16(A)–(C)**:   Defendants' MIL No. 1, Sunoco's opposition, Defendants' Reply

**Exhibit 17(A)–(C)**:   Defendants' MIL No. 2, Sunoco's opposition, Defendants' Reply

**Exhibit 18(A)–(C)**:   Defendants' MIL No. 3, Sunoco's opposition, Defendants' Reply

## X. DISCOVERY

45. Each party has completed discovery.

## XI. NUMBER OF JURORS

46. There shall be nine jurors. The Court will conduct jury selection through the "struck juror" method, beginning with the Court reading voir dire to the jury panel in the courtroom, continuing by meeting with jurors individually in chambers or at sidebar and there addressing any challenges for cause, and concluding with peremptory strikes.

## XII. NON-JURY TRIAL

47. The parties agree that certain issues in this case are issues for the Court to determine, specifically: (1) whether, if the jury finds Defendants liable, an injunction is appropriate in this case; (2) whether this case is an exceptional case, and if so, whether enhanced damages,

attorneys' fees, and/or costs are warranted; (3) to the extent Plaintiff relies on the doctrine of equivalents to allege infringement, whether Plaintiff's claims are barred because the asserted scope of equivalency encompasses or ensnares the prior art; (4) whether Plaintiff is equitably estopped from asserting the '302 and '629 patents against Magellan; and (5) whether any claims are invalid under 35 U.S.C. § 101 for being directed to patent-ineligible subject matter.

48.  The parties propose that any briefing schedule be set after the conclusion of trial.

### XIII. LENGTH OF TRIAL

49.  The trial will be timed. Unless otherwise ordered, time will be charged to a party for its opening statement, direct and redirect examinations of witnesses it calls, cross-examination of witnesses called by any other party, closing argument, its argument on any motions for judgment as a matter of law, and all sides' argument on objections a party raises (outside the presence of the jury) to another party's exhibits and demonstrative exhibits.

50.  The Courtroom Deputy will keep a running total of trial time used by counsel. If any party uses all of its allotted trial time, the Court will terminate that party's trial presentation.

51.  This matter is scheduled for an eight day trial starting on November 29, 2021, with jury selection scheduled for November 23, 2021. D.I. 621. Considering the Court's procedures for counting time, and considering the nature and extent of the parties' disputes, the parties request **17 hours per side** for their trial presentation.

### XIV. MOTIONS FOR JUDGMENT AS A MATTER OF LAW

52.  The parties propose that motions for judgment as a matter of law be made and argued during breaks when the jury is out of the courtroom or at the end of the day after the jury has been dismissed. The parties agree that such motions will be raised with the Court at the first break after the appropriate point during trial so that the Court may inform the parties when such motions will be heard and whether the Court wishes to receive briefing.

53.	The parties agree that motions may be supplemented by post-trial briefing.

## XV.	AMENDMENTS OF THE PLEADINGS

54.	The parties disagree as to whether, if Magellan needed to specifically plead a non-infringement defense based on 35 U.S.C. § 273, the Court should deem Magellan's answer amended to include such a defense. The parties have briefed this issue at one brief per party, no more than 2 pages, in the attached **Exhibits 19(A) and (B)**: Sunoco's position, Magellan's position.

## XVI.	ADDITIONAL MATTERS

### A.	Jury Notes

55.	The parties agree that the jurors be permitted to take handwritten notes during the presentations of the parties and that jurors be permitted to bring these notebooks and handwritten notes into the deliberation room. The parties further propose that the jurors be instructed not to share the notebooks with each other (though they can discuss the contents of their notes) and that the notebooks be collected and destroyed after the verdict without review. The parties further agree that the juror notebooks may include copies of the Asserted Patents, any agreed upon glossary of terms, photographs of the witnesses, and the claim constructions.

### B.	Handling of Confidential Information at Trial

56.	The parties anticipate that the majority of the trial will be open to the public and not sealed unless a party specifically requests that a particularly sensitive portion be sealed. If a party makes such a request, subject to the Court's approval, and for good cause shown, the courtroom shall be cleared of those individuals not qualified under the Protective Order entered in this case, except that each party may designate one corporate representative who may remain in the courtroom throughout the entirety of trial. Each party must notify the opposing party of the identity of this corporate representative 7:00 pm three (3) days before trial.

