# Exhibit 14

# Proposed Pretrial Order

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SUNOCO PARTNERS MARKETING &
TERMINALS L.P.

　　　　　　　　　　Plaintiff,

　　　　v.

POWDER SPRINGS LOGISTICS, LLC and
MAGELLAN MIDSTREAM PARTNERS,
L.P.

　　　　　　　　　　Defendants.

C.A. No. 17-1390 (LPS-CJB)

**EXHIBIT 14(A):**

**PLAINTIFF'S MOTION *IN LIMINE* NO. 2
TO EXCLUDE ANY ARGUMENT OR EVIDENCE
RELATING TO PRIOR RULINGS OR ORDERS**

Dated: June 18, 2020

John C. Phillips, Jr. (No. 110)
Megan C. Haney (No. 5016)
PHILLIPS, MCLAUGHLIN & HALL, P.A.
1200 North Broom Street
Wilmington, Delaware 19806
(302) 655-4200
jcp@pmhdelaw.com
mch@pmhdelaw.com

*Attorneys for Plaintiff Sunoco Partners
Marketing & Terminals, L.P.*

Of Counsel:
John Keville
Michelle Replogle
Richard McCarty
Michael Krill
WINSTON & STRAWN LLP
800 Capitol St., Suite 2400
Houston, Texas 77002
(713) 651-2600 (phone)
(713) 651-2700 (fax)

Sunoco moves *in limine* to preclude Defendants from offering any argument, testimony, or evidence regarding the Court's prior rulings and orders (other than the Court's claim constructions).  To the extent the Court's prior rulings and orders have any probative value on the remaining issues to be tried (i.e., infringement, validity, and damages), it would be substantially outweighed by the risk of jury confusion and unfair prejudice to Sunoco.  As such, the Court should exclude any such argument, testimony, and evidence under FED. R. EVID. 403.

As an example, there is no probative value in informing the jury that the Court struck Dr. Ugone's damages opinions because the Court has already determined that the jury will not be allowed to hear Dr. Ugone's damages opinions.  D.I. 547, 11–14.  Moreover, if there was any relevance, it would be substantially outweighed by the risk of unfair prejudice to Sunoco and the potential for jury confusion, as there is too much risk that the jury will give the Court's prior *Daubert* rulings undue weight.  *See, e.g.*, *Vaporstream, Inc. v. Snap Inc.*, No. 17-cv-00220, 2020 WL 978731, at *10 (C.D. Cal. Feb. 28, 2020) (excluding any reference to court's *Daubert* order and "any prior *Daubert* orders from other cases," finding "any potential relevance of the *Daubert* order is substantially outweighed by the risk of unfair prejudice to [patentee] and the potential for jury confusion," as "[t]here is too much of a risk that the jury will give the Court's prior Daubert order undue weight given that it is an order by the same Court that will preside over the trial"); *see also Integra LifeSciences Corp. v. HyperBranch Med. Tech., Inc.*, No. CV 15-819-LPS-CJB, 2018 WL 2186677, at *1 (D. Del. May 11, 2018) (Stark, J.) (granting motion in limine "to exclude evidence and arguments relating to the Court's pre-trial rulings").

In addition, Defendants should be precluded from referencing the Court's prior order granting summary judgment that claims 23, 24, and 30 of the '302 patent are invalid under § 101. D.I. 523, 4–6.  While the validity of those claims is no longer at issue, Defendants still assert that

other claims are invalid under § 101.  *See* Pretrial Order, Ex. 3, Ex. 5.  However, the Court's rulings that certain claims are invalid under § 101 is not relevant to whether other asserted claims (which contain different limitations) are invalid under § 101 because "a § 101 patentability analysis is directed to the claim ***as a whole***, not individual limitations."  *King Pharm., Inc. v. Eon Labs, Inc.*, 616 F.3d 1267, 1277 (Fed. Cir. 2010) (emphasis added).  Moreover, the Court's § 101 rulings are not relevant to anticipation under § 102 or obviousness under § 103.  Allowing Defendants to reference the Court's § 101 rulings risks misleading the jury into giving too much weight to the Court's determination that some claims were invalid, when the jury is considering the validity of other asserted claims at trial.  Thus, the Court should preclude any reference to the Court's § 101 rulings under FED. R. EVID. 403.  *See Vaporstream*, 2020 WL 978731, at *10–13 (excluding any reference to court's prior § 101 order finding certain claims invalid).

