**PHILLIPS, MCLAUGHLIN & HALL, P.A.**

ATTORNEYS AT LAW

JOHN C. PHILLIPS, JR.
LISA C. McLAUGHLIN+
JAMES P. HALL
DAVID A. BILSON***
MEGAN C. HANEY
TODD L. GOODMAN
PAUL S. SEWARD***

PENNSYLVANIA AVE. AND BROOM ST.
1200 N. BROOM STREET
WILMINGTON, DELAWARE 19806

(302) 655-4200
(302) 655-4210 (F)
pgmhlaw.com

ALSO MEMBER OF
*PENNSYLVANIA BAR
**NEW JERSEY BAR
+MARYLAND BAR

November 19, 2021

**REDACTED - PUBLIC VERSION**

<u>**VIA CM/ECF**</u>
The Honorable Leonard P. Stark
United States District Court 844 North
King Street, Unit 26 Wilmington, DE
19801

  Re: *Sunoco Partners Marketing & Terminals L.P. v. Powder Springs Logistics, LLC, et al.,* C.A. No. 17-1390-LPS-CJB

Dear Judge Stark:

  Pursuant to the Court's Order during the Pretrial Conference on November 12, 2021, I write to provide the Court with a status update on behalf of all parties.

  **Claim Construction**. The Court construed the claims term "gasoline" and the "vapor pressure" terms to have their plain and ordinary meaning. During the Pretrial Conference, the Court stated: "If there are disputes as to how this plain and ordinary meaning construction can be used in terms of what you may or may not elicit from your experts or whatever other arguments you may make, I would like to concretely understand what those disputes are so I can determine if I need to resolve them in advance of trial. But again, I'm not doing more claim construction. My constructions are plain and ordinary meaning on those two terms." Hearing Tr., 35:16–24.

  **Sunoco's position.**

  The testimony that Sunoco will elicit from its experts and the arguments Sunoco will make at trial will be consistent with the Court's reasoning and findings in the Court's Claim Construction Order when adopting the plain and ordinary meaning for these claim terms.

  At trial, Sunoco will show that the blend ratio equation used in Defendants' Accused Systems uses an assumed or inherent value for the butane vapor pressure. For example, Magellan's own patent states that the same equation used by the Accused Systems "effectively assumes a vapor pressure of the butane rather than having to monitor and use an actual value." D.I. 1-7, Magellan Patent, 13:57–58. And various other internal Magellan documents explicitly state that the same equation used by the Accused Systems "assumes 50RVP butane." Ex. 1 (PTX-114 at 2). As such, Sunoco's position that the blend ratio equation used by the Accused Systems assumes a butane vapor pressure as recited in certain claims is fully consistent with this Court's reasoning in adopting the plain and ordinary meaning of the "vapor pressure" terms.

Defendants do not argue that the evidence and arguments discussed above are contrary to the Court's reasoning in adopting the plain and ordinary meaning.

However, Defendants indicate below that at trial Defendants intend to argue that they do not infringe because in a feedback system, "they" or "the operator does not need to know, and in fact does not know, the vapor pressure of the butane." But the Court's construction never said that the "vapor pressure" terms require that "***the operator***" must know "the vapor pressure of the butane." Indeed, certain claims recite "calculating a blend ratio" based in part on "a butane vapor pressure," but Defendants' ***Accused Systems*** (not Defendants' ***operators***) perform that calculation using the equation discussed above that admittedly assumes a vapor pressure for the butane. As such, any elicited testimony or argument that suggests that the Court's claim construction requires an operator to know the butane vapor pressure would be improper.

