# PHILLIPS, McLAUGHLIN & HALL, P.A.

JOHN C. PHILLIPS, JR.
LISA C. McLAUGHLIN+
JAMES P. HALL
DAVID A. BILSON***
MEGAN C. HANEY
TODD L. GOODMAN
PAUL S. SEWARD***

ATTORNEYS AT LAW
PENNSYLVANIA AVE. AND BROOM ST.
1200 N. BROOM STREET
WILMINGTON, DELAWARE 19806

(302) 655-4200
(302) 655-4210 (F)
pgmhlaw.com

ALSO MEMBER OF
*PENNSYLVANIA BAR
**NEW JERSEY BAR
+MARYLAND BAR

December 6, 2021

REDACTED -- PUBLIC VERSION

**VIA CM/ECF**
The Honorable Richard G. Andrews
United States District Court
844 North King Street, Unit 9
Wilmington, DE 19801

      Re:    *Sunoco Partners Marketing & Terminals L.P. v. Powder Springs Logistics, LLC, et al.,* C.A. No. 17-1390-LPS-CJB

Dear Judge Andrews:

      Pursuant to Paragraph 20 of the Pretrial Order (D.I. 709), I write on behalf of the parties regarding Defendants' objections to Sunoco's deposition designations for the following witnesses, the transcripts for whom are attached as Exhibits 1–2:[1] Tammy Wheeler (Ex. 1); and Mark Lassman (Ex. 2).

<u>Tammy Wheeler</u>

      *Defendants' Position*

      Defendants object to all of Sunoco's affirmative designations relating to the exhibits Sunoco seeks to enter into evidence through her testimony: 74:19-75:12; 76:4-10; 77:5-11; 77:18-24; 80:8-12; 82:1-10; 84:20-23; 86:4-9; 86:13-23

      **402/403**: Defendants object to Ms. Wheeler's testimony about exhibit PTX-150 (and the exhibit itself) because Sunoco has not shown that Magellan's blend volumes in PTX-150 include only the volumes blended using the accused system and methods (as opposed to also including volumes associated with un-accused outbound lines as well as volumes from 2012-2017 for lines other than the rack lines, which are the only volumes for which Sunoco can get damages based on its failure to mark its systems with the '629 and '686 patents before February 2018), or that Magellan's profit margins associated with those volumes thus reflect only the profits Magellan made from the infringing volumes, so this data runs the risk of confusing the jury into thinking that the entire blend volume is the damages base; to the extent Sunoco seeks to use PTX-150 to

---

[1] In the transcripts attached as Exhibits 1–2, Sunoco's designations are highlighted in yellow, Defendants' counter-designations are highlighted in blue, and objections are noted in red.

prove lost profits, such testimony is irrelevant as lost profits are not in the case. (*See* Final Jury Instructions, December 5, 2021).

**402/403/602:** Defendants object to Ms. Wheeler's testimony about exhibit PTX-152 (and the exhibit itself) because Ms. Wheeler testifies at 86:11-12 that she does not recall ever seeing PTX-152, so Sunoco cannot establish the proper foundation to admit this exhibit with Ms. Wheeler; further, PTX-152 includes volumes of butane blended with non-accused methods, for which Sunoco has no ability to apportion; to the extent Sunoco seeks to use PTX-152 to prove lost profits, such testimony is irrelevant as lost profits are not in the case. (*See* Final Jury Instructions, December 5, 2021).

**802:** Ms. Wheeler testifies at 74:22-25 that the PTX-150 was not generated in the regular course of business; PTX-150 is therefore not a document that qualifies as a business records exception.

*Sunoco's Position*

These designations are of Defendants' own witnesses discussing Defendants' own financial records and are how Defendants have recorded the data relevant to damages; Sunoco would be unduly prejudiced if it were prohibited from presenting them and the relevant deposition testimony to the jury; Sunoco should not bear the burden of Defendants' method of recording relevant damages information.  *See, e.g.*, Sensonics, Inc. v. Aerosonic Corp., 81 F.3d 1566, 1572 (Fed. Cir. 1996) ("[I]f actual damages can not be ascertained with precision because the evidence available from the infringer is inadequate, damages may be estimated on the best available evidence, taking cognizance of the reason for the inadequacy of proof and resolving doubt against the infringer."); <u>Apple Inc. v. Motorola, Inc.</u> , 757 F.3d 1286, 1315 (Fed. Cir. 2014) ("This court has also recognized that estimating a "reasonable royalty" is not an exact science. As such, the record may support a range of "reasonable" royalties, rather than a single value. Likewise, there may be more than one reliable method for estimating a reasonable royalty."); moreover, there is no risk of jury confusion as Defendants may address the issues of apportionment in their case, and the Court has tailored jury instructions to those issues; Defendants' claim of prejudice is completely refuted by their incorporation of the testimony and documents at issue here in their response to Sunoco's interrogatory no. 7, which requested, among other things, that Defendants "describe in detail the amount of income, gross and net revenue and profit generated by Defendants' use of an Automated Blending System, and the process by which Defendants generate such income, gross and net revenue and profit." (Ex. A at 8) and Ex. B (No. 7 at 19 (identifying MAG-SUN_00063728, PTX 152) and at 20 (identifying deposition and exhibits)); moreover, as to hearsay, PTX-150 is a business record, and it was, as Ms. Wheeler testified, prepared in connection with this lawsuit, Dep. Tr. 74:19-23, and, as such, it is a party admission and therefore admissible.  *See* Fed. R. Evid. 801.

**<u>Mark Lassman</u>:**

*Defendants Position:*

Defendants object to all of Sunoco's affirmative designations because they relate to exhibits Sunoco seeks to enter into evidence through his testimony that should be excluded under 402/403.

**402/403**: Defendants object to Mr. Lassman's testimony about PTX-138 (and the exhibit itself), which contains Magellan total blend volumes for accused and non-accused systems from 2006-2016 and projected blend volumes for 2017-2019 for PSL, because Sunoco has not shown that Magellan's blend volumes in PTX-138 includes only the volumes blended using the accused system and methods (as opposed to also including volumes associated with un-accused methods (such as truck-to-tank blending) so the data runs the risk of confusing the jury into thinking that the entire blend volume is the damages base, and because Mr. Lassman testified that he does not recall whether the projected blend volumes for 2017-2019 for PSL were actually realized; further to the extent Sunoco seeks to use PTX-138 for lost profits, such testimony is irrelevant as lost profits are not in the case. (*See* Final Jury Instructions, December 5, 2021).

*Sunoco's Position*

These objections are to a Defendants' document discussed by defendants' witness and Sunoco should not be prohibited from presenting relevant information (in this instance, blend volumes) as recorded by Defendants; Defendants may address the issue of apportionment as they choose in their own case, and the Court has tailored jury instructions to that issue; Defendants cannot claim prejudice in light of their incorporation of the testimony and documents at issue here in their response to Sunoco's interrogatory no. 7 (Ex. A at 8) and Ex. B (No. 7 at 19 (identifying MAG-SUN_00063728, PTX 152) and at 20 (identifying deposition and exhibits)); Mr. Lassman also does not testify as to either PTX-150 or PTX-152, but as to those exhibits, about which Ms. Wheeler testified, please see above.

Counsel are available at the convenience of the Court should Your Honor have any questions.

Respectfully submitted,

*/s/ John C. Phillips, Jr.*

John C. Phillips, Jr. (No. 110)