

Fish & Richardson P.C.
One Marina Park Drive
Boston, MA 02210-1878

617 542 5070 main
617 542 8906 fax

April 27, 2022

**Nitika Gupta Fiorella**
Principal
fiorella@fr.com
+1 302 778 8461  direct

<u>BY ECF</u>

The Honorable Richard G. Andrews
United States District Court
 For the District of Delaware
844 King Street
Wilmington, Delaware 19801

Re:  <u>*Sunoco Partners Marketing & Terminals L.P. v. Powder Springs Logistics, LLC, et al.*
   C.A. No. 17-1390-RGA</u>

Dear Judge Andrews,

We write on behalf of Defendants to inform the Court that in *Sunoco Partners Marketing & Terminals, L.P. v. U.S. Venture, Inc.*, No. 4-19-1145 (S.D. Tex. 2019) ("the Texas Case"), Judge Lake issued a Memorandum Opinion and Order on April 14, 2022, attached as Exhibit A, granting defendant U.S. Venture Inc.'s motion for summary judgment that claims 16 and 17 of the '686 patent are invalid under 35 U.S.C. § 101 because they are directed to unpatentable subject matter. Exhibit A at 17-29.  The defendant in the Texas case, U.S. Venture, Inc., is not related to Defendants in this case and is not represented by the same counsel.

Claims 16 and 17 of the '686 patent recite:

16. A method for in-line blending of petroleum and a volatility modifying agent comprising:

   a) providing a petroleum stream that comprises a petroleum vapor pressure and a flow rate;
   b) providing an agent stream that comprises an agent vapor pressure;
   c) providing an allowable vapor pressure;
   d) calculating a blend ratio based upon a blended petroleum vapor pressure, said agent vapor pressure, said flow rate and said allowable vapor pressure;
   e) blending said agent stream and said petroleum stream at said blend ratio to provide a blended petroleum stream wherein the blended vapor pressure is less than or equal to said allowable petroleum vapor pressure; and
   f) measuring vapor pressure of the blended petroleum stream.

17. The method of claim 16, further comprising:

   a) withdrawing agent from said agent stream; and
   b) measuring sulfur content of said agent withdrawn from said agent stream.



The Honorable Richard G. Andrews
April 27, 2022
Page 2

Judge Lake concluded that these claims are directed to the abstract ideas of "data collection and processing to blend butane into gasoline"; "blending based on data"; and "blending gasoline and butane using conventional methods." *Id.* at 25-26.  Judge Lake further concluded that the claims fail to recite an "inventive concept" sufficient to make the claims patent eligible. *Id.* at 28.

Pending before the Court is Defendants' Rule 52(c) Motion of Invalidity of the Asserted Claims Under 35 U.S.C. Section 101.  D.I. 794.  Defendants argue that in their Rule 52(c) motion that all asserted claims at trial are invalid under § 101, including the sole asserted claim 3 of the '686 patent.  Claim 3 depends from claim 1.  Both are presented below:

1. A method for in-line blending of gasoline and a volatility modifying agent comprising:
    a) providing a continuously flowing gasoline stream that comprises
        i) a plurality of batches of different gasoline types;
        ii) a gasoline flow rate that varies over time; and
        iii) a plurality of gasoline vapor pressures;
    b) providing an allowable vapor pressure;
    c) providing a stream of said agent that comprises an agent vapor pressure;
    d) periodically determining said gasoline vapor pressure;
    e) periodically determining said gasoline flow rate;
    f) calculating a blend ratio based upon said agent vapor pressure, said gasoline vapor pressure, and said allowable vapor pressure; and
    g) blending said agent stream and said gasoline stream at a blending unit at said blend ratio to provide a blended gasoline stream having a blended vapor pressure less than or equal to said allowable vapor pressure.

3. The method of claim 1, further comprising:
    a) providing a first information processing unit (IPU) on which said calculating is performed;
    b) providing a second IPU which generates pulses of flow rate data;
    c) transmitting said flow rate data to said first IPU; and
    d) calculating a blend rate on said first IPU based upon said flow rate data from said second IPU.



The Honorable Richard G. Andrews
April 27, 2022
Page 3

The parties finished briefing on Defendants' motion on April 8, 2022.  Defendants are prepared to provide supplemental briefing on the Texas Case decision if that is useful to the Court.  Defendants can also address the case at oral argument on the pending motions, if the Court holds a hearing.

                                                 Respectfully submitted,

                                                 */s/ Nitika Gupta Fiorella*

                                               Nitika Gupta Fiorella (#589)

Attachment
cc:     Counsel of Record – via ECF