PHILLIPS, McLAUGHLIN & HALL, P.A.

JOHN C. PHILLIPS, JR.
LISA C. McLAUGHLIN+
JAMES P. HALL
DAVID A. BILSON***
MEGAN C. HANEY
TODD L. GOODMAN
PAUL S. SEWARD***

ALSO MEMBER OF
*PENNSYLVANIA BAR
**NEW JERSEY BAR
+MARYLAND BAR

ATTORNEYS AT LAW
PENNSYLVANIA AVE. AND BROOM ST.
1200 N. BROOM STREET
WILMINGTON, DELAWARE 19806

(302) 655-4200
(302) 655-4210 (F)
pgmhlaw.com

August 9, 2022

**VIA CM/ECF**
The Honorable Richard G. Andrews
United States District Court for the District of Delaware
844 King Street
Wilmington, Delaware 19801

      Re:    *Sunoco Partners Marketing & Terminals L.P. v. Powder Springs Logistics, LLC, et al.,* C.A. No. 17-1390-RGA

Dear Judge Andrews:

      We write on behalf of Sunoco to respectfully request that the Court strike Exhibits A–G (D.I. 841-1 to 841-7) attached to Defendants' Proposed Findings of Fact, as well as all references to Exhibits A–G in Defendants' Proposed Findings of Fact (D.I. 840).[1]

      Following the August 3, 2022 hearing, the Court ordered the parties to submit "proposed findings of fact, **with citations to the record**, regarding whether" certain claimed steps "were well-understood and conventional activities at the relevant priority date." D.I. 836 (emphasis added). Defendants' Proposed Findings of Fact (D.I. 840) were not limited to "citations to the record." Instead, Defendants attempt to *add* Exhibits A–G to the record, despite them not being part of the trial record or the record of this case, and then to cite these newly-added exhibits as support for approximately one-half of their proposed findings of fact. *See* D.I. 840, ¶¶ 9, 13, 17–25. Sunoco respectfully requests that the Court strike Exhibits A–G and all references to Exhibits A–G in Defendants' Proposed Findings of Fact.

      Defendants' Exhibits A–G almost entirely pertain to the prior art Kerr-McGee system, which was used as an invalidity reference at the U.S. Venture trial in Illinois but not at trial here. Defendants had ample opportunity to introduce evidence about the Kerr-McGee system into this trial record (including Exhibits A–G), but chose not to do so. Indeed, Defendants chose to abandon their reliance on the Kerr-McGee system and to rely only on the alleged Williams and TransMontaigne systems for invalidity purposes at trial. Trial Tr., 1145:3–16, 1157:9–18. At the close of evidence, the jury found that Defendants' alleged Williams and TransMontaigne systems were not prior art and that none of the claims were invalid as obvious over the prior art in the

---

[1] Pursuant to ¶ 10 of the Scheduling Order (D.I. 83), Defendants' Exhibits A–G are attached as Exhibits 1–7, and the references to these exhibits in Defendants' Proposed Findings of Fact are highlighted in the attached Exhibit 8. Further, on August 9, 2022, the parties met and conferred in a good-faith attempt to resolve this dispute, but were unable to reach a resolution.

record, but the jury did not make any findings on the Kerr-McGee system because Defendants did not rely on that system during this trial. D.I. 744, 6–7. In Defendants' post-trial motion of invalidity under § 101—the *third* § 101 motion filed in this case—Defendants *still* did not attach any of this information related to the Kerr-McGee system, and despite having 30 pages of post-trial § 101 briefing, Defendants made only a passing reference in one sentence to "a prior art blending system" that was at issue in the Illinois case. *See* D.I. 794, 14. At the August 3, 2022 hearing on Defendants' post-trial motions, Defendants made no reference to the Kerr-McGee system.

The first time Defendants sought to introduce and rely on this information related to the Kerr-McGee system was when Defendants filed their proposed findings of fact on August 8. However, this was improper because Defendants never relied on this information regarding the Kerr-McGee system at trial or in their § 101 briefing, and the Court limited the parties to submitting "proposed findings of fact, **with citations to the record**." The Court did not open the record for submission of new evidence. Courts in this District have stricken evidence from the record in circumstances far less egregious than here. *See, e.g.*, *TruePosition Inc. v. Andrew Corp.*, No. 05-747-SLR, 2008 WL 205305, at *2 (D. Del. Jan. 23, 2008) (granting motion to strike new evidence attached to post-trial motion as "the time for gathering and presenting rebuttal evidence … has come and gone"); *Aventis Pharma S.A. v. Hospira, Inc.*, 743 F. Supp. 2d 305, 362 n.1 (D. Del. 2010), *aff'd*, 675 F.3d 1324 (Fed. Cir. 2012) (denying motion to strike as moot but explaining that "[t]he parties' post-trial briefs should be based only on evidence actually presented at trial, and not any evidence that could have been presented at trial"); *Alza Corp. v. Andrx Pharms., LLC*, 607 F. Supp. 2d 614, 622 (D. Del. 2009), *aff'd in part*, 603 F.3d 935 (Fed. Cir. 2010) (granting motion to strike portions of defendants' post-trial proposed findings of fact related to invalidity under § 112 where "Defendants did not meaningfully introduce any evidence on written description at trial" or "in pre-trial briefing").

Accordingly, Sunoco respectfully requests that the Court strike Defendants' Exhibits A–G and all statements referring or relying on Exhibits A–G in Defendants' Proposed Findings of Fact.

Respectfully submitted,

*/s/ John C. Phillips, Jr.*

John C. Phillips, Jr. (No. 110)

cc:   All counsel of record (via CM/ECF & Email)