

Fish & Richardson P.C.
222 Delaware Avenue
17th Floor
P.O. Box 1114
Wilmington, DE 19899-1114

302 652 5070 main
302 652 0607 fax

**BY CM/ECF**

August 10, 2022

**Nitika Gupta Fiorella**
Principal
fiorella@fr.com
+1 302 778 8461  direct

The Honorable Richard G. Andrews
United States District Court
  For the District of Delaware
844 King Street
Wilmington, Delaware 19801

Re:   *Sunoco Partners Marketing & Terminals L.P. v. Powder Springs Logistics, LLC et al.*
      C.A. No. 17-1390-RGA (D. Del.)

Dear Judge Andrews:

We write in response to Sunoco's letter brief and accompanying motion to strike filed on August 9, 2022 (D.I. 843, 844). Defendants' proposed findings of fact comply with both the parties' agreement in the pretrial order in this case and the Court's order that the parties submit such findings of fact. Defendants thus respectfully request the Court deny Sunoco's motion.

In the pretrial order, the parties expressly agreed that the outstanding 35 U.S.C. § 101 issue was an issue "for the Court to determine." D.I. 709 at ¶ 47. As such, neither party presented specific evidence on the § 101 issue at trial, instead devoting the limited allotted trial time to jury issues. Indeed, as counsel explained at the August 3rd hearing, the post-trial briefing and hearing effectively acted as a bench trial on this issue, meaning that the Court was and is free to find facts related to the § 101 issue at this stage. *See* Tr. at 49:11-50:6. Notably, Sunoco did not dispute Magellan counsel's explanation or otherwise object to the Court finding facts at this stage. *See generally id*. at 78:11-100:23. Defendants' reliance on evidence not presented to the jury is thus entirely proper under the parties' pretrial agreement.

The Court's order similarly did not limit the parties to evidence from the ***trial*** record, requiring only that the parties submit "proposed findings of fact, with citations to the record" on whether the claimed blending steps were well-understood and conventional. D.I. 840. Indeed, while the jury trial record has much useful information, it by definition is not all of it, as the parties agreed to handle this issue separate from the jury trial. Consistent with the parties' agreement, the discussion at the August 3rd hearing on this issue, and the Court's reference to the "record" generally, Defendants provided the Court with the universe of facts—largely from Sunoco's own witnesses and documents—showing that the longstanding practice of manual blending utilizes the claimed blending steps.



The Honorable Richard G. Andrews
August 10, 2022

Specifically, Defendants provided factual findings from the case record, as well as corroborating evidence in the form of (i) sworn testimony from both named inventors from the *U.S. Venture* litigation; (ii) admissions from Sunoco related to the Kerr-McGee system's operation; (iii) two court opinions in the *U.S. Venture* litigation to which Sunoco was a party finding claims from the asserted patents that recite many of the same blending steps described in the Court's order anticipated by the Kerr-McGee system; (iv) additional prosecution documents with details of the Kerr-McGee system; and (v) testimony from Mr. Benavides who worked at Kerr-McGee about the operation of that system. Sunoco's motion seeks to strike all of these categories of evidence, aside from the *U.S. Venture* court opinions.[1]

Notably, Sunoco does not dispute that the cited evidence is consistent with and corroborates the evidence in this case's record on how manual blending was performed before the claimed invention. Indeed, Sunoco's proposed findings of fact included only a single paragraph on manual blending operations predating the claimed invention, (D.I. 839 at ¶ 6), and do not even attempt to show that the blending steps described in the Court's order were not utilized in such manual blending operations. Further, Sunoco raises no objections under the Federal Rules of Evidence, and does not allege any prejudice from Defendants' citation to, or this Court's consideration of, such consistent and corroborating evidence.[2]

Instead, Sunoco simply says Defendants should have raised information related to the Kerr-McGee system in their § 101 briefing. As an initial matter, Defendants did refer to Kerr-McGee in both their briefing and at the August 3rd hearing, by arguing that the *U.S. Venture* anticipation decision supports the fact that a manual blending system of the type described in claim 1 of the '302 patent was known prior to the claimed invention. D.I. 794 at 14; Tr. at 55:1-56:10, 100:25-101:18. Beyond that, Sunoco's own representations and evidence up to this point (as detailed in Defendants' proposed findings of fact) indicated there was no dispute between the parties over how manual blending systems operated, so there was no need for Defendants to provide additional description of Kerr-McGee, or any other prior blending system, in their § 101 briefing.

---

[1] Defendants note that Sunoco does not move to strike the findings of fact that rely on excerpts of the Kerr-McGee documents from the prosecution history of the '948 patent (which is a continuation of the '686 patent) that are in the record. *See* D.I. 844, Ex. 8 at ¶¶ 16-19, 23, 25. Defendants' Exhibit B simply includes additional pages from the '948 prosecution that were not previously included in the excerpts.