57. Transcripts of any sealed testimony, and exhibits entered while the courtroom is sealed, shall remain under seal until thirty (30) days after the conclusion of the trial. Prior to that time, the parties may designate, by page and line designations, the portions of the transcript they seek to have filed under seal and the exhibits they seek to have placed under seal, subject to the Court's approval. Counsel for the parties shall be responsible for supplying the necessary envelopes and labels for any materials placed under seal.

### C.     Sequestration of Witnesses

58. Pursuant to FED. R. EVID. 615, the parties request that the Court prevent fact witnesses from hearing the testimony of other witnesses. The parties further request that in accordance with provision (2) of Rule 615, this exclusion rule will not apply to the officer or employee designated by each party as its representative. The parties also agree that a party may designate one alternate corporate representative in case the originally designated corporate representative is unavailable for a full day of trial. The parties further request that expert witnesses not be excluded for either fact or expert testimony.

### D.     Set-up of Electronic and Computer Devices

59. The parties request that the Court grant access to the Courtroom on the day before trial begins for the purposes of setting up electronic and computer devices.

60. To the extent that both parties are utilizing common equipment in the Courtroom, the parties will share the cost of that equipment.

### E.     Federal Judicial Center Introduction to the Patent System Video

61. The parties stipulate that the video will be played as part of the Court's preliminary jury instructions.

    **F.**    **Testimony of Defendants' Damages Expert**

    62.    Defendants note that Sunoco has identified Defendants' damages expert, Dr. Maness, as a "will call" witness. Defendants object to Sunoco calling Dr. Maness as a live witness in its case-in-chief. To the extent Sunoco seeks to rely on Dr. Maness's opinions in an attempt to prove non-zero damages, which Defendants object to, Sunoco should only be allowed to do so through the cross-examination of Dr. Maness during Defendants' affirmative presentation, should Defendants bring him to trial, or through deposition designations.

    63.    Sunoco disagrees with Defendants' objections. Sunoco intends to call Dr. Maness in its case-in-chief on damages, either live or by deposition, as indicated on Sunoco's witness list (Exhibit 6) and deposition designations (Exhibit 8).

**XVII.  SETTLEMENT**

    64.    The parties have engaged in discussions regarding resolution of the controversy by settlement and continue to do so. However, at present, no settlement has been reached.

**IT IS HEREBY ORDERED** that this Final Pretrial Order shall control the subsequent course of the action, unless modified by the Court to prevent manifest injustice.

| | |
|---|---|
| PHILLIPS, MCLAUGHLIN & HALL, P.A. | FISH & RICHARDSON |
| */s/ John C. Phillips, Jr.*<br>John C. Phillips, Jr. (#110)<br>Megan C. Haney (#5016)<br>1200 North Broom Street<br>Wilmington, Delaware 19806-4204<br>Tel. (302) 655-4200<br>jcp@pmhdelaw.com<br>mch@pmhdelaw.com<br><br>*Attorneys for Plaintiff* | */s/ Nitika Gupta Fiorella*<br>Douglas E. McCann (#3852)<br>Martina Tyreus Hufnal (#4771)<br>Nitika Gupta Fiorella (#5898)<br>222 Delaware Avenue, 17th Floor<br>Wilmington, DE 19801<br>(302) 658-5070<br>dmccann@fr.com<br>hufnal@fr.com<br>fiorella@fr.com<br><br>*Attorneys for Defendant Magellan Midstream Partners, L.P.*<br><br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Rodger D. Smith, II*<br>Rodger D. Smith, II (#3778)<br>1201 North Market Street, 16th Floor<br>Wilmington, DE 19801<br>(302) 658-9200<br>rsmith@mnat.com<br><br>*Attorneys for Defendant Powder Springs Logistics, LLC* |

Dated: November 4, 2021

DATED: _____

_____
UNITED STATES DISTRICT JUDGE