Indeed, this Court and others have routinely excluded evidence of prior rulings and orders (other than ultimate claim constructions), finding that prior rulings have minimal probative value that is substantially outweighed by the risk of jury confusion, the risk of misleading the jury, and the risk of causing unfair prejudice.  *See, e.g.*, *Integra*, 2018 WL 2186677, at *1 (Stark, J.) ("The Court agrees with Plaintiffs that informing the jury of what the Court has ruled prior to trial (other than providing the jury the Court's claim constructions, but not the Court's claim construction opinion or reasoning) would be unfairly prejudicial, confusing, and waste time (given the context that would need to be given to the jury).  The limited, if any, probative value of informing the jury of the Court's rulings on disputes the parties have previously presented is substantially outweighed by these concerns."); *Vaporstream*, 2020 WL 978731, at *10, *13 ("The Court agrees with [plaintiff] that, in general, the parties should be precluded from referencing the Court's prior rulings and orders other than the Court's claim constructions due to the substantial risk of

confusing and misleading the jury. . . . The Court precludes any reference to the Court's prior rulings and orders, other than the Court's claim constructions . . . ."); *Century Wrecker Corp. v. E.R. Buske Mfg. Co.*, 898 F. Supp. 1334, 1345 (N.D. Iowa 1995) (finding "the prejudicial value of the court's prior ruling upon the jury's decisions on the remaining issues is excessive," and holding "no part of the court's summary judgment ruling is admissible"); *US Foam, Inc. v. On Site Gas Sys., Inc.*, 735 F. Supp. 2d 535, 560 (E.D. Tex. 2010) ("[T]he parties are ordered to refrain from mentioning any portion of this [claim construction] opinion, other than the actual definitions adopted by the court, in the presence of the jury.  Any reference to claim construction proceedings is limited to informing the jury of the definitions adopted by the court."); *Hewlett-Packard Co. v. Mustek Sys., Inc.*, No. 99-CV-351, 2001 WL 36166855, at *4 (S.D. Cal. June 11, 2001) (granting motion *in limine* "to exclude reference to any statement, finding, or ruling in the Court's summary judgment orders").

For these reasons, Sunoco respectfully requests that the Court grant Sunoco's motion *in limine* to preclude any argument, testimony, or evidence regarding the Court's prior rulings and orders (other than the Court's claim constructions).

Dated: June 18, 2020

Respectfully submitted,

*/s/ John C. Phillips, Jr.*
John C. Phillips, Jr. (No. 110)
Megan C. Haney (No. 5016)
PHILLIPS, MCLAUGHLIN & HALL, P.A.
1200 North Broom Street
Wilmington, Delaware 19806
(302) 655-4200
jcp@pmhdelaw.com
mch@pmhdelaw.com

*Attorneys for Plaintiff Sunoco Partners Marketing & Terminals, L.P.*

Of Counsel:
John Keville
Michelle Replogle
Richard McCarty
Michael Krill
WINSTON & STRAWN LLP
800 Capitol St., Suite 2400
Houston, Texas 77002
(713) 651-2600 (phone)
(713) 651-2700 (fax)

<u>CERTIFICATE OF SERVICE</u>

I, Megan C. Haney, hereby certify that on June 18, 2020, a copy of the Plaintiff's Motion *in*

*Limine* No. 2 was served on the following via electronic mail:

Rodger D. Smith, II
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
Wilmington, DE 19801
rsmith@mnat.com

David S. Moreland
John W. Harbin
Stephen M. Schaetzel
Meunier Carlin & Curfman LLC
999 Peachtree Street, N.E., Suite 1300
Atlanta, GA 30309
dmoreland@mcciplaw.com
jharbin@mcciplaw.com
sschaetzel@mcciplaw.com

Douglas E. McCann
Martina Tyreus Hufnal
Nitika Gupta Fiorella
Fish & Richardson P.C.
222 Delaware Avenue,17[th] Floor
Wilmington, DE 19801
dmccann@fr.com
hufnal@fr.com
fiorella@fr.com