Addressing the remainder of Defendants' arguments, Defendants argued in claim construction that the "vapor pressure" terms require that "the vapor pressure or volatility of the individual gasoline and butane streams be measured before calculating a blend ratio and blending the gasoline and the butane." D.I. 188, 11. Judge Burke's R&R rejected that proposal, held that the terms allow for "inherent or known volatility values" to be used, and gave the terms their plain and ordinary meaning. D.I. 331, 12–13. Defendants objected to the R&R, arguing "the R&R did not resolve a dispute between the parties with respect to whether certain claims require that an actual measurement of butane or gasoline vapor pressure be used in blending, as opposed to an assumed or theoretical value." D.I. 338, 1. This Court adopted the R&R's plain and ordinary meaning construction and "agree[d] … that the claims do not require actively sampling and measuring a 'vapor pressure' … of the individual gasoline and butane streams" but instead "allow[] for a known or inherent value to be used." D.I. 539, 7. The Court further "agree[d] with Defendants that for what Defendants characterize as the 'feedforward claims' (e.g., '302 patent claim 27), practicing such claims requires knowing (whether it be through, for example, actual measurement, through looking it up in a table or other resource, or through knowledge of an inherent characteristic) the vapor pressure of the gasoline or butane 'to be blended,'" noting "[t]he Court's **limited agreement with this one portion of Defendants' August 28 Objections** … does not appear to require a claim construction other than the 'plain and ordinary' meaning recommended by Judge Burke." *Id*.

Moreover, Defendants focus on the Court's "limited agreement" with "one portion of Defendants' … Objections," but the Court's limited agreement was with "what Defendants characterize as the 'feedforward claims' (e.g., '302 patent claim 27)," citing Defendants' objections (D.I. 338) at 6–8 where Defendants only identified claims 27–28 of the '302 patent—claims that are no longer at issue. While Defendants assert that they argued ***all claims*** with the "vapor pressure" terms were characterized elsewhere by Defendants as "feedforward claims," if the Court was addressing ***all claims***, the Court would have stated that it was addressing "all claims" instead of describing it as a "limited agreement" with "one portion of Defendants' … Objections." More fundamentally, Sunoco's objection at the Pretrial Conference was to Defendants' attempt to tell the jury (in Preliminary Jury Instructions) that the Court's "limited agreement" was the Court's construction for the "vapor pressure" terms, without even mentioning the Court's actual construction of plain and ordinary meaning. Further, the asserted patents not once use the words "feedforward" or "feedback," so if Defendants believed the Court's construction was unclear, Defendants could have requested further briefing from the Court on this issue, as the Court invited

2

the parties to do (D.I. 537, 7). In addition, numerous claims (e.g., '302 patent, claim 17; '629 patent, claims 22, 31–32) that Defendants try to group in their improper "feedforward" category recite the use of "a vapor pressure of the blended gasoline stream and butane stream," which Defendants admittedly say is "feedback" control (D.I. 382, 1).

As such, the Court's reasoning in adopting the plain and ordinary meaning for these terms is clear, and Sunoco's evidence and arguments will comply with the Court's reasoning as discussed above. Defendants' arguments below are simply another attempt at claim construction, which this Court has already stated it will not do.

**Defendants' position.**

In addressing Sunoco's feedforward claims, Defendants should be free at trial to bring in evidence and argument that they do not know the vapor pressure of the gasoline or butane to be blended. Those claims and Defendants' arguments concerning those claims, are still at issue in the case, as discussed below.

At the pre-trial conference, the parties and the Court discussed the import of this portion of the Court's Markman order:

> However, the Court agrees with Defendants that for what Defendants characterize as the "feedforward claims" (e.g., '302 patent claim 27), practicing such claims requires knowing (whether it be through, for example, actual measurement, through looking it up in a table or other resource, or through knowledge of an inherent characteristic) the vapor pressure of the gasoline or butane "to be blended." (Aug. 28 Objs. at 6-8) The Court's limited agreement with this one portion of Defendants' August 28 Objections (to which the parties will have to conform their arguments and evidence) does not appear to require a claim construction other than the "plain and ordinary" meaning recommended by Judge Burke.

D.I. 539 at 7.

Defendants make two points: first, that the feedforward claims, to which the Court directed its comments at D.I. 539 at 7, remain in the case. Second, as the Court requested, Defendants identify possible issues that may arise during the trial over evidence and argument concerning those claims.

**"What Defendants Characterize as the Feedforward Claims"**

At the pre-trial conference, Sunoco counsel said the following about the above-quoted section of the Markman Order (D.I. 539 at 7):

> And what it does is it makes this requirement of requires knowing, and that is a sentence in Your Honor's claim construction ruling that was said where Your Honor said that there was a limited agreement with the defendants' argument as to the "feed forward claims." You agreed with that, and that is where it comes from. Those claims aren't even at issue in this case any longer.