[2] Indeed, the Court can take judicial notice of the record from the *U.S. Venture* litigation, as it is a prior related proceeding. *See Clear With Computers, LLC v. Hyundai Motor Am., Inc.*, C.A. No. 6:09-cv-479, 2012 WL 8144915, at *12 (E.D. Tex. Jan. 9, 2012), *aff'd*, 496 F. App'x 88 (Fed. Cir. 2013) (in ruling on a bench issue after jury trial, denying motion to strike evidence introduced in post-trial findings of fact taken from a prior proceeding, noting that "[a] court may take judicial notice of the record in prior related proceedings and draw reasonable inferences therefrom." (quoting *CitiFinancial Corp. v. Harrison*, 453 F.3d 245, 249 n. 3 (5th Cir. 2006))).



The Honorable Richard G. Andrews
August 10, 2022

It was not until the August 3rd hearing that Sunoco's counsel, for the first time, alleged that whether the steps involved in manual blending were known or conventional was "hotly disputed."  Tr. at 83:22-84:1.  Critically, Sunoco never raised this issue in any of the other prior rounds of § 101 briefing, including the latest round.  See D.I. 45; D.I. 145; D.I. 405 at 36-40; D.I. 811.  Thus, while Sunoco faults Defendants for not attaching any of the Kerr-McGee information to its latest § 101 brief, the reason for that is clear—despite being on clear notice of Defendants' position that the claims describe conventional manual blending activities, and simply add a computer, the first and only time that Sunoco challenged Defendants' description of manual blending was at the August 3rd hearing.  As a result of Sunoco's new argument, the only opportunity for Defendants to submit additional, consistent evidence of manual blending operations was in their proposed findings of fact, so that is what they did.

Sunoco's cases are inapposite.  As an initial matter, in two of the three cases Sunoco relies on—*Aventis* and *Alza*—all issues were tried to the bench, so the Court unsurprisingly held that all evidence on all issues had to be presented at trial to be considered for post-trial motions.  *See Aventis Pharma S.A. v. Hospira, Inc.*, 743 F. Supp. 2d 305 (D. Del. 2010); *Alza Corp. v. Andrx Pharms., LLC*, 607 F. Supp. 2d 614 (D. Del. 2009).  Here, a jury trial was held separately from equitable issues including § 101, and the parties expressly agreed that § 101 would be determined by the Court after trial.  D.I. 709 at ¶ 47.  In *TruePosition*, defendant's counsel affirmatively represented that the evidence it intended to present to the jury in connection with its fraud claim was the same that the court needed to adjudicate defendant's equitable defenses.  *TruePosition Inc. v. Andrew Corp.*, C.A. No. 1:05-cv-747-SLR, 2008 WL 205305, at *1 (D. Del. Jan. 23, 2008).  Thus, the Court restricted the post-trial briefing on these issues to the trial record.  *Id*.  Further, the evidence defendant tried to enter was rebuttal evidence, calling into question the veracity of plaintiffs' statements, and included new declarations that "postdate[d] the jury verdict."  *Id*. at *2.  No such facts exist here.

Simply put, Sunoco's complaint rings hollow given that it has not disputed any of the facts it seeks to strike and has not articulated any prejudice that it claims may result to it if the Court does consider this evidence.  Indeed, Sunoco was a party to the proceedings in which all of the evidence it seeks to strike was generated and has long known these facts exist; it would be unfair to exclude this evidence given that the parties agreed without limitation that the § 101 issues were reserved for the Court to separately address after trial and focused their trial presentations solely on the jury issues.

But, even if the Court were to grant Sunoco's motion, it would not change the outcome, as more than ample evidence from the record otherwise exists and is identified in Defendants' proposed findings of fact to show that the claimed blending steps recited in the Court's order were well-understood and conventional activities before February 2001.  See D.I. 844, Ex. 8 (identifying limited portions of Defendants' proposed findings of fact that Sunoco moves to strike).  For example, the evidence in the specification of the '302 and '629 patents regarding the historical



The Honorable Richard G. Andrews
August 10, 2022

practice of manual blending at tank farms and methods for calculating blend ratios and rates, coupled with the testimony in this case from Dr. Kytomaa and the inventors that these manual blending operations utilized the claimed blending steps, and the documents in the record showing that Kerr-McGee's Nashville system utilized the claimed blending steps as well, shows that the claimed blending steps were conventional activities.  The evidence Sunoco seeks to strike is important and corroborative, and underscores what should be the undisputed nature of these facts.

Defendants thus respectfully request that the Court (i) deny Sunoco's motion and find the claimed blending steps described in the Court's order were well-understood, conventional activities before the priority date for the claimed invention; or (ii) in the alternative, rely only on Defendants' proposed  findings not currently disputed (*see* D.I. 844, Ex. 8) to find the claimed blending steps described in the Court's order were well-understood, conventional activities before the priority date for the claimed invention based on that evidence, and deny Sunoco's motion as moot.

Respectfully submitted,

*/s/ Nitika Gupta Fiorella*

Nitika Gupta Fiorella (No. 5898)

cc:   Counsel of Record – by CM/ECF and e-mail