Joseph A. Herriges
Fish & Richardson P.C.
3200 RBC Plaza
60 South Sixth Street
Minneapolis, MN 55402
herriges@fr.com

*/s/ Megan C. Haney*
Megan C. Haney (#5016)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SUNOCO PARTNERS MARKETING & TERMINALS L.P. | |
| Plaintiff, | |
| v. | C.A. No. 17-1390 (LPS-CJB) |
| POWDER SPRINGS LOGISTICS, LLC and MAGELLAN MIDSTREAM PARTNERS, L.P. | ▮▮▮▮▮▮▮▮ |
| Defendants. | |

**EXHIBIT 14(B):  DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION *IN LIMINE* NO. 2 TO EXCLUDE ANY ARGUMENT OR EVIDENCE
<u>RELATING TO PRIOR RULINGS OR ORDERS</u>**

Sunoco's motion regarding the Court's prior rulings is simply too expansive: it seeks broad exclusion of *all* prior rulings, irrespective of the balance between their individual probative value and alleged prejudice. The request is particularly problematic when it comes to Dr. Ugone, because Sunoco is now relying on Defendants' expert to support its damages claim. Given this situation, which is entirely of Sunoco's own making, Defendants should be able to present the jury with the full picture: the only reason Sunoco is relying on Dr. Maness is because Sunoco and Dr. Ugone repeatedly relied on a legally flawed and unreliable theory. Rather than confuse the jury, explaining the exclusion of Dr. Ugone would *reduce* confusion by providing necessary context and help cure the significant prejudice to Defendants by having their expert's analysis presented against them. Further, Sunoco still plans on offering Dr. Ugone to testify on commercial success, where his analysis is again based on Sunoco's BSAs. (*See* Ex. C (Plaintiff's Witness List), at 2.)[1] The Court's exclusion of Dr. Ugone's flawed damages theory is thus directly relevant to the same issues on which Sunoco intends to offer Dr. Ugone's testimony. Particularly if the court allows this testimony, Defendants should be permitted to use the prior order to attack Dr. Ugone's credibility. The Court should deny Sunoco's motion.

## I.     BACKGROUND

The Court excluded Dr. Ugone's damages opinions for failure to comply with the law. (*See* D.I. 547.) Now, without an expert to marshal its damages case for the jury, Sunoco plans to rely on Defendants' damages expert, Dr. Maness. Importantly, however, Dr. Maness never provided an affirmative opinion on the amount of damages; he simply rebutted Dr. Ugone's opinion, and provided an absolute upper bound of reasonableness of possible damages to show

---

[1] Sunoco has also stated that it intends to rely on Dr. Ugone for other aspects of its damages case. Defendants also object to this, and have addressed it in the Pretrial Order.

*how unreasonable Dr. Ugone's opinions on damages were.* (*See* D.I. 571-1 at 95:10-17.)

While Dr. Ugone can no longer testify on damages, Sunoco is still offering him on objective factors of non-obviousness. There, Dr. Ugone again opines that the BSAs as a whole are evidence that the patents, which form just a part of the BSAs, are non-obvious. (*See, e.g.*, Ex. A (Kytomaa's Validity Report), ¶¶ 726-732; Ex. B (Ugone's Secondary Considerations Report), ¶¶ 28-30, 35-39.) Notably, as part of its *Daubert* ruling, the Court found unreliable Dr. Ugone's conclusion that Sunoco's licensees were driven to enter Sunoco's BSAs, and therefore license the patents, solely because of the value of the patents. (*See* D.I. 547 at 12-13.)

## II.    ARGUMENT

The Court should allow Defendants to tell the jury about the Court's prior rulings with respect to Dr. Ugone for at least two reasons. First, if Sunoco is able to rely on Dr. Maness's opinions at trial, Defendants should be permitted to explain why Sunoco is doing this: because the Court excluded Sunoco's expert for using a legally flawed and unreliable theory. Allowing Sunoco, without full context, to adopt and present Dr. Maness's analysis—created in rebuttal to Dr. Ugone—as if Dr. Maness had affirmatively provided an opinion for the damages owed to Sunoco would be incomplete, misleading, and confusing, and could be viewed as an admission by Defendants that they owe damages. (*See* D.I. 569 at 8-11.) Allowing Defendants to explain why this is the case will help alleviate that prejudice. It is also tailored to address a harm that is one of Sunoco's own making: the need to call Dr. Maness to support its damages case because of its conscious and continued failure to offer a legally viable damages theory. Indeed, courts have recognized the probative value of prior rulings used for limited purposes. *See Applied Med. Res. Corp. v. U.S. Surgical Corp.*, 435 F.3d 1356, 365-66 (Fed. Cir. 2006) (affirming admission of a prior verdict between the parties because its probative value outweighed its prejudicial effect);