Pre-Trial Conf. Tr. at 25-26. That is wrong.

3

For the past three years, Defendants have consistently maintained that certain claims of the '302, '629, and '686 patents are "feedforward" claims, in which the blend ratio is calculated based on the vapor pressure of the gasoline and butane to be blended, as opposed to the vapor pressure of the blended gasoline after butane injection. *See, e.g.*, D.I. 171 at 4, 15; D.I. 188 at 11-17; D.I. 382 at 1, 6, 7. That is why, at the very beginning of the Markman process, Defendants proposed that the "vapor pressure" terms in these feedforward claims be construed as the vapor pressure of the gasoline or butane "to be blended." *See* D.I. 166, ex. A at 4-8. Defendants expressly identified these claims in the Joint Claim Construction chart as follows, with the starred claims indicating ones that remain at issue in this case (either as asserted claims or through incorporation from dependent claims):

- '302 claims 14, 16*, 21, 27, 33, 34, 41
- '629 claims 7, 15, 17*, 24, 31*
- '686 claims 1*, 5, 7, 16

*Id.* Defendants further reiterated that **all of these claims** recite "feedforward" control in their opening and answering Markman briefs. Specifically, Defendants stated "the '302, '629, and '686 patents have claims directed to feed forward methods" and provided multiple examples of such claims, including at least claims 14, 16 and 27 of the '302 patent, claim 31 of the '629 patent, and claim 1 of the '686 patent. *See* D.I. 171 at 14-15; D.I. 188 at 11-12. But to avoid all doubt that these claims were merely "exemplary" of the ones Defendants contend are feedforward (and thus require knowing the vapor pressure of the gasoline or butane "to be blended"), in both briefs Defendants expressly "direct[ed] the Court to the parties' Joint Claim Construction Statement" for the full list of the implicated terms and claims. D.I. 171 at 14 n.3; D.I. 188 at 11 n.3. Sunoco's briefs were consistent; indeed, Sunoco expressly listed out all of the claims above as containing the "vapor pressure" terms for which Defendants' proposed the "to be blended" constructions in its opening brief. D.I. 176 at 11.

Unsurprisingly then, in his claim construction Report and Recommendation (R&R) with respect to these terms, Magistrate Judge Burke noted the "disputed vapor pressure-related terms are found in asserted claims of the '302 patent, '629 patent and '686 patent" and cited the Joint Claim Construction chart at pages 4-7, which, as discussed, identified the full list of claims above. D.I. 331 at 10. And, again, in Defendants' objections to Magistrate Judge Burke's R&R on these terms, Defendants identified a few exemplary terms "[f]or illustrative purposes," and directed the Court to the Joint Claim Construction Chart for the "full list." D.I. 338 at 4 n.2.[1] Defendants further made clear that these claims "describe feedforward control" and provided two "illustrative" examples—claims 27 and 28 of the '302 patent. D.I. 338 at 5-6.

All of this brings us to this Court's Markman order on these "vapor pressure" terms, in which this Court adopted the R&R's plain and ordinary meaning construction, with the important caveat for "what Defendants characterize as the 'feedforward claims' (e.g., '302 patent claim 27)," noting that "practicing such claims requires knowing (whether it be through, for example, actual measurement, through looking it up in a table or other resource, or through knowledge of an

---

[1] While Defendants mistakenly cited D.I. 66 (which is Sunoco's unopposed motion to redact and seal preliminary injunction hearing transcript), it is clear from context that this is was typo, and Defendants intended to cite to D.I. 166, the Joint Claim Construction Chart.

4

inherent characteristic) the vapor pressure of the gasoline or butane 'to be blended.'" D.I. 539 at 7.

This Court's order clearly applies to **all** claims Defendants identified as "feedforward," which includes all but one of the currently asserted claims. Indeed, not only does the Court expressly use "e.g." to indicate that claim 27 is merely an **example**, but the Court further uses the plural "feedforward **claims**" to indicate that there are **necessarily** more "feedforward" claims than claim 27. And, of course, that makes sense, given Defendants' consistent and repeated position that all of the claims identified in the Joint Claim Construction Chart for these "vapor pressure" terms are feedforward and thus require knowing the vapor pressure of the stream "to be blended."