*ICU Med. Inc. v. RyMed Techs., Inc.*, 752 F.Supp.2d 486, 490 (D. Del. 2010) (allowing prior claim construction order for the limited purpose of willfulness).[2]

Second, Defendants should be permitted to use the Court's exclusion of Dr. Ugone's theories to cross-examine Dr. Ugone on at least commercial success. Sunoco alleges the commercial success is evidenced in part by the same BSAs that formed the basis for his excluded damages opinion. (Ex. A, ¶¶ 726-732.) To do so, Sunoco must show a nexus between the patented technology and the BSAs to show commercial success. To the extent Dr. Ugone continues to rely on the BSAs as evidence of commercial success, Defendants should be permitted to explain that Dr. Ugone's expert opinion on damages was excluded for a faulty over-valuation of the BSAs. Courts have recognized that prior exclusion of expert testimony on related issues is fair game on cross-examination to attack the expert's credibility. *See e.g.*, *Scordill v. Louis Ladder Grp., LLC*, No. Civ. A. 02-2565, 2004 WL 307475, at *12 (E.D. La. Feb. 17, 2004) ("Use of the previous exclusion of an expert's testimony is permissible to impeach the credibility and credentials of the expert."); *Smith v. Jacobs Eng'g Group, Inc.*, No. 4:06cv496-WS, 2008 WL 4216275, at *3 (N.D. Fla. Sept. 9, 2008). To the extent Sunoco opens the door to additional avenues for impeachment beyond Dr. Ugone's commercial success theories but related to Dr. Ugone's excluded analysis, the Court's prior exclusion of his opinions is also appropriate fodder for cross-examination.

---

[2] The case law Sunoco cites is inapposite. The defendant in *Vaporstream* sought to impeach plaintiff's expert using the Court's prior *Daubert* ruling, which itself risked "confus[ion] [for] the jury since the Court granted in part and denied in part the Daubert motion." *Vaporstream, Inc. v. Snap Inc.*, 2020 WL 978731, at *10 (C.D. Cal. Feb. 28, 2020). Here, the *Daubert* was granted in its entirety. Similarly, the defendant in *Integra* sought primarily to address prior claim construction rulings and evidence from the related IPR proceedings, which is not at issue here. *See Integra LifeSciences Corp. v. HyperBranch Med. Tech., Inc.*, C.A. No. 15-819-LPS, D.I. 730-1 at 337-341 (D. Del. Mar. 19, 2018) (Defendant's response to Plaintiff's MIL #3).

MORRIS, NICHOLS, ARSHT &
  TUNNELL LLP

By: */s/ Rodger D. Smith II*
    Rodger D. Smith II (#3778)
    1201 North Market Street
    Wilmington, DE 19801
    (302) 658-351-9205
    rsmith@mnat.com

    OF COUNSEL:

    David S. Moreland
    John W. Harbin
    MEUNIER CARLIN & CURFMAN
    LLC
    999 Peachtree St., N.E., Suite 1300
    Atlanta, GA 30309
    (404) 645-7700
    dmoreland@mcciplaw.com;
    jharbin@mcciplaw.com

*Attorneys for Defendant*
*Powder Springs Logistics, LLC*

Dated: July 10, 2020

FISH & RICHARDSON P.C.