Sunoco apparently contends, however, that the Court's order on this point is **limited** to claims 27 and 28 of the '302 patent—which are no longer at issue in this case, having been found to cover ineligible subject matter, D.I. 523, and/or dropped by Sunoco—because those are the claims Defendants' recited by number in their objections to the R&R. *See* Pre-Trial Conf. Tr. at 25-26, 30-31. That is nonsensical. As explained in detail above, Defendants expressly identified these two claims as "illustrative," and directed the Court to the full list of "feedforward" claims in the same brief.

Sunoco's contention that some of the claims Defendants have identified as "feedforward" instead describe "feedback" control because they include limitations related to the vapor pressure of the blended gasoline stream and butane stream is similarly incorrect. The claims Sunoco points to— e.g., '302 patent, claim 17 and '629 patent, claims 22, 31–32—are feedforward claims because they determine the blend ratio based on the vapor pressures of the unblended gasoline stream and butane stream, **not** the blended gasoline stream. While these claims require measuring or transmitting the vapor pressure of the blended gasoline stream, that is simply for "quality control," as described in the patent specification. *See* '302 patent, col. 7:11-14; D.I. 382 at 7-8 (describing feedforward control as using the unblended gasoline and butane vapor pressures to calculate the blend ratio and feedback control as using the blended gasoline vapor pressure to calculate the blend ratio); D.I. 414 at 15 (explaining that claim 17 of the '302 patent "does not require using the vapor pressure of the blend to adjust the ratio of butane and gasoline" and thus is not directed to feedback control). As explained above, Defendants have consistently described all claims in which the blend ratio is calculated based on the vapor pressures of the unblended gasoline and butane streams as "feedforward," including the ones Sunoco identifies.

Simply put, there is no legitimate dispute that many of the "feedforward claims" referenced in this Court's order are still at issue in this case. This Court's recognition that these claims require "knowing" the vapor pressure of the gasoline or butane "to be blended," and the Court's order requiring the parties "conform their arguments and evidence" accordingly, thus continue to be applicable in this case.

**Possible Issues That May Arise**

Defendants will argue that their feedback systems do not infringe feedforward claims. As an example, and without limitation, claim 17 of the '629 patent requires (among other things):

> "receiving a first measurement indicating a vapor pressure of the gasoline stream"

5

"receiving a second measurement indicating a vapor pressure of the butane stream"

"calculating a blend rate at which the butane stream can be calculated with a gasoline stream"[2]

Defendants will present evidence and argument that they do not "know[] (whether it be through, for example, actual measurement, through looking it up in a table or other resource, or through knowledge of an inherent characteristic) the vapor pressure of the gasoline or butane 'to be blended' because, among other reasons, in a feedback system, the operator does not need to know, and in fact does not know, the vapor pressure of the butane. Defendants are not, and should not, be constrained in making that argument in light of the Court's Markman order.

On Sunoco's argument regarding the operator vs. the system knowing the vapor pressure of the butane, the remaining feedforward claims are method claims, and Defendants will prove that Defendants' accused systems do not measure, look up from a table, or use any inherent value of the vapor pressure of the butane to be blended, whether through how they are programmed, through operator input, or through any other means. Such arguments are fully consistent with this Court's order.

**Juror COVID Questionnaire**. The parties agree that an answer of "yes" to Questions 1, 2, 3, or 7, or a "no" to Question 5 in the COVID Questionnaire should be an automatic strike.

**Dr. Maness**. Defendants will call Dr. Maness live at trial.

Counsel are available at the convenience of the Court should Your Honor have any questions.

Respectfully submitted,

*/s/ John C. Phillips, Jr.*

John C. Phillips, Jr. (No. 110)

---

[2] And further to our point above, virtually identical to the feedforward limitations of the now dropped claim 27 of the '302 patent, referenced in the Court's Markman order, which claims in relevant part "a) receiving a gasoline volatility measurement at the processor; b) receiving a butane volatility measurement at the processor; c) receiving a target gasoline volatility value at the processor; and d) calculating a butane blend rate from the gasoline volatility measurement, the butane volatility measurement, and the target gasoline volatility value."