By: */s/ Nitika Gupta Fiorella*
    Douglas E. McCann (#3852)
    Martina Tyreus Hufnal (#4771)
    Nitika Gupta Fiorella (#5898)
    222 Delaware Ave., 17th Floor
    Wilmington, DE 19899
    Telephone: (302) 652-5070
    dmccann@fr.com; hufnal@fr.com;
    fiorella@fr.com

    Joseph A. Herriges
    FISH & RICHARDSON P.C.
    3200 RBC Plaza
    60 South Sixth Street
    Minneapolis, MN 55402
    Telephone: (612) 337-2579
    herriges@fr.com

*Attorneys for Defendant*
*Magellan Midstream Partners, L.P.*

# EXHIBIT A

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SUNOCO PARTNERS MARKETING & TERMINALS L.P., | § § § § | |
| Plaintiff, | § § | Case No. 17-1390 (LPS-CJB) |
| v. | § § | |
| POWDER SPRINGS LOGISTICS, LLC, AND MAGELLAN MIDSTREAM PARTNERS, L.P., | § § § | |
| Defendants. | | |

**EXPERT REPORT OF HARRI K. KYTOMAA REGARDING VALIDITY OF <u>U.S. PATENT NO. 6,679,302, U.S. PATENT NO. 7,032,629, U.S. PATENT NO. 9,207,686, U.S. PATENT NO. 9,494,948, AND U.S. PATENT NO. 9,606,548</u>**

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|
|
|
SUNOCO PARTNERS MARKETING &       |
TERMINALS L.P.,                   |
                                  |
          Plaintiff,              |
                                  |
     v.                           |
                                  |            Case No. 17–1390
POWDER SPRINGS LOGISTICS, LLC, AND |
MAGELLAN MIDSTREAM PARTNERS,      |
L.P.,                             |
                                  |
          Defendants.             |
_____ |

**SECONDARY CONSIDERATIONS EXPERT REPORT**
**OF KEITH R. UGONE, PH.D.**

**July 19, 2019**

HIGHLY CONFIDENTIAL

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SUNOCO PARTNERS MARKETING & TERMINALS L.P. | |
| Plaintiff, | |
| v. | C.A. No. 17-1390 (LPS-CJB) |
| POWDER SPRINGS LOGISTICS, LLC and MAGELLAN MIDSTREAM PARTNERS, L.P. | |
| Defendants. | |

**EXHIBIT 6:**
**PLAINTIFF SUNOCO'S LIST OF FACT AND EXPERT WITNESSES**

At this time, Sunoco identifies the following trial witnesses.  Sunoco reserves the right to supplement this list to account for future depositions and to call witnesses on Defendants' witness list.  Sunoco also reserves the right to call by deposition any of the witness identified in its deposition designations.  Sunoco reserves the right to amend or supplement its trial witness list as part of the meet and confer process leading up to trial, in response to Defendants' pretrial disclosures and objections, in response to any pretrial rulings or orders from the Court, and in the event that any of the individuals listed below become unable to attend the trial or otherwise unable to provide testimony.  Inclusion on this list does not imply or establish that Defendants may compel the live testimony of that witness and does not waive any objections that Sunoco may have should Defendants seek to introduce testimony of that witness.

A.    **Expert Witnesses**

1.    **Will Call**

| Expert Witness | Subject Matter |
|---|---|
| Dr. Harri Kytomaa<br><br>c/o Counsel for Sunoco | Dr. Kytomaa is a technical expert witness with expertise in the field thermal and flow processes, including dynamics and thermal hydraulics of piping systems, valves and pipelines.  Dr. Kytomaa will testify consistent with his expert reports, including on the issues of infringement, validity, lack of non-infringing alternatives, and extent of use of the patented inventions, and will rebut any opinions of Dr. Nikolaou. |
| Dr. Keith Ugone<br><br>c/o Counsel for Sunoco | Dr. Ugone is an expert witness with expertise in the field of economics.  Sunoco intends to have Dr. Ugone provide testimony limited to three topics.  *First*, Dr. Ugone provided opinions and analyses in this case on secondary considerations.  *See* Secondary Considerations Expert Report (July 19, 2019).  *Second*, while Dr. Ugone provided opinions in this case on issues of lost profits and reasonable royalty damages that the Court has stricken (D.I. 547, 11– 14),  Dr. Ugone also calculated the volume of butane blended with Defendants' Accused Systems based on the factual information and documents produced in this case by Defendants ("Accused Blend Volumes").  Defendants' expert, Dr. Maness, relied on these same Accused Blend Volumes calculated by Dr. Ugone in rendering his opinions.  Dr. Ugone's calculations of Accused Blend Volumes does not constitute a "damages opinion" but are instead a calculation and mathematical summary of voluminous blending data produced by Defendants.  *Third*, based on the factual information and testimony produced in this case, Dr. Ugone provided an analysis as to the absence of viable non-infringing alternatives.<br><br>Accordingly, Dr. Ugone should be allowed to testify on the three topics above.  Should Defendants disagree as to one or more of these topics, Sunoco will seek the Court's guidance at the upcoming status conference and/or pretrial conference. |
| Dr. Robert Maness<br><br>c/o Counsel for Defendants | Dr. Maness is Defendants' damages expert who provided opinions in this case related to Sunoco's lost profits and/or reasonable royalty damages. |

**B.     Non-Expert Witnesses**

**1.     Will Call**

| Witness | Contact Information |
|---|---|
| Joseph Colella | c/o Counsel for Sunoco |
| Elizabeth Parzanese | c/o Counsel for Sunoco |
| Charles Maier | c/o Counsel for Sunoco |

**2.     May Call**

| Witness | Contact Information |
|---|---|
| John Legge | c/o Counsel for Sunoco |
| Clark Sullivan | c/o Counsel for Sunoco |
| Larry Mattingly | c/o Hasley Scarano, L.L.P. |
| Dan Myers | c/o Counsel for Sunoco |
| One or more witnesses identified on Defendants' "will call" and/or "may call" lists | c/o Counsel for Defendants |

**3.     By Deposition**

| Witness |
|---|
| Larry Mattingly |
| Steven Vanderbur |
| John Legge |
| Dan Myers |
| Ivory Hitz |
| Nick Huff |
| Rod Lawrence |
| Jeff Selvidge |
| Mark Roles |
| Madeleine Mclean |
| Melanie Little |
| Mark Lassman |
| Tammy Wheeler |

| Witness |
| --- |
| Andy Howerton (rebuttal) |
| Rodney Kilgore (rebuttal) |
| Alan Moyer (rebuttal) |
| Shawn Mongold (rebuttal) |
| Clark Sullivan (rebuttal) |

Sunoco reserves the right to call any additional witnesses necessitated by any of the Court's pretrial or trial rulings.  Sunoco also reserves the right to call, either live or by deposition: (a) additional witnesses to provide foundational testimony should any party contest the authenticity or admissibility of any material proffered at trial; (b) substitute witnesses for any identified witness whose employment or other relationship with a company changes such that he or she is no longer able, available, or willing to testify on that company's behalf at trial; (c) any witnesses identified by Defendants; (d) any witnesses required to rebut Defendants' case; and (e) additional witnesses to respond to issues raised after the submission of this list, such as the testimony of any witness who has not yet been deposed.  Sunoco further reserves the right to introduce the deposition testimony of any witnesses who submitted an expert report or declaration on behalf of or in support of Defendants, but who is not called live at trial.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SUNOCO PARTNERS MARKETING & TERMINALS L.P.<br><br>Plaintiff,<br><br>v.<br><br>POWDER SPRINGS LOGISTICS, LLC and MAGELLAN MIDSTREAM PARTNERS, L.P.<br><br>Defendants. | C.A. No. 17-1390 (LPS-CJB) |

**EXHIBIT 14(C):**

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION *IN LIMINE* NO. 2
TO EXCLUDE ANY ARGUMENT OR EVIDENCE
<u>RELATING TO PRIOR RULINGS OR ORDERS</u>**

Dated: July 17, 2020

John C. Phillips, Jr. (No. 110)
Megan C. Haney (No. 5016)
PHILLIPS, MCLAUGHLIN & HALL, P.A.
1200 North Broom Street
Wilmington, Delaware 19806
(302) 655-4200
jcp@pmhdelaw.com
mch@pmhdelaw.com

*Attorneys for Plaintiff Sunoco Partners
Marketing & Terminals, L.P.*

Of Counsel:
John Keville
Michelle Replogle
Richard McCarty
Michael Krill
WINSTON & STRAWN LLP
800 Capitol St., Suite 2400
Houston, Texas 77002
(713) 651-2600 (phone)
(713) 651-2700 (fax)

Defendants argue they should be allowed to tell the jury why the Court struck Dr. Ugone's damages opinions.[1]  Defendants cite to *Scordill v. Louisville Ladder Group, L.L.C.*, No. 02–2565, 2004 WL 307475, *12 (E.D. La. Feb. 17, 2004), which provides no analysis and simply concludes that "[u]se of the previous exclusion of an expert's testimony is permissible to impeach the credibility and credentials of the expert." *Id.  Scordill* involved an expert's testimony from ***a prior case***, which the court viewed as proper impeachment testimony.  *Id.*  That is not the case here, as Defendants seek to inform the jury of expert opinions this Court has already determined the jury will not be allowed to hear, which has no probative value and will only cause jury confusion and undue prejudice to Sunoco.  *Scordill*, therefore, is inapposite and does not support Defendants' position.

Defendants cite to *Smith v. Jacobs Eng'g Group, Inc.*, No. 4:06cv496-WS, 2008 WL 4216275, at *3 (N.D. Fla. Sept. 9, 2008), a case that did not even analyze the Fed. R. Evid. 403 factors. *Smith* also involved "orders from ***other courts*** that [] limited or excluded the testimony," and although plaintiff had filed a *Daubert* motion, the court had not yet ruled on it.  *Id.  Smith* is likewise inapposite.

Finally, Defendants' protestations regarding *Vaporstream, Inc. v. Snap Inc.*, No. 17-cv-00220, 2020 WL 978731, at *10 (C.D. Cal. Feb. 28, 2020) fall flat. *Vaporstream* is "on all fours" with this case. The court found "[t]here is too much [] risk that the jury will give the Court's prior *Daubert* order undue weight given that it is an order by the same Court that will preside over the trial" and excluded the *Daubert* order ***and*** any other *Daubert* orders from ***other cases***, noting, defendants had "not identified any case where a court allowed a damages expert to be impeached by a prior *Daubert* order that was entered earlier in the same case." *Id.*  As such, MIL #2 should be granted.

---

[1]     Sunoco's motion *in limine* asks the Court to exclude the Court's prior rulings and orders (other than the Court's claim constructions), including the prior order granting summary judgment that claims 23, 24, and 30 of the '302 patent are invalid under § 101. D.I. 523, 4–6. Defendants have only addressed the Court's order striking Dr. Ugone's report, and they do not otherwise oppose the motion.  Thus, the Court should grant Sunoco's motion as to these orders as well.

Dated: July 17, 2020

Respectfully submitted,

*/s/ John C. Phillips, Jr.*
John C. Phillips, Jr. (No. 110)
Megan C. Haney (No. 5016)
PHILLIPS, GOLDMAN, MCLAUGHLIN &
HALL, P.A.
1200 North Broom Street
Wilmington, Delaware 19806
(302) 655-4200
jcp@pgmhlaw.com
mch@pgmhlaw.com

*Attorneys for Plaintiff Sunoco Partners
Marketing & Terminals, L.P.*

Of Counsel:
John Keville
Michelle Replogle
Richard McCarty
Michael Krill
WINSTON & STRAWN LLP
800 Capitol St., Suite 2400
Houston, Texas 77002
(713) 651-2600 (phone)
(713) 651-2700 (fax)

<u>CERTIFICATE OF SERVICE</u>

I, Megan C. Haney, hereby certify that on July 17, 2020, a copy of the Plaintiff's Reply Brief in Support of Motion *in Limine* No. 2 was served on the following via electronic mail:

Rodger D. Smith, II
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
Wilmington, DE 19801
rsmith@mnat.com


David S. Moreland
John W. Harbin
Stephen M. Schaetzel
Meunier Carlin & Curfman LLC
999 Peachtree Street, N.E., Suite 1300
Atlanta, GA 30309
dmoreland@mcciplaw.com
jharbin@mcciplaw.com
sschaetzel@mcciplaw.com


Douglas E. McCann
Martina Tyreus Hufnal
Nitika Gupta Fiorella
Fish & Richardson P.C.
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801
dmccann@fr.com
hufnal@fr.com
fiorella@fr.com


Joseph A. Herriges
Fish & Richardson P.C.
3200 RBC Plaza
60 South Sixth Street
Minneapolis, MN 55402
herriges@fr.com

*/s/ Megan C. Haney*
Megan C. Haney (#5